# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
# (GREENBELT DIVISION)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **TRUDAH A. HARDING** | ) | Case No. 25-11103 MCR |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| * * * * * * * * * * * * | * | |
| | ) | |
| **CHARITY AT ITS BEST** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **TRUDAH A. HARDING** | ) | |
| | ) | |
| Respondent. | ) | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## AS TO THE PROPERTY KNOWN AS
## 13604 Canal Vista Court, Potomac, MD 20854

Charity At Its Best ("Movant"), by and through its undersigned counsel, hereby moves for relief from the automatic stay (the "Motion"), pursuant to 11 U.S.C. §§ 105(a) and 362(d), and Rules 4001 and 9014 of the Bankruptcy Rules, and states as follows:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157, 11 U.S.C. § 362, and Bankruptcy Rule 4001.

2. The Movant is a secured creditor of the Debtor, Trudah A. Harding ("Debtor") who has two claims against the Debtor.

3. Creditor's first claim is based upon that certain Commercial Flat Rate Note with Balloon Payment dated December 8, 2017 (the "First Note") executed by the Debtor in favor of Hard Money Bankers, LLC.

4. Repayment of the First Note is secured by that certain Deed of Trust, Assignment of Rents and Security Agreement dated December 8, 2017, and recorded in Book 55536, at Page 70, among the Land Records of Montgomery County, Maryland (the "First Deed of Trust") against the property located at 13604 Canal Vista Court, Potomac, MD 20854 (the "Property").

5. The First Note was assigned to Movant pursuant to that certain Allonge dated March 31, 2022 ("First Note Allonge"). A true and correct copy of the First Note Allonge is attached hereto as **Exhibit 1**.

6. The First Deed of Trust was assigned to Movant pursuant to that certain Assignment of Deed of Trust dated March 31, 2022 (the "First DOT Assignment"). A true and correct copy of the First DOT Assignment is attached hereto as **Exhibit 2**.

7. Creditor's first claim is supported by Creditor's Proof of Claim filed on April 21, 2025. *See* Claim 2 (the "First Claim").

8. The Creditor's second claim is based upon that certain Commercial Flat Rate Note with Balloon Payment (the "Second Note") dated December 8, 2017 executed by the Debtor in favor of Hard Money Bankers, LLC.

9. Repayment of the Second Note is secured by that certain Deed of Trust, Assignment of Rents and Security Agreement dated December 8, 2017, and recorded in Book 55536, at Page 94 among the Land Records of Montgomery County, Maryland (the "Second Deed of Trust") against the Property.

10. The Second Note was assigned to Movant pursuant to that certain Allonge dated March 31, 2022 ("Second Note Allonge"). A true and correct copy of the Second Note Allonge is attached hereto as **Exhibit 3**.

11.     The Second Deed of Trust was assigned to Movant pursuant to that certain Assignment of Deed of Trust dated March 31, 2022 (the "Second DOT Assignment"). A true and correct copy of the Second DOT Assignment is attached hereto as **Exhibit 4**.

12.     The Creditor's second claim is supported by Creditor's Proof of Claim filed on April 21, 2025. *See* Claim 3 (the "Second Claim," together with the First Claim, the "Claims").

13.     The Debtor is in breach under the terms of both the First Note and the Second Note (together, the "Notes") as both Notes matured on January 1, 2019.

14.     Accordingly, April 2, 2024, an Order to Docket Foreclosure Case of Residential Property was filed against the Property in the Circuit Court for Montgomery County, Maryland in Case No. C-15-CV-24-001508 (the "Foreclosure Case").

15.     A foreclosure sale of the Property was thereafter scheduled for February 13, 2025.

16.     However, on February 10, 2025 (the "Petition Date"), the Debtor filed for relief under Chapter 13 of the Bankruptcy Code in the above-captioned case, preventing the Movant from continuing with foreclosure efforts.

17.     As of the Petition Date, the amount due under the First Note and First Deed of Trust was $1,104,295.42, as broken down as follows:

| | |
|---|---|
| Principal | $ 415,000.00 |
| Interest | $ 668,710.41 |
| Late Fees | $ 7,470.00 |
| Unpaid Charges | $ 13,115.01 |
| TOTAL | $1,104,295.42 |

18. As of the Petition Date, the amount due under the Second Note and Second Deed of Trust was $533,098.01, as broken down as follows:

| | |
|---|---|
| Principal | $155,000.00 |
| Interest | $249,749.59 |
| Penalty Fee | $ 15,500.00 |
| Property Tax Advance | $112,848.42 |
| TOTAL | $533,098.01 |

19. Interest continues to accrue at a rate of 24% under both Notes, which constitutes post-petition arrears.

20. Cause exists under 11 U.S.C. § 362(d)(1) to grant the Movant relief from the automatic stay.

21. Movant lacks adequate protection and continues to be harmed by the continuation of the stay of 11 U.S.C. § 362(a), as the Movant cannot enforce its rights under the Notes, the First Deed of Trust or the Second Deed of Trust (together, the "Deeds of Trust") against the Property, despite the fact that such Notes matured in 2019.

22. Upon information and belief, the Debtor is delinquent over $85,000.00 in real property taxes for the Property, which puts Creditor's security against the Property at risk. A current screenshot of real property tax balances with respect to the Property is attached hereto as **Exhibit 5**.

23. The Debtor also completely omitted her ownership of the Property from her Schedule A/B Property. *See* Doc. 23 at 3.

24. Further, although a confirmation hearing has not yet been held in this case, the Debtor does not demonstrate an ability to repay Creditor's Claims through a chapter 13 plan.

25. The Debtor reports a current net monthly income of $953.00. *See* Doc. 23 at 26.

26. Even assuming *arguendo* that the Debtor agrees to pay $953.00 into a plan for sixty months, the maximum amount the Debtor can contribute to a plan is $57,180.00 (the "Maximum Funding").

27. The Maximum Funding does not even cover the overdue taxes on the Property, let alone pay a de minimums amount on either of Creditor's Claims.

28. Therefore, cause exist for termination of the automatic stay under 11 U.S.C. § 362(d)(1).

29. Movant shall rely on this Motion and no memorandum of law or fact shall be filed.

**WHEREFORE**, Movant prays that an Order be entered:

A. Terminating the automatic stay of 11 U.S.C. § 362(a) with respect to the Property;

B. Authorizing Movant to exercise all rights against the Property under Movant's Notes and Deeds of Trust; and

C. Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

**SHULMAN ROGERS, P.A.**

By:  /s/ Rebekah F. Paradis
Rebekah F. Paradis (Bar No. 30948)
Benjamin P. Smith (Bar No. 17680)
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854
TEL:   (301) 230-5257 (Paradis)
           (301) 230-5241 (Smith)
FAX:   (301) 230-2891
Email: rparadis@shulmanrogers.com
           bsmith@shulmanrogers.com

*Attorneys for Movant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of May, 2025, the following parties received via electronic case filing this **Motion for Relief** and **Notice of Motion**:

**Rebecca A. Herr**                            ecf@ch13md.com
*Chapter 13 Trustee*

I further certify that on this 12th day of May, 2025, I caused to be mailed by first class mail, postage prepaid, copies of this **Motion for Relief** and **Notice of Motion** to the following:

Trudah A. Harding
13604 Canal Vista Court
Potomac, MD 20854
*Debtor*

                                               /s/ Rebekah F. Paradis
                                               Rebekah F. Paradis