UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re ) | |
| ) | |
| Trudah A. Harding ) | |
| ) | No. 25-11103-MCR |
| Debtor. ) | Chapter 13 |
| ) | |

**DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM STAY**

NOW COMES Debtor, through counsel, and responds as follows to the Motion for Relief from Stay filed by "Charity at its Best" (Doc. #46).

1. Debtor admits that this Court has jurisdiction.

2. Debtor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and therefore denies the same.

3. Debtor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and therefore denies the same.

4. Debtor admits the existence of said deed of trust but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 and therefore denies the same.

5. Debtor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and therefore denies the same.

6. Debtor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and therefore denies the same.

7. Debtor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies the same.



8. Debtor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and therefore denies the same.

9. Debtor admits the existence of said deed of trust but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 and therefore denies the same.

10. Debtor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and therefore denies the same.

11. Debtor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies the same.

12. Debtor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies the same.

13. Debtor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies the same.

14. Admitted.

15. Admitted.

16. Admitted.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Admitted that the pro se debtor so omitted the Property because she understood incorrectly that scheduling the debt was sufficient; the schedules will be promptly amended.

24. Denied.

25. Denied as stated. "Current Monthly Income" is not shown on Schedule J.

26. Denied.

27. Denied.

28. Denied.

29. Debtor can neither admit or deny statements as to what Movant intends to do.

<u>Separate and Affirmative Defenses</u>

1. The property at issue is necessary to an effective reorganization.

2. Movant is adequately protected by the equity in the property. The total claim of Movant, if allowed, is less than $1,638,000. The phased-in tax assessment is $2,397,900. Zillow reports a value of $2,121,600.

3. Movant does not exist or is not authorized to transact business in the State of Maryland, and would appear to lack the licenses necessary to engage in collection of debts secured by residential real estate in Maryland, rendering movant's deeds of trust void.

4. The interest claimed is usurious.

WHEREFORE, Debtor respectfully requests that the Motion be denied.

Respectfully submitted,

/s/ Daniel M. Press
Daniel M. Press, #07300
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
(703) 734-0590 fax
dpress@chung-press.com
Counsel for Debtor

## CERTIFICATE OF SERVICE

This is to certify that on this 27th day of May, 2025, I caused the foregoing Response to be served by CM/ECF upon:

Rebecca Herr, Trustee ecf@ch13md.com

Rebekah Paradis rparadis@shulmanrogers.com

/s/ Daniel M. Press
Daniel M. Press

4