UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re ) | |
| ) | |
| Trudah A. Harding ) | |
| ) | No. 25-11103-MCR |
| Debtor. ) | Chapter 13 |
| ) | |

### DEBTOR'S MOTION TO RECONSIDER (ALTER OR AMEND) ORDER GRANTING MOTION FOR RELIEF FROM STAY

NOW COMES Debtor, through counsel, and respectfully moves pursuant to Bankr. R. 9023/FRCP 59 for an Order reconsidering, altering and amending the Court's Order (Doc. #63) granting the Motion for Relief from Stay filed by "Charity at its Best" (Doc. #46).

1.   Jurisdiction over this matter is proper pursuant to 28 U.S.C. § 1334(b) as a civil proceeding arising under Title 11 or arising in a case under Title 11.  As a matter concerning a motion to terminate, annul, or modify the automatic stay, this constitutes a core proceeding. 28 U.S.C. § 157(b)(2)(G).

2.   Creditor filed its Motion for Relief from Stay on May 12, 2025, serving Debtor by mail.   Debtor filed a response on May 23 and an amended response on May 27.

3.   On or about June 10, 2025, Debtor was advised by both the Clerk and the Trustee that "all matters" were being continued to August 5, 2025.   The docket entry on that date reflects that terminology.   While an experienced attorney might have recognized that this pertained only to "all matters" scheduled for that day, Debtor

understood that to mean the stay relief motion as well.  She even confirmed her understanding that "all matters" were continued with the Clerk's office, although it is likely this was also a miscommunication.

4. As a result, Debtor did not attend the hearing on June 12, as she understood that it was continued to August 5.

5. Meanwhile, Debtor sought to retain counsel.  The undersigned sent Debtor a retainer agreement and, due to the urgency to file a response, a draft response to the motion for relief from stay (for her review) on May 26 (the due date).  However, apparently due to a misdirected email, undersigned did not receive a response and saw that Debtor had filed her own opposition to the motion.  (Debtor filed that draft response as an exhibit to her *pro se* Motion to Reconsider (Doc. #66), but the Clerk erroneously filed it as a separate document (Doc. #65)).  Debtor does now incorporate that response to the Motion herein.

6. Had Debtor been aware that the hearing was proceeding and been there to make her case, it is highly likely that the Court would have denied the motion.  The Creditor is adequately protected by the equity in the property.  The total claim of Creditor, if allowed, is less than $1,638,000.  The phased-in tax assessment is $2,397,900.  Zillow reports a value of $2,121,600.  That is a sufficient equity cushion to allow Debtor time to sell or refinance her home (she has been preliminarily approved for a reverse mortgage in an amount sufficient to satisfy the claim).

7. Further, it appears from a review of the online records of the Department of Assessments and Taxation that the Creditor at issue does not exist or is not authorized to transact business in the State of Maryland, and would appear to lack the licenses

necessary to engage in collection of debts secured by residential real estate in Maryland, rendering its deeds of trust void.   And in any event, the interest claimed is usurious.

8.     Debtor is willing to sell the property at issue if need be to preserve her equity, but it is her home and she can refinance it.  She also has a free and clear rental property in the District of Columbia that is on the market to be sold.  While it will not fully satisfy Creditor's claim (if allowed), it will substantially pay it down, providing additional adequate protection of its security.

9.     Debtor should not lose her home over a miscommunication.   She should be given an opportunity to present her case why the Motion for Relief should have been denied.

WHEREFORE, Debtor respectfully requests that this Motion to reconsider, alter or amend be granted, and that the Motion for Relief from Stay be denied.

Respectfully submitted,

 /s/ Daniel M. Press
Daniel M. Press, #07300
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
(703) 734-0590 fax
dpress@chung-press.com
Counsel for Debtor

**CERTIFICATE OF SERVICE**

       This is to certify that on this 3rd day of July, 2025, I caused the foregoing Motion to be served by CM/ECF upon:

Rebecca Herr, Trustee ecf@ch13md.com

Rebekah Paradis rparadis@shulmanrogers.com

And by first class mail, postage prepaid, to:

CHARITY AT ITS BEST
6000 S Fashion Blvd. Suite 102
Murray, Utah 84107

                                                                          /s/ Daniel M. Press
                                                                         Daniel M. Press