# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (GREENBELT DIVISION)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TRUDAH A. HARDING | ) | Case No. 25-11103 MCR |
| | ) | (Chapter 13) |
| Debtor. | ) | |

## OPPOSITION TO DEBTOR'S MOTIONS TO RECONSIDER

Charity At Its Best ("Creditor"), by and through its undersigned counsel, hereby opposes the Motion to Reconsider Order Granting Creditor's MFR [Doc. 66] (the "Debtor's Motion to Reconsider") filed by Debtor, Trudah A. Harding ("Debtor") on June 30, 2025, and the Motion to Reconsider (Alter or Amend) Order Granting Motion for Relief from Stay filed by Debtor's counsel on July 3, 2024 [Doc. 68] ("Second Motion to Reconsider") and states as follows:

1. On June 30, 2025, the Debtor filed three documents related to Creditor's previously filed Motion for Relief from Stay [Doc. 46] (the "MFR"), despite the fact that relief has already been granted in favor of the Creditor [Doc. 63]: (1) Response on Behalf of Debtor to Creditor's MFR [Doc. 65] (the "Response"); (2) the Debtor's Motion to Reconsider; and (3) Motion to Sell and/or Refinance [Doc. 67].

2. Creditor must highlight that the Debtor apparently filed the Response on behalf of an attorney, Daniel M. Press, Esq. ("Mr. Press"). *See* Doc. 65.

3. The Response contains the electronic signature of Mr. Press and contains a Certificate of Service stating that service was effectuated May 27, 2025. *See* Doc. 65.

4. However, no such response was filed by an attorney on May 27, 2025.

5. While the Debtor states that a "copy of the Response to the Motion for Relief from Stay, written by my attorney" was attached to the Motion to Reconsider, this filing does not appear as an exhibit and instead appears on the docket as a separate entry. *See* Docs. 65, 66.

6. Further, counsel for the Debtor requests that the Response be incorporated in the Second Motion to Reconsider. *See* Doc. 68.

7. If the Response was truly an exhibit, as suggested by both the Debtor and her counsel, the Response should not be treated as an independent filing.

8. If the Response was meant to be an independent filing, it should be stricken from the record as it was filed by a pro se party on behalf of an attorney with an invalid certificate of service.

9. Nevertheless, the Creditor opposes the Debtor's Motion to Reconsider and the Second Motion to Reconsider.

10. While the Debtor claims that she was not given an opportunity to contest the MFR, such assertion is incorrect.

11. The Debtor filed two responses to the Creditor's MFR. *See* Docs. 56, 58.

12. A hearing was held on the Creditor's MFR on June 12, 2025, at 10:00 AM (the "MFR Hearing").

13. Counsel for the Creditor appeared. The Debtor did not appear. *See* Doc. 62.

14. The Debtor attempts to claim that she was unaware that the MFR Hearing was continuing due to alleged conversations with the clerk on June 10, 2025. *See* Doc. 68 at ¶ 3-4.[1]

---

[1] Interestingly, this assertion is contained only in the Second Motion to Reconsider and not the Debtor's Motion for Reconsider.

15. However, undersigned counsel attempted to call the Debtor and sent her an email the day before the hearing (the "June 11 Email"). A true and correct copy of the June 11 Email is attached hereto as **Exhibit 1**. *See* also Doc. 62.

16. In the email, undersigned counsel states, "I just left you a voicemail *in regards to the motion for relief hearing scheduled for tomorrow (6/12/2025).*" *See* Exhibit 1 (Emphasis added).

17. Even though the Debtor provides no proof of her assertion, assuming *arguendo* that a clerk informed her that the MFR Hearing had been postponed, undersigned counsel's later in time voicemail and email put the Debtor on notice that the MFR Hearing was occurring on June 12, 2025.

18. Nevertheless, the Debtor's Motion to Reconsider and the Second Motion to Reconsider all ignore the reasons this Court granted Creditor's MFR.

19. Relief was granted pursuant to 11 U.S.C. § 362(d)(1), due to the Debtor's failure to pay three years of real property taxes on the property known at 13604 Canal Vista Court, Potomac, MD 20854 (the "Property"). *See* Doc. 62.

20. In the Debtor's Motion to Reconsider and the Second Motion to Reconsider, the Debtor does not address her failure to pay three years of real property taxes. She states merely that there is equity in the Property and that she has qualified for a loan. *See* Doc. 66; *see also* Doc. 68 at ¶ 6.

21. Now that 2025 taxes have been processed, Creditor's security against the Property is at even greater risk. A true and correct copy of the Montgomery County Real Property tax records as of July 7, 2025, is attached as **Exhibit 2**.

22. The Debtor now owes an additional $27,002.96 in taxes on the Property for 2025, and fees related to delinquent property taxes for 2022, 2023, and 2024 have increased. *Compare* Exhibit 2, *with* Doc. 45 at Exhibit 5.

23. This Court determined that the failure to keep the real property tax current on the Property constitutes good cause to lift the automatic stay of 11 U.S.C. § 362(a). *See* Doc. 62.

24. As the Debtor has not paid the delinquent property tax, there is no sufficient justification to reimpose the automatic stay.

25. Additionally, in support of the Debtor's Motion to Reconsider, the Debtor filed several letters purporting to be from a housing counselor with First Home Alliance, two separate real estate agents, and a loan officer with Nationwide Equities.

26. It is concerning that none of these letters are on company letterhead or have any indicia of authenticity.

27. The Debtor has not filed an application to employ a real estate agent related to a sale of either the Property or 619 Allison Street NW, Washington, DC 20011 (the "DC Property").

28. Thus, it is likely that the Debtor's assertion that she "is willing to sell" either the Property or the DC Property is merely a delay tactic. *See* Doc. 68.

29. The Debtor does not cite to any statute or case law requiring the Creditor register with the Department of Assessments and Taxation, or point to any authority which would require the Creditor to hold a specific license related to the Creditor's deeds of trust against the Property.

30. In fact, the Debtor is incorrect with respect to this issue. The holder of a note or deed of trust, an entity that forecloses a deed of trust, and an entity that acquires title to property secured by a deed of trust, does not need to register as a foreign entity in Maryland because these

activities do not constitute doing business in Maryland. *See* Md. Code Corps. and Assoc. §§ 7-202 and 4A-1009.

31. The undersigned speculates that the Debtor is attempting to make some form of consumer protection argument in making arguments related to loan licensure and business registration.

32. Such arguments are barred and were already decided by this Court's Order entered in Case No. 19-00350 ("Prior Lawsuit") in which repayment of the debts now owed to the Creditor were confirmed on the terms of the loan documents as written.

33. The Debtor's arguments are also made in incredibly bad faith, as Debtor is well aware that she personally selected, with the assistance of counsel, the Creditor to acquire the debts she now seems to want to dispute again. *See* Doc. No. 82 in the Prior Case, a true and correct copy of which is attached hereto as **Exhibit 3**.

34. The Debtor has already been given sufficient time to contest the MFR, and similarly has been given sufficient time to effectuate a sale of either the Property or the DC Property to repay the indebtedness owed to Creditor.

35. The Creditor repeatedly voluntarily delayed foreclosure to allow the Debtor to sell or refinance and the Debtor has continued for more than three years to not take any steps to sell or refinance the Property.

36. This case has been pending for almost five months without any meaningful progress. *See* Doc. 1.

37. The notes secured by the Deeds of Trust against the Property matured in 2019. *See* Claims 2-3.

38.     Therefore, the Creditor respectfully requests that the Debtor's Motion to Reconsider and the Second Motion to Reconsider be denied.

**WHEREFORE**, the Creditor respectfully requests that this Honorable United States Bankruptcy Court enter an Order denying the Debtor's Motion to Reconsider and the Second Motion to Reconsider, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**SHULMAN ROGERS, P.A.**

By:     /s/ Rebekah F. Paradis
Rebekah F. Paradis (Bar No. 30948)
Benjamin P. Smith (Bar No. 17680)
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854
TEL:   (301) 230 5257 (Paradis)
             (301) 230-5241 (Smith)
FAX:   (301) 230-2891
Email: rparadis@shulmanrogers.com
             bsmith@shulmanrogers.com
*Attorneys for Creditor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of July, 2025, the following parties received via electronic case filing this **Opposition to Motions to Reconsider** and proposed **Order**:

**Daniel M. Press**  dpress@chung-press.com
*Counsel for Debtor*

**Rebecca A. Herr**  ecf@ch13md.com
*Chapter 13 Trustee*

I further certify that on this 8th day of July, 2025, I caused to be mailed by first class mail, postage prepaid, copies of this **Opposition to Motions to Reconsider** and proposed **Order** to the following:

Trudah A. Harding
13604 Canal Vista Court
Potomac, MD 20854
*Debtor*

                                                                        /s/ Rebekah F. Paradis
                                                                         Rebekah F. Paradis