IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: | |
| | |
| **TRUDAH A HARDING,** | Case No**. 25-11103-MCR** |
| | Chapter 13 |
| | |
| Debtor. | |

**TRUSTEE'S OPPOSITION TO DEBTOR'S
MOTION FOR AUTHORITY TO SELL / REFINANCE REAL PROPERTY**

Rebecca A. Herr, Chapter 13 Trustee in the above-captioned case, opposes herein to the Debtor's Motion Requesting Permission to Refinance / Sale / Obtain Loan on Real Property and for reasons states:

a.) That the Trustee advises the Court that this case has not yet been confirmed.

b.) That the Motion reference two properties. One located at 13604 Canal Vista Court, Potomac MD 20854 and the other located at 619 Allison Street, NW, Washington, DC 20011. Thus, it is unclear which property the Debtor is requesting to sell/refinance.

c.) That, if the property is to be sold, the Debtor failed to properly employ a real estate agent.

d.) That the Debtor has failed to comply with the requirements of Local Bankruptcy Rule 6004-1 and Rule 6004-2.

e.) That, pursuant to Rule 6004-1, a notice of the sale of property must include the following:

   (a) if an appraisal has been performed,

        (1) the appraised value of the asset being sold;

        (2) the date of the appraisal; and

        (3) the name and address of the appraiser;

(b) if no appraisal has been performed, the scheduled value of the asset being sold;

(c) the purchaser's identity;

(d) a full description of any relationship between the purchaser and any party in interest;

(e) a statement of all consideration paid and to be paid by the purchaser and the payment terms;

(f) a statement of the deadline for the filing of any opposition, which must be no less than twenty-one (21) days after service of the motion, plus any additional time required by Federal Bankruptcy Rules 9006(a) and (f), and computed using the Court Hearing Scheduler Program;

(g) a date selected from the Court Hearing Scheduler Program for a hearing for this type of motion;

(h) a statement that the motion may be granted and the property may be sold without further notice if a timely objection is not filed; and

(i) a statement of all charges and costs to be paid by the estate and all concessions to be made by the estate

f.) That, pursuant to Rule 6004-2, a sale of property in Chapter 13 must include the following additional information:

> (a) . . . [A] description of all liens, claims, or other interests in or against the property (including the nature of the lien, claim, or interest and the balance owed to the holder thereof).
>
> (b) . . . [T]he debtor must file and serve a notice with the motion that includes the following in the title: "AND SETTING DEADLINE TO FILE, AMEND, OR WITHDRAW PROOFS OF CLAIM." The notice must set forth the deadline for a lienholder to file, amend, or withdraw any proof of claim, which deadline must be at least twenty-one (21) days after the sale's closing date.

WHEREFORE, the Trustee moves this honorable Court to deny the Debtor's request to sell the real property without prejudice.

|  |  |
|---|---|
| Dated: July 16, 2025 | Respectfully submitted,<br>**/s/Rebecca A. Herr**<br>Rebecca A. Herr (Fed. Bar No. 29298)<br>Chapter 13 Trustee<br>185 Admiral Cochrane Dr, Ste 240<br>Annapolis, MD 21401<br>bherr@ch13md.com |

## CERTIFICATE OF SERVICE

I hereby certify that on 16th day of July, 2025, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the Trustee's Opposition will be served electronically by the Court's CM/ECF system on the following:

Daniel M. Press    dpress@chung-press.com, pressdm@gmail.com;danpress@recap.email (Debtor's Counsel)

    I hereby further certify that on 16th day of July, 2025 a copy of the Trustee's Opposition was also mailed first class mail, postage prepaid to:

Trudah A. Harding
13604 Canal Vista Court
Potomac, MD 20854
*Debtor(s)*

                   **/s/ Rebecca A. Herr**
                   Chapter 13 Trustee