IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT DIVISION)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TRUDAH A. HARDING | ) | Case No.  25-11103 MCR |
| | ) | (Chapter 13) |
| Debtor. | ) | |

OBJECTION TO CONFIRMATION OF
DEBTOR'S CHAPTER 13 PLAN

Comes now, Charity At Its Best ("Creditor"), a secured creditor, by counsel, and hereby objects (the "Objection") to the confirmation of the Chapter 13 Plan filed in this matter on July 7, 2025 [Doc. 71] (the "Plan")[1], by Debtor Trudah A. Harding ("Debtor"), and in support thereof, states as follows:

1. This Objection is filed pursuant to 11 U.S.C. §§ 1332, 1324, and 1325, and Rule 3015 of the Bankruptcy Rules, as hereinafter shall more fully appear.

2. The Creditor holds two secured claims against the Debtor.

3. Creditor's first claim is based upon that certain Commercial Flat Rate Note with Balloon Payment dated December 8, 2017 (the "First Note") executed by the Debtor in favor of Hard Money Bankers, LLC, which was assigned to the Creditor on March 31, 2022.

4. Repayment of the First Note is secured by that certain Deed of Trust, Assignment of Rents and Security Agreement dated December 8, 2017, and recorded in Book 55536, at Page 70, among the Land Records of Montgomery County, Maryland (the "First Deed of Trust") against the property located at 13604 Canal Vista Court, Potomac, MD 20854 (the "Property"), which was assigned to the Creditor on March 31, 2022.

---

[1] While the Plan indicates that it is an Amended Plan, this is incorrect. While the Debtor did file a previous Chapter 13 plan, such plan was stricken by this Court due to the Debtor's failure to comply with required filing procedures. *See* Docs. 38, 49.

5. Creditor's first claim is supported by Creditor's Proof of Claim filed on April 21, 2025. *See* Claim 2 (the "First Claim").

6. The Creditor's second claim is based upon that certain Commercial Flat Rate Note with Balloon Payment (the "Second Note") dated December 8, 2017, executed by the Debtor in favor of Hard Money Bankers, LLC, which was assigned the Creditor on March 31, 2022.

7. Repayment of the Second Note is secured by that certain Deed of Trust, Assignment of Rents and Security Agreement dated December 8, 2017, and recorded in Book 55536, at Page 94 among the Land Records of Montgomery County, Maryland (the "Second Deed of Trust") against the Property, which was assigned to the Creditor on March 31, 2022.

8. Creditor's second claim is supported by Creditor's Proof of Claim filed on April 21, 2025. *See* Claim 3 (the "Second Claim").

9. On July 7, 2025, the Debtor filed the Plan.

10. The Creditor must object to the Plan because the Creditor's Claims are not properly treated and the Debtor filed the Plan in bad faith.

11. The Debtor treats Creditors' Claims § 4.6.5, Secured Claims Outside of the Plan, which references § 9. *See* Plan at § 4.6.5.

12. In § 9, the Debtor proposes to "sell DC property" which, although undefined, is interpreted to mean the Debtor's property located at 619 Allison Street NW, Washington, DC 20011 ("DC Property"), to pay "r/e taxes on MD property" which, although undefined, is interpreted to mean the Property. *See* Plan § 9.

13. Additionally, the Debtor proposes to refinance the Property with a reverse mortgage. *See* Plan § 9.

14. Creditor's Claims are not properly treated because Creditor has been granted relief from the automatic stay and intends to continue with remedies afforded under the Notes, Deeds of Trust, and state-law. *See* Doc. 63.

15. Thus, Creditor objects to the treatment of Creditor's Claims inside a Chapter 13 Plan.

16. Further, the Plan was filed in bad faith.

17. All of the funding for the Debtor's Plan relies on the sale of the DC Property and a refinance of the indebtedness against the Property.

18. However, the Debtor has not demonstrated good faith efforts in moving forward with a sale of the DC Property or a refinance of the indebtedness owed on the Property.

19. The Debtor filed a pro se Motion Requesting Permission to Refinance / Sale / Obtain Loan on the DC Property and the Property [Doc. 67] (the "Motion to Sell/Refinance"), and attached documents purporting to be from real estate agents and loan officers to her Motion to Requesting that the Court Reverses the Order Releasing the Automatic Stay [Doc. 66] (the "Motion to Reconsider").

20. The Motion to Sell/Refinance lacks specificity and is unclear as to what the Debtor is requesting.

21. The documents attached to the Debtor's Motion to Reconsider lack any indicia of authenticity or reliability. *See* Doc. 66 at 3-6.

22. Thus, the Plan has been filed in bad faith.

23. Therefore, the Creditor requests that this Court deny the Plan with prejudice.

**WHEREFORE**, the Creditor respectfully requests that this Honorable United States Bankruptcy Court enter an Order denying confirmation of the Debtor's Plan with prejudice, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**SHULMAN ROGERS, P.A.**

By: /s/ Benjamin P. Smith
Benjamin P. Smith (Bar No. 17680)
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854
TEL: (301) 230-5241
FAX: (301) 230-2891
Email: bsmith@shulmanrogers.com
*Attorneys for Creditor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of July, 2025, the following parties received via electronic case filing this **Objection to Confirmation** and proposed **Order**:

**Daniel M. Press**              dpress@chung-press.com
*Counsel for Debtor*

**Rebecca A. Herr**              ecf@ch13md.com
*Chapter 13 Trustee*

I further certify that on this 28th day of July, 2025, I caused to be mailed by first class mail, postage prepaid, copies of this **Motion for Relief** and proposed **Order** to the following:

Trudah A. Harding
13604 Canal Vista Court
Potomac, MD 20854
*Debtor*

/s/ Benjamin P. Smith
Benjamin P. Smith

4