UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Trudah A. Harding | ) | |
| | ) | No. 25-11103-MCR |
| Debtor. | ) | Chapter 13 |
| | ) | |

### DEBTOR'S EMERGENCY MOTION TO EXPEDITE RESCHEDULED HEARING OR TO IMPOSE INTERIM STAY

NOW COMES Debtor, through counsel, and respectfully moves for an Order rescheduling the hearing on DEBTOR'S MOTION TO RECONSIDER (ALTER OR AMEND) ORDER GRANTING MOTION FOR RELIEF FROM STAY or, in the alternative, imposing an interim stay until the matter can be heard. In support hereof, Debtor states as follows:

1. On June 19, 2025, the Court granted the Motion of "Charity at its Best" for relief from the automatic stay to allow it to foreclose on Debtor's residence after Debtor misunderstood a notice continuing a hearing, and thought that hearing had been continued.

2. On June 30 (pro se) and July 3, 2025 (through counsel), Debtor moved to reconsider that order.

3. A hearing on the Motion to Reconsider was set for August 5, 2025.

4. On July 31, 2025, Counsel/Substitute Trustee for Charity at its Best sent notice that Debtor's residence would be foreclosed on August 20, 2025 (Exhibit A). As

that date was after August 5, it would have given the Court the opportunity to rule prior to the foreclosure.

5. However, on August 4, the Court issued a "Disposition Without Hearing" notice on the docket, continuing the August 5 hearing to September 3, 2025, *after* the foreclosure sale.

6. Conducting the sale before the ]hearing would moot the Motion to Reconsider and cause Debtor to lose her home due to a scheduling error that would be easy for a pro se Debtor to make.

7. It is thus of critical importance that the hearing on the Motion to Reconsider be held prior to the foreclosure sale. That could be accomplished by rescheduling the September 3 hearing to a date prior to August 20, or by imposing an interim stay/temporary injunction preventing the foreclosure until the motion is heard.

8. The standards for a preliminary injunction under *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) are met. (1) Debtor is likely to succeed on the merits for the reasons set forth in the motion. (2) Debtor is likely to suffer irreparable harm in the absence of such relief, as she will lose her home that she has every ability to save. (3) The balance of equities tips in Debtor's favor – if granted, Charity at its Best will nonetheless be paid in full what it is legitimately owed once Debtor closes on her reverse mortgage, while Debtor will be able to retain her home – a goal that Charity at its Best sets forth as its actual purpose (although Debtor seriously questions that, given its conduct in this matter); while if denied, Debtor will lose her home. And (4) an injunction is in the public interest, as preventing unnecessary foreclosures and preserving homeownership is consistent with Maryland and Federal public policy.

9. Accordingly, either a hearing date before August 20 or an interim stay/preliminary injunction is necessary and proper to prevent a serious injustice.

WHEREFORE, Debtor respectfully requests that her Motion to reconsider, alter or amend be heard prior to August 20, 2025, or that the Court enter an interim order staying and enjoining the foreclosure until after the hearing.

Respectfully submitted,

/s/ Daniel M. Press
Daniel M. Press, #07300
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
(703) 734-0590 fax
dpress@chung-press.com
Counsel for Debtor

**CERTIFICATE OF SERVICE**

This is to certify that on this 5th day of August, 2025, I caused the foregoing Motion to be served by CM/ECF upon:

Rebecca Herr, Trustee ecf@ch13md.com

Rebekah Paradis rparadis@shulmanrogers.com

/s/ Daniel M. Press
Daniel M. Press

3