**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| In re | ) |
| | ) |
| Trudah A. Harding | ) |
| | )     No. 25-11103-MCR |
| Debtor. | )     Chapter 13 |
| | ) |

**MOTION FOR ORDER APPROVING CONTRACT TO SELL REAL ESTATE AND AUTHORIZING SALE OF REAL PROPERTY; AND TO PAY REAL ESTATE AGENT**

PLEASE TAKE NOTICE that the Debtor is proposing to sell real property located at 619 Allison St. N.W., Washington DC.  Any interested party objecting to the sale must file a written objection with the Clerk of the United States Bankruptcy Court for the District of Maryland, 3rd Floor, U.S. Courthouse, 6500 Cherrywood Lane, Greenbelt, Maryland 20770, on or before **10/1/2025,** setting forth in detail the basis of said objection with a copy being sent to the undersigned. If an objection is filed, the Court will hold a hearing on the objection **on 10/14/2025 at 10:00 am**, in Courtroom 3-C, U.S. Courthouse, 6500 Cherrywood Lane, Greenbelt, Maryland 20770. The Court may also rule upon objections without a hearing based upon the pleadings filed. If no objections are filed, property may be sold without further notice.  Anyone desiring any further information may communicate with the undersigned.
**THE MOVANT HAS ALSO FILED A MOTION TO SHORTEN THE TIME FOR RESPONSE AND/OR FOR AN EXPEDITED HEARING. IF THAT MOTION TO SHORTEN OR EXPEDITE IS GRANTED, THE TIME TO OBJECT AND/OR DATE FOR HEARING WILL BE CHANGED AS PROVIDED IN SUCH ORDER.**

Trudah A. Harding ("Debtor"), the Debtor herein, by counsel, pursuant to 11 U.S.C. §363(b), respectfully requests entry of an Order approving the terms and conditions of that certain *Contract of Sale* by and between the Debtor, as seller, and Kaitlin Low Kalkstein and Mark Huelsman, as purchasers ("Purchaser"), providing for the sale of the Debtor's residential real property at 619 Allison St. N.W., Washington DC, and authorizing the sale of said property to Purchaser, and approving compensation for Debtor's real estate agent, and in support thereof respectfully states as follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§157 and 1334.  This is a core proceeding pursuant to the provisions of 28 U.S.C. §157(b)(2)(N) and (O).  Venue is proper in this District and Division pursuant to 28 U.S.C. §§1408 and 1409.  The statutory predicate for the relief requested in this Motion is 11 U.S.C. §363(b).

## Background

2.      On February 10, 2025, this case was commenced by the filing of a voluntary petition for relief under chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court").  Pursuant to §§ 1306 of the Bankruptcy Code, the Debtor is continuing to possess and manage her property. Rebecca Herr has been appointed Chapter 13 Trustee.

3.      The parcel at issue is owned by the Debtor free and clear.   The sale will generate sufficient net proceeds to pay the taxes on Debtor's Montgomery County MD property and pay net proceeds in excess of $650,000 as required by the agreed Order (pending entry) with the mortgagee thereon vacating the prior order granting relief from the automatic stay.

4.      As a result of arms-length negotiations with Purchaser through their respective real estate agents, the Debtor has entered into the *Sale Contract*, whereby she has agreed to sell the Property to Purchaser.  The total purchase price for the proposed sale is $880,000 (the "Purchase Price") with a 3% + $400 broker's commission owed to the Debtor's real estate broker (plus reimbursement of some expenses incurred to make necessary repairs), and 2% to the Purchaser's agent.   A seller credit of $18,000 was necessitated by issues raised in a home inspection.  A true copy of the *Sale Contract* is attached and incorporated by reference to this *Motion* as Exhibit A. While there is no formal appraisal, the property has been on the market for several months, and

Debtor and her agent are confident that the Sale Contract is the highest and best offer.   The tax assessment is $721,420, so the sale price significantly exceeds the assessment.

5.      Debtor does not know and has no known connection to the Purchasers.

6.      A draft settlement statement is attached as Exhibit B.  The net proceeds are estimated to be $803,018.23, which, after paying approximately $118,000 in real estate taxes to Montgomery County, will net about $685,000 to Charity at its Best, sufficient to satisfy the condition in the pending order conditioning the automatic stay as to Debtor's residence.

### Relief Requested

7.      By this *Motion*, the Debtor seeks approval of the terms and conditions of the *Sale Contract*, including authority to convey the Property to Purchaser, with the adjustments for real estate taxes), the agents' commission and reimbursements, repair costs, and ordinary closing costs to be paid at settlement; payment of the Montgomery County real estate taxes, and payment of the net proceeds to Charity at its Best.

### Argument

*Sale of Property*

8.      Section 363(b) of the Bankruptcy Code permits a trustee or debtor-in-possession to sell property of the estate other than in the ordinary course of business after notice and a hearing.  11 U.S.C. §363(b).

9.      The bankruptcy court's power to authorize a sale under section 363(b) is an exercise of its discretion.  *Committee of Equity Security Holders v. Lionel Corporation (In re Lionel Corporation)*, 722 F.2d 1063 (2d Cir. 1983).  Factors to be considered in determining whether to approve a sale of assets under section 363(b) include: (i) whether a sound business reason exists for

the proposed transaction, (ii) whether fair and reasonable consideration is being provided, (iii) whether the transaction has been proposed and negotiated in good faith, and (iv) whether adequate and reasonable notice has been provided. *See e.g.*, *In re Ewell*, 958 F.2d 275 (9th Cir. 1992) (affirming sale where price was fair and reasonable and buyer was good faith purchaser).

      a.   In this case, the Debtor has a sound business reason for selling the Property to Purchaser. The Debtor has diligently and in good faith analyzed all other available options in connection with the disposition of the Property and determined that the terms and conditions set forth in the *Sale Contract* with Purchaser, including the price at which Purchaser proposes to purchase the Property, are all fair and reasonable and together constitute the highest or otherwise best offer presently obtainable for the Property.

      b.   The terms of sale with Purchaser were negotiated at arms length and in good faith. Purchaser is not an "insider" of the Debtor as that term is defined in 11 U.S.C. § 101(31).

      c.   Finally, adequate and reasonable notice is being provided to all creditors as set forth below.

10.    Pursuant to the provisions of section 363(b) of the Bankruptcy Code, the Debtor proposes to convey the Property to Purchaser, and to pay the closing costs, tax adjustments, the agents' commissions, repair costs, Montgomery County real estate taxes, and the net proceeds to Charity at its Best, at settlement.

11.    Notice of this sale will be provided to all creditors and parties in interest in this case in accordance with the requirements of Bankruptcy Rules 6004(a) and 2002(a)(2) and (c).

*Compensation of Real Estate Agent*

12.    On August 12, 2025, the Debtor filed an application to employ KWAUATTII GOLDEN of FAIRFAX REALTY SELECT to perform real estate agency services for the Debtor as

necessary to assist the Debtor with respect to this case, on a 3% + $400 commission pursuant to 11 U.S.C. § 328(a).

13.     Accordingly, upon closing of the sale, Realtor is entitled to compensation of $26,400. Mr. Golden also advanced $4570 in disbursements towards repairs/remediation of the property, for which he is entitled to reimbursement.  The buyer's agent's commission is 2% paid by seller pursuant to the terms of the contract.

### Conclusion

WHEREFORE, for the foregoing reasons, the Debtor respectfully requests that the Court enter an Order (a) approving all of the terms and conditions of the *Sale Contract*, authorizing the conveyance the Property to Purchaser, (b) authorizing the disbursement from the proceeds of sale at closing to pay all closing costs (including the agents' commission and reimbursement), including adjustment of real estate taxes to the date of settlement; and (c) authorizing payment of waterproofing expense ($7000), (d) authorizing disbursement of the remaining net proceeds to payment of the Montgomery County real estate taxes due on Debtor's other property, and payment of the net proceeds to Charity at its Best towards its mortgage liens on that property.

Dated:    September 10, 2025.

Respectfully submitted,

/s/ Daniel M. Press
Daniel M. Press, #07300
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
(703) 734-0590 fax
dpress@chung-press.com

5

CERTIFICATE OF SERVICE

This is to certify that on this 10th day of September, 2025, I caused the foregoing document to be served on upon the Chapter 13 Trustee and all parties requesting notice by CM/ECF, to:

Seth W Diamond sdiamond@shulmanrogers.com,
w.sr69548@notify.bestcase.com

Rebecca A. Herr ecf@ch13md.com

Benjamin Smith bsmith@shulmanrogers.com,
vdeguzman@shulmanrogers.com,
MZawalick@shulmanrogers.com,
tlong@shulmanrogers.com,
cwarren@shulmanrogers.com

And by email upon all other parties who have filed proofs of claim, as follows:

By email:
Jefferson Capital Systems, bankruptcy@jcap.com
Pepco: pepcocredit@exeloncorp.com
MD Comptroller: mthomas@marylandtaxes.gov
WSSC: Heather.Ashbury@wsscwater.com
US Trustee: Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV

  /s/ Daniel M. Press