dotloop signature verification: dtlp.us/dC8L-1bhC-9pMs
Docusign Envelope ID: 0509AF39-A6FB-4ADB-BB0D-C58DEF0B2792

  

# GCAAR Sales Contract
## TIME IS OF THE ESSENCE AS TO ALL TERMS OF THIS CONTRACT.

The SALES CONTRACT ("Contract") is made on _____ **August 8, 2025** _____ ("Date of Offer")
between _____ **Kaitlin Low Kalkstein, Mark Huelsman** _____ ("Buyer")
and _____ Trudah ~~Alwin W~~ **Harding** _____ ("Seller") who,
among other things, hereby confirm and acknowledge by their initials and signatures herein that by prior disclosure in this real
estate transaction _____ **Fairfax Realty Select** _____ ("Listing Company")
represents Seller, and _____ **Real Broker LLC** _____ ("Selling Company")
represents [ ] **Buyer OR** [ ] **Seller.** The Listing Company and Selling Company are collectively referred to as "Broker."
(If Broker is acting as a dual representative for both Seller and Buyer, then the appropriate disclosure form is attached to and
made a part of this Contract.) In consideration of the mutual promises and covenants set forth below, and other good and valuable
consideration the receipt and sufficiency of which is acknowledged, the parties agree as follows:

1. **REAL PROPERTY:** Buyer will buy and Seller will sell for the sales price ("Sales Price"), Seller's entire interest in the real property (with
all improvements, rights and appurtenances) described as follows ("Property"):
Street Address _____ **619 ALLISON ST NW** _____
Unit # _____ City **WASHINGTON** State **DC** Zip Code **20011**
Condominium/Cooperative Project Name _____
Parking Space(s) # _____ Storage Unit(s) # _____
Legal Description: Lot(s) _____ Block/Square _____ Section _____
Subdivision _____ Tax Account # **3220//0009**

2. **JURISDICTIONAL ADDENDUM:** The following Jurisdictional Addendum, if ratified and attached, is made a part of this Contract.
Jurisdictional Addendum for [X] **District of Columbia** [ ] **Montgomery County, MD**

3. **PRICE AND FINANCING:** (All percentages refer to percent of Sales Price.)

   **A. Down Payment** _____ **46.000** %
   **B. Financing**
      1. First Trust (if applicable) _____ %
      2. Second Trust (if applicable) **54.000** %
      3. Seller Held Trust _____ %
        (if applicable, addendum attached) **$880,000**
      **TOTAL FINANCING** **54.000** %
      **SALES PRICE** $~~875,000.00~~ $900.000
      08/12/25 8:47 AM EDT dotloop verified

   **C. First Deed of Trust** Purchaser will [ ] **Obtain OR** [ ] **Assume a** [ ] **Fixed OR an** [ ] **Adjustable rate First Deed of**
   Trust loan of the following type:
   [X] **Conventional**    See Addendum Attached    [ ] **This Contract is not contingent on Financing.**
   [ ] **FHA**    See Addendum Attached    [ ] Other: _____
   [ ] **VA**    See Addendum Attached

   **D. Second Deed of Trust** Purchaser will [ ] **Obtain OR** [ ] **Assume a** [ ] **Fixed OR an** [ ] **Adjustable rate Second Deed**
   of Trust loan.

   **E. Assumption** Assumption fee, if any, and all charges related to the assumption will be paid by the Buyer. If Buyer assumes Seller's
   loan(s): (i) Buyer and Seller [ ] will OR [ ] will not obtain a release of Seller's liability to the financial institution or U.S.
   Government for the repayment of the loan by Settlement, (ii) Buyer and Seller [ ] will OR [ ] will not obtain substitution of Seller's
   VA entitlement by Settlement. Balances of any assumed loans, secondary financing and cash down payments are approximate.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

Real Broker LLC, 9841 Washingtonian Blvd Ste 200 Gaithersburg MD 20878    Phone: 3015807709   dotloop verified Fax:    619 Allison St NW,
Peggy Lyn Speicher    Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201   www.lwolf.com

4. **DEPOSIT:** Buyer's deposit ("Deposit") in the amount of $25,000.00 _____ shall be held by _____ **RGS** _____ ("Escrow Agent"). Buyer ☐ has delivered OR ☒ will deliver the Deposit within _____ **3** _____ days after Date of Ratification ("Deposit Deadline"). (If the Property is in Maryland and Broker is the Escrow Agent, the Deposit must be delivered to Escrow Agent within 3 days of the Date of Ratification.) Should Buyer fail to deliver Deposit to Escrow Agent by the Deposit Deadline, as provided herein, Buyer will be in Default and Seller may, at Seller's option, Deliver Notice to Buyer declaring this Contract Void. Upon Delivery to Buyer of Seller Notice to Void Contract, all respective rights and obligations of the Parties arising under this Contract will terminate. Following Deposit Deadline, but prior to Seller Delivery of Notice to Void, Buyer may cure Default by Delivering the Deposit to Escrow Agent, upon which all terms and conditions of this Contract will remain in full force and effect.

The Deposit will be placed in an escrow account of the Escrow Agent after Date of Ratification in conformance with the laws and regulations of the appropriate jurisdiction and/or, if VA financing applies, as required by Title 38 of the U.S. Code. This account may be interest bearing and all parties waive any claim to interest resulting from the Deposit. The Deposit will be held in escrow until: (i) credited toward the Sales Price at Settlement; (ii) all parties have agreed in writing as to its disposition; (iii) a court of competent jurisdiction orders disbursement and all appeal periods have expired; or, (iv) disposed of in any other manner authorized by the laws and regulations of the appropriate jurisdiction. Seller and Buyer agree that Escrow Agent will have no liability to any party on account of disbursement of the Deposit or on account of failure to disburse the Deposit, except in the event of the Escrow Agent's gross negligence or willful misconduct.

5. **FUNDS DUE AT SETTLEMENT:** The balance of the funds due at Settlement from Buyer and/or Seller will be paid on or before the Settlement Date. Buyer and/or Seller shall verify with Settlement Agent how funds due at Settlement are to be paid. An assignment of funds shall not be used without prior written consent of all parties to the transaction.

6. **SETTLEMENT:** Seller and Buyer will perform in accordance with the terms of this Contract ("Settlement") on **September 8** **2025** ("Settlement Date") except as otherwise provided in this Contract. Buyer selects **RGS Totle** seller will use KTL Title _____ ("Settlement Agent") to conduct the Settlement. Buyer agrees to contact the Settlement Agent within 10 Days after the Date of Ratification to schedule Settlement and to place a title order.

7. **PROPERTY MAINTENANCE AND CONDITION:** Except as otherwise specified herein, Seller will deliver the Property at Settlement vacant, free and clear of trash and debris, broom clean and in substantially the same physical condition to be determined as of ☐ **Date of Offer** OR ☒ **Date of home inspection** OR ☐ **Other:** _____. Failure to select an option in the preceding sentence shall be deemed an agreement to select the Date of Offer option. Seller will have all utilities in service through Settlement or as otherwise agreed. Seller will have smoke detectors and carbon monoxide detectors installed and operational prior to Settlement in accordance with the requirements of the jurisdiction in which the Property is located. Buyer and Seller will not hold Broker liable for any breach of this paragraph.

Buyer acknowledges, subject to Seller acceptance, that this Contract may be contingent upon home inspection(s) and/or other inspections to ascertain the physical condition of the Property. If Buyer desires one or more inspection contingencies, such contingencies must be included in an addendum to this Contract.

☒ This Contract is contingent upon home inspection(s) and/or other inspections. (Addendum Attached)
OR
☐ Buyer declines the opportunity to make Contract contingent upon home inspection(s) and/or other inspections.

Buyer acknowledges that except as otherwise specified in this Contract, the Property, including electrical, plumbing, existing appliances, heating, air conditioning, equipment and fixtures shall convey in its **AS-IS CONDITION** as of the date specified above. Buyer further acknowledges that neither Brokers and/or their agents nor subagents are responsible for Property defects.

8. **ACCESS TO PROPERTY:** Seller will provide Broker, Buyer, inspectors representing Buyer and representatives of lending institutions for Appraisal purposes reasonable access to the Property to comply with this Contract. In addition, Buyer and/or Buyer's representative will have the right to make a final inspection within 5 days prior to Settlement and/or occupancy, unless otherwise agreed to by Buyer and Seller.

9. **INCLUSIONS/EXCLUSIONS:** The Property includes the personal property and fixtures as defined and identified in the attached Inclusions/Exclusions Disclosure and Addendum.

10. **HOME WARRANTY:** ☐ **Yes** OR ☒ **No**
Home warranty policy paid for and provided at Settlement by: ☐ **Buyer** OR ☐ **Seller**
Cost not to exceed $ _____. Warranty provider to be _____.

dotloop signature verification: ddlp.us/dC8L-1a6C-FqHG
Docusign Envelope ID: 0509AF39-A6FB-4ADB-BB0D-C58DEF0B2792

11. **BUYER'S REPRESENTATIONS:** Buyer ☒ will OR ☐ will not occupy the Property as Buyer's principal residence. **Unless specified in a written contingency, neither this Contract nor the financing is dependent or contingent on the sale and settlement or lease of other real property.** The Selling Company ☐ is OR ☐ is not authorized to disclose to the Listing Company, Seller and any lender the appropriate financial or credit information statement provided to the Selling Company by Buyer. Buyer acknowledges that Seller is relying upon all of Buyer's representations, including without limitation, the accuracy of financial or credit information given to Seller, Broker or the Lender by Buyer.

12. **WOOD-DESTROYING INSECT INSPECTION:** Buyer at Buyer's expense may choose to obtain a wood-destroying insect ("WDI") inspection of the Property by a licensed pest control firm. If Buyer elects to do so, Buyer will furnish to Seller a written report from the licensed pest control firm showing that all dwelling(s) and/or garage(s) within the Property are free of visible evidence of any live WDI, and free from visible WDI damage. Any treatment for live WDI and/or repairs for WDI damage recommended in the licensed pest control firm's report will be made at Seller's expense. Said treatment shall be completed by a licensed pest control firm and said repairs shall be completed by a contractor licensed in the appropriate jurisdiction. Seller will provide written evidence of such treatment and/or repair prior to Settlement which shall satisfy the requirements of this Paragraph.

13. **LEAD-BASED PAINT REGULATIONS:** Federal law requires sellers of properties built before 1978 to provide buyers with the required federal disclosure regarding lead paint (GCAAR form "Lead Paint--Federal Disclosure") and the EPA pamphlet "Protect Your Family from Lead in Your Home". In addition, for District of Columbia properties built before 1978, sellers are required to provide buyers the District of Columbia Lead Disclosure (GCAAR form "Lead Paint-- DC Disclosure") and for Maryland properties built before 1978, sellers are required to provide buyers the Maryland Lead Disclosure (GCAAR form "Maryland Lead Poisoning Prevention Program Disclosure"). A seller who fails to provide the required local and federal lead-based paint forms, including the EPA pamphlet, may be liable under the law for three times the amount of damages and may be subject to both civil and criminal penalties. Seller and any agent involved in the transaction are required to retain a copy of the completed lead-based paint disclosure forms for a period of six (6) years following the date of Settlement. If the dwelling(s) was built prior to 1978 or if the building date is uncertain and the Property is not exempt from the Residential Federal Lead-Based Paint Hazard Reduction Act of 1992, this Contract is voidable by Buyer until Buyer acknowledges receipt of the required federal lead- based paint form, including the EPA pamphlet, and DC Lead Disclosure or Maryland Lead Disclosure if applicable, and has either taken the opportunity to incorporate a Lead-Based Paint Inspection contingency or waived such right. Until said acknowledgement occurs, Buyer retains the right to unconditionally, and without risk of loss of Deposit or other adverse effects, declare Contract void. Seller and Buyer acknowledge by their respective initials below that they have read and understand the provisions of this Paragraph.

Seller's Initials [*TH* 08/12/25 8:47 AM EDT dotloop verified] / _____  Buyer's Initials [*bl* / *MH*]

**Completed Lead-Based Paint forms are attached.**   ☒ Yes   ☐ No   ☐ N/A

In accordance with the Lead Renovation, Repair and Painting Rule ("RRP") as adopted by the Environmental Protection Agency ("the EPA"), effective April 22, 2010, if the improvements on the Property were built before 1978, contractor(s) engaged by Seller to renovate, repair or paint the Property must be certified by the EPA where such work will disturb more than six square feet of lead-based paint per room for interior projects, more than 20 square feet of lead-based paint for any exterior project, or includes window replacement or demolition ("Covered Work"). Before and during any Covered Work, contractor(s) must comply with all requirements of the RRP. A seller who personally performs any Covered Work on a rental property is required to be certified by the EPA prior to performing such Covered Work. No certification is required for a seller who personally performs Covered Work on a seller's principal residence. However, seller has the ultimate responsibility for the safety of seller's family or children while performing such Covered Work. For detailed information regarding the RRP, Seller should visit http://www2.epa.gov/lead/renovation-repair-and-painting-program. The Seller and Buyer acknowledge that they have read and understand the provisions of this section.

Seller's Initials [*TH* 08/12/25 8:47 AM EDT] / _____  Buyer's Initials [*bl* / *MH*]

14. **FINANCING APPLICATION:** If this Contract is contingent on financing, Buyer will make written application for the Specified Financing and any Lender required property insurance no later than 7 days after the Date of Ratification. Buyer grants permission for the Selling Company and the Lender to disclose to the Listing Company and Seller general information about the progress of the loan application and loan approval process. If Buyer fails to settle except due to any Default by Seller, then the provisions of the DEFAULT paragraph shall apply. Seller agrees to comply with reasonable Lender requirements except as otherwise provided in the LENDER REQUIRED REPAIRS paragraph of the applicable financing contingency addendum.

15. **DAMAGE OR LOSS:** The risk of damage or loss to the Property by fire, act of God, or any other casualty remains with Seller until the execution and delivery of the Deed of conveyance to Buyer at Settlement.

16. **TITLE:** The title report and survey if required, will be ordered pursuant to the terms in the Settlement Paragraph. If such report and survey are not available on the Settlement Date, and were ordered as required, Settlement may be delayed for up to 10 Business Days to obtain the title report and survey after which date this Contract, at the option of Seller, may be declared void, and the Deposit will be refunded in full to Buyer. Fee simple title to the Property, and everything that conveys with it, will be sold free of liens, except for any

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

CAAR Form # 1301 – GCAAR Sales Contract – 2/2025          3 of 7          Initials: Seller [*TH* 08/12/25 8:47 AM EDT dotloop verified] Buyer [*bl* / *MH*]

dotloop signature verification: dtlp.us/dC8L-1JxE-Mpu9
Docusign Envelope ID: 0509AF39-A6FB-4ADB-BB0D-C58DEF0B2792

loans assumed by Buyer. Title is to be good of record, marketable, and insurable by a licensed title insurance company with no additional risk premium. Title will be subject to easements, covenants, conditions and restrictions of record in existence as of Date of Ratification ("Required Condition"). If, as determined by the Settlement Agent, title is not in the Required Condition by the Settlement Date, said date shall automatically be extended by 30 days ("Extended Settlement Date"), and Seller shall promptly take all action necessary to place title in the Required Condition prior thereto at Seller's expense. If title is not in the Required Condition by the Extended Settlement Date, then Buyer may Deliver Notice to Seller declaring this Contract void.

Broker or any agents, subagents or employees of Broker, and Settlement Agent are not advising the parties as to certain issues, including without limitation: land use; lot size and exact location; and possible restrictions of the use of the Property due to restrictive covenants, easements, zoning, subdivision, or environmental laws. Broker or any agents, subagents or employees of Broker, and Settlement Agent are hereby expressly released from all liability for damages by reason of any defect in the title.

The manner of taking title may have significant legal and tax consequences. Buyer is advised to seek the appropriate professional advice concerning the manner of taking title. Seller will convey the Property by Special Warranty Deed or by Personal Representative's Deed in the event Seller is a decedent's estate. Seller will sign such affidavits, lien waivers, tax certifications, and other documents as may be required by the Lender, title insurance company, Settlement Agent, or government authority, and authorizes the Settlement Agent to obtain payoff or assumption information from any existing lenders.

Unless otherwise agreed to in writing, Seller will pay any governmental special assessments and will comply with all orders or notices of violations of any county or local authority, condominium unit owners' association, and/or homeowners' association or actions in any court on account thereof, against or affecting the Property on the Settlement Date. The parties authorize and direct the Settlement Agent to provide a copy of the Combined Settlement Statement to Seller, Buyer, Listing Company, Selling Company, Homeowner/Condominium Association, Relocation Company and/or any third-party payees reflected on the Settlement Statement.

The parties acknowledge that, under certain circumstances, when a property is substantially renovated or modified or its usage is changed, a Certificate of Occupancy or a Final Inspection Certification may be required prior to use and occupancy of the property. Additional information on these requirements can be obtained at https://code.dccouncil.us/dc/council/code/sections/6-641.09.html for properties located in the District of Columbia and at https://codelibrary.amlegal.com/codes/montgomerycounty/latest/montgomeryco_md/0-0-0-3515#JD_8-28 for properties located in Montgomery County, MD. In the event a local authority requires the issuance of a Certificate of Occupancy or a Final Inspection Certificate, the Seller agrees to provide evidence thereof.

17. **POSSESSION DATE:** Unless otherwise agreed to in writing between Seller and Buyer, Seller will give possession of the Property at Settlement, including delivery of keys, fobs, and codes, if any. If Seller fails to do so and occupies the Property beyond Settlement, Seller will be a tenant at sufferance of Buyer and hereby expressly waives all notice to quit as provided by law. Buyer will have the right to proceed by any legal means available to obtain possession of the Property. Seller will pay any damages and costs incurred by Buyer including reasonable Legal Expenses.

18. **FEES:** Fees for the preparation of the Deed, that portion of the Settlement Agent's fee billed to Seller, costs of releasing existing encumbrances, Seller's legal fees and any other proper charges assessed to Seller will be paid by Seller. Fees for the title exam (except as otherwise provided), survey, recording (including those for any purchase money trusts) and that portion of the Settlement Agent's fee billed to Buyer, Buyer's legal fees and any other proper charges assessed to Buyer will be paid by Buyer. Fees to be charged will be reasonable and customary for the jurisdiction in which the Property is located. (Recording and Transfer Taxes are covered in the appropriate jurisdictional addendum.)

19. **BROKER'S FEE:** Seller and Buyer irrevocably instruct Settlement Agent to pay Broker compensation ("Broker's Fee") at Settlement as set forth in the parties' respective brokerage representation agreements and any other Broker compensation addenda made a part hereto.

20. **ADJUSTMENTS:** Proratable charges, including but not limited to, rents, taxes, water and sewer charges, front foot benefit and house connection charges, condominium/cooperative unit owners' association and/or homeowners' association regular periodic assessments, are to be adjusted to the Settlement Date. Any heating or cooking fuels remaining in supply tank(s) at Settlement will become the property of Buyer. Taxes are to be adjusted according to the information provided by the collector of taxes. If a loan is assumed, interest will be adjusted to the Settlement Date and Buyer will reimburse Seller for any existing escrow accounts.

21. **DISPUTES:** In the event of any dispute between Seller and Broker and/or Buyer and Broker resulting in Broker or any agents, subagents or employees of Broker being made a party to such dispute, including but not limited to, any litigation, arbitration, or complaint and claim before the applicable Real Estate Commission, whether as defendant, cross-defendant, third-party defendant or respondent, Seller and Buyer, jointly and severally, agree to indemnify and hold Broker and any agents, subagents and employees of Broker harmless from any liability, loss, cost, damage or expense (including but not limited to, filing fees, service of process fees, transcript fees and Legal Expenses), resulting therefrom, provided that such dispute does not result in a judgment or decision against Broker, Broker's agents, subagents or employees for acting improperly.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

CAAR Form # 1301 – GCAAR Sales Contract – 2/2025                4 of 7                Initials: Seller                 Buyer 

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201  www.lwolf.com

619 Allison St

22. **LEGAL EXPENSES:**
   A. In any action or proceeding between Buyer and Seller based, in whole or in part, upon the performance or non- performance of the terms and conditions of this Contract, including but not limited to, breach of contract, negligence, misrepresentation or fraud, the prevailing party in such action or proceeding shall be entitled to receive reasonable Legal Expenses from the other party as determined by the Court or arbitrator.
   B. In the event a dispute arises resulting in Broker (as used in this paragraph to include any agent, subagent or employee of Broker) and/or Settlement Agent being made a party to any litigation by Buyer or by Seller, the parties agree that the party who brought Broker and/or Settlement Agent into litigation shall indemnify Broker and/or Settlement Agent for all reasonable Legal Expenses incurred, unless the litigation results in a judgment against Broker and/or Settlement Agent.

23. **PERFORMANCE:** Delivery of the required funds and executed documents to the Settlement Agent will constitute sufficient tender of performance. Funds from this transaction at Settlement may be used to pay off any existing liens and encumbrances, including interest, as required by lender(s) or lienholders.

24. **SELLER RESPONSIBILITY:** Seller agrees to keep existing mortgages free of default through Settlement. All violations of requirements noted or issued by any governmental authority, or actions in any court on account thereof, against or affecting the Property at Settlement, shall be complied with by Seller and the Property conveyed free thereof.

25. **DEFAULT: Buyer and Seller agree to perform at Settlement in accordance with the terms of this Contract and acknowledge that failure to do so constitutes a breach hereof.** If Buyer fails to complete Settlement for any reason other than Default by Seller, at the option of Seller, the Deposit may be forfeited as liquidated damages (not as a penalty) in which event Buyer will be relieved from further liability to Seller. If Seller does not elect to accept the Deposit as liquidated damages, the Deposit may not be the limit of Buyer's liability in the event of a Default. If the Deposit is forfeited, or if there is an award of damages by a court or a compromise agreement between Seller and Buyer, Broker may accept and Seller agrees to pay Broker one-half of the Deposit in lieu of the Broker's Fee, (provided Broker's share of any forfeited Deposit will not exceed the amount due under the listing agreement).

   If Seller fails to perform or comply with any of the terms and conditions of this Contract or fails to complete Settlement for any reason other than Default by Buyer, Buyer will have the right to pursue all legal or equitable remedies, including specific performance and/or damages.

   If either Seller or Buyer refuses to execute a release of Deposit ("Release") when requested to do so in writing and a court finds that such party should have executed the Release, the party who so refused to execute the Release will pay the expenses, including without limitation, reasonable Legal Expenses, incurred by the other party in the litigation. Seller and Buyer agree that Escrow Agent will have no liability to any party on account of disbursement of the Deposit or on account of failure to disburse the Deposit, except in the event of the Escrow Agent's gross negligence or willful misconduct. The parties further agree that the Escrow Agent will not be liable for the failure of any depository in which the Deposit is placed and that Seller and Buyer each will indemnify, defend and save harmless the Escrow Agent from any loss or expense arising out of the holding, disbursement or failure to disburse the Deposit, except in the case of the Escrow Agent's gross negligence or willful misconduct.

   If either Buyer or Seller is in Default, then in addition to all other damages, the defaulting party will immediately pay the Broker's Fee in full, as well as the costs incurred for the title examination, Appraisal, and survey.

26. **DISCLOSURES TO THE PARTIES: Buyer and Seller should carefully read this Contract to be sure that the terms accurately express their respective understanding as to their intentions and agreements. By signing this Contract, Buyer and Seller acknowledge that they have not relied on any representations made by Brokers, or any agents, subagents or employees of Brokers, except those representations expressly set forth in this Contract. Further, Brokers or any agents, subagents or employees of Broker, and Settlement Agent do not assume any responsibility for the performance of this Contract by any or all parties hereto. Broker can counsel on real estate matters, but if legal advice is desired by either party, such party is advised to seek legal counsel. Buyer and Seller are further advised to seek appropriate professional advice concerning the condition of the Property or tax and insurance matters.** The following provisions disclose some matters which the parties may investigate further. These disclosures are not intended to create a contingency. Any contingency must be specified by adding appropriate terms to this Contract. The parties acknowledge the disclosures contained herein and that Broker or any agents, subagents or employees of Broker, and Settlement Agent make no representations nor assume any responsibility with respect to the following:

   A. **PROPERTY CONDITION** Various inspection services and home warranty insurance programs are available. Broker is not advising the parties as to certain other issues, including without limitation: condition of real or personal property, water quality and quantity (including but not limited to, lead and other contaminants); sewer or On-Site Sewage Disposal System ("Septic"); public utilities; soil condition; flood hazard areas; airport or aircraft noise; roads or highways; and construction materials and/or hazardous materials, including without limitation, flame-retardant treated plywood (FRT), radon, urea formaldehyde foam insulation (UFFI), mold, polybutylene pipes, synthetic stucco (EIFS), underground storage tanks, defective Chinese drywall, asbestos and lead- based paint. Information relating to these issues may be available from appropriate government authorities.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

CAAR Form # 1301 – GCAAR Sales Contract – 2/2025          5 of 7          Initials: Seller  7M 18/13/25 8:47 AM EDT dotloop verified          Buyer           619 Allison St

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201  www.lwolf.com

dotloop signature verification: dtlp.us/dC8L-1Jve-QbYk
Docusign Envelope ID: 0509AF39-A6FB-4ADB-BB0D-C58DEF0B2792

**B.**   **LEGAL REQUIREMENTS** All contracts for the sale of real property must be in writing to be enforceable. Upon ratification and Delivery, this Contract becomes a legally binding agreement. Any changes to this Contract must be made in writing, agreed to by all parties to the Contract, and Delivered to all parties for such changes to be enforceable.

**C.**   **FINANCING** Mortgage rates and associated charges vary with financial institutions and the marketplace. Buyer has the opportunity to select the lender and the right to negotiate terms and conditions of the financing subject to the terms of this Contract.

**D.**   **BROKER** Buyer and Seller acknowledge that Broker is being retained solely as a real estate agent and not as an attorney, tax advisor, lender, appraiser, surveyor, structural engineer, mold or air quality expert, home inspector or other professional service provider. Broker may from time to time engage in the general insurance, title insurance, mortgage loan, real estate settlement, home warranty and other real estate-related businesses and services. Therefore, in addition to the Broker's Fee specified herein, Broker may receive compensation related to other services provided in the course of this transaction pursuant to the terms of a separate agreement/disclosure.

**E.**   **PROPERTY TAXES** Buyer is advised that the property tax bill could substantially increase following Settlement. For more information on property taxes, contact the appropriate taxing authority in the jurisdiction where the Property is located.

**F.**   **PROPERTY INSURANCE** Obtaining property insurance is typically a requirement of the lender in order to secure financing. Insurance rates and availability are determined in part by the number and nature of claims and inquiries made on a property's policy as well as the number and nature of claims made by a prospective buyer. Property insurance has become difficult to secure in some cases. Seller should consult an insurance professional regarding maintaining and/or terminating insurance coverage.

**G.**   **TITLE INSURANCE** Buyer may, at Buyer's expense, purchase owner's title insurance. The coverage afforded by such title insurance would be governed by the terms and conditions thereof, and the premium for obtaining such title insurance coverage will be determined by the extent of its coverage. Buyer may purchase title insurance at either "standard" or "enhanced" coverage and rates. For purposes of owner's policy premium rate disclosure by Buyer's Lender(s), if any, and Settlement Agent, Buyer and Seller require that enhanced rates be quoted. Buyer understands that nothing herein obligates Buyer to obtain any owner's title insurance coverage at any time, including at Settlement, and that the availability of enhanced coverage is subject to underwriting criteria of the title insurer.

**27.**   **ASSIGNABILITY:** This Contract may not be assigned without the written consent of Buyer and Seller. If Buyer and Seller agree in writing to an assignment of this Contract, the original parties to this Contract remain obligated hereunder until Settlement.

**28.**   **FOREIGN INVESTMENT TAXES – FIRPTA:** Section 1445 of the United States Internal Revenue Code of 1986 provides that a buyer of a residential real property located in the United States must withhold federal income taxes from the payment of the purchase price if (a) the purchase price exceeds Three Hundred Thousand Dollars ($300,000.00) or the purchase price is less than or equal to Three Hundred Thousand Dollars ($300,000.00) and the property will not be owner occupied, and (b) seller is a foreign person for purposes of U.S. income taxation. A foreign person includes, but is not limited to, a non-resident alien, foreign corporation, foreign partnership, foreign trust or foreign estate (as those terms are defined by the Internal Revenue Code and applicable regulations). In the event Seller is a foreign person (as described above), the Seller will be subject to the withholding provisions of FIRPTA. If Seller is not a foreign person, Seller agrees to execute an affidavit to this effect at Settlement.

**29.**   **DEFINITIONS:**

**A.**   "Appraisal" means a written appraised valuation of the Property.

**B.**   "Day(s)" or "day(s)" means calendar day(s) unless otherwise specified in this Contract.

**C.**   "Business Days", whenever used, means Monday through Friday, excluding federal holidays.

**D.**   For the purpose of computing time periods, the first Day will be the Day following Delivery and the time period will end at 6 p.m. on the Day specified, except as otherwise specified in HOA/Condo/Co-op addenda.

**E.**   If the Settlement Date falls on a Saturday, Sunday, or legal holiday, then the Settlement will be on the prior Business Day.

**F.**   "Date of Ratification" This Contract shall be deemed ratified when the Contract, all addenda and any modifications thereto have been signed and initialed, where required, by all parties, and Delivered to the other party pursuant to the Notices paragraph.

**G.**   The masculine includes the feminine and the singular includes the plural. "Buyer" means "Purchaser" and vice versa.

**H.**   "Legal Expenses" means attorney fees, court costs, and litigation expenses, if any, including but not limited to, expert witness fees and court reporter fees.

**I.**   "Specified Financing" means the financing as set forth in the financing addendum attached hereto.

**30.**   **NOTICES AND DELIVERY:** "Notice" means a unilateral communication from one party to another. All Notices required under this Contract will be in writing. Notices to Seller shall be effective when Delivered to Seller or Seller's Agent named in the Contract or that Agent's supervising manager. Notices to Buyer shall be effective when Delivered to Buyer or Buyer's Agent named in the Contract or that Agent's supervising manager.

Delivery of Condominium, Cooperative, and/or Homeowner's Association contractually required documents **MUST** be made solely to Buyer. Delivery of such documents solely to Buyer's Agent **DOES NOT** constitute Delivery from Seller to Buyer. Resale packages may be Delivered by Seller or Seller's Agent through an electronic link provided by the management association for the purposes of Delivery as may be required in a separate addendum.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

 
Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201  www.lwolf.com

619 Allison St

**31. MISCELLANEOUS:** This Contract may be signed in one or more counterparts, each of which is deemed to be an original, and all of which together constitute one and the same instrument. Documents obtained via fax or as a PDF attachment to an email will also be considered as originals. Typewritten or handwritten provisions included in this Contract will supersede all pre-printed provisions that are in conflict.

**32. VOID CONTRACT:** If this Contract becomes void and of no further force and effect, without Default by either party, both parties will immediately execute a Release directing that the Deposit be refunded in full to Buyer according to the terms of the DEPOSIT paragraph.

**33. ENTIRE AGREEMENT:** This Contract will be binding upon the parties and each of their respective heirs, executors, administrators, successors and permitted assigns. The provisions not satisfied at Settlement will survive the delivery of the Deed and will not be merged therein. This Contract, unless amended in writing, contains the final and entire agreement of the parties and the parties will not be bound by any terms, conditions, oral statements, warranties or representations not herein contained. The interpretation of this Contract will be governed by the laws of the jurisdiction where the Property is located.

| *Trudah Harding*  dotloop verified 08/12/25 8:47 AM EDT LSIR-2AHN-AGRE-YQNR | | Signed by: *kaitlin low kalkstein* 6F8CB104924C4... | 8/9/2025 |
|---|---|---|---|
| Seller **Alwin W Harding** | Date | Buyer **Kaitlin Low Kalkstein** | Date |
| | | DocuSigned by: *Mark Huelsman* 076E80DF436... | 8/9/2025 |
| Seller | Date | Buyer **Mark Huelsman** | Date |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**For informational purposes only:**

| **Date of Ratification (see DEFINITIONS)** |
|---|
| *TH*  08/13/25 7:51 PM EDT dotloop verified |

Seller's Address _____     Buyer's Address _____

Seller's Email Address _____     Buyer's Email Address kkalkstein@gmail.com _____

Seller's Telephone Number _____     Buyer's Telephone Number _____

Listing Company's Name and Address:     Selling Company's Name and Address:

**Fairfax Realty Select**     **Real Broker LLC**

**3190 FAIRVIEW PARK DR STE 100, FALLS CHURCH, VA 22042**     **9841 Washingtonian Blvd. Suite 200, GAITHERSBURG, MD 20878**

Office # **(703)533-8660**     Office # **(850)450-0442**

Agent Name **Kwauattii K Golden**     Agent Name **Ryan McKevitt**

Agent Cell # (703)587-9079     Agent Cell # **(240)593-7644**

Agent Email Address **ketaagoldenrealty@gmail.com**     Agent Email Address **Ryan@SpeicherGroup.com**

Agent License # and Jurisdiction SP98358298     Agent License # and Jurisdiction **662984**

Broker License # and Jurisdiction **0226029190**     Broker License # and Jurisdiction _____

Team Leader/Agent The Golden Team     Team Leader/Agent **Dave Kolakowski**

*TH*
08/12/25
8:47 AM EDT
dotloop verified

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

CAAR Form # 1301 – GCAAR Sales Contract – 2/2025          7 of 7          Initials: Seller _____ 08/13/25 8:47 AM EDT dotloop verified     Buyer kbk/MH  

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201  www.lwolf.com  dotloop verified          619 Allison St

  

# CONVENTIONAL FINANCING ADDENDUM
## *(For use in Montgomery County, Maryland and Washington, DC)*

The Contract of Sale with an Offer Date of _____ **August 8, 2025** _____ between **Kaitlin Low Kalkstein, Mark Huelsman** _____

_____ (*Buyer*) and **Alwin W Harding** _____

(*Seller*) for the purchase of the real property located at

Address _____ **619 ALLISON ST NW** _____ Unit # _____

City _____ **WASHINGTON** _____ State _____ **DC** _____ Zip Code _____ **20011** _____, is hereby amended by the incorporation of this Addendum, which shall supersede any provisions to the contrary in the Contract.

1. **SPECIFIED FINANCING:** The following loan(s) shall be the "Specified Financing":

   [X] **FIRST DEED OF TRUST:** Buyer will [X] obtain **OR** [ ] assume a First Deed of Trust loan in the amount of **54.000** % of the Sales Price amortized over __**30**__ years at a [ ] Fixed **OR** an [ ] Adjustable interest rate not to exceed _____ % from one of the options below:

   [X] a)  the lender(s) that issued the pre-approved letter, **OR**
   [ ] b)  a lender to whom Buyer made or will make written application within 7 days.

   If option b is selected, Buyer has 7 days from the Date of Ratification to make written application for financing with their lender(s) of choice. If Buyer chooses to make written application with a lender other than the one(s) that issued the pre-approval letter, Buyer must deliver a pre-approval letter from the new lender to the Seller within 7 days after the Date of Ratification. Should Buyer fail to make written application as required and/or fail to provide a new pre-approval letter to Seller within 7 days after the Date of Ratification, Buyer will be deemed to have waived the Financing Contingency and Alternate Financing applies as identified in paragraph 4 below.

   Any change from any of the above constitutes Alternate Financing as defined below.

   [ ] **SECOND DEED OF TRUST:** Buyer will [ ] obtain **OR** [ ] assume a Second Deed of Trust loan in the amount of _____ % of the Sales Price amortized over _____ years at a [ ]Fixed **OR** an [ ] Adjustable interest rate bearing (initial) interest of _____ % per year or market rate available.

   [ ] a)  the lender that issued the pre-approval letter, **OR**
   [ ] b)  the lender to whom Buyer made or will make written application within 7 days.

   If option b is selected, Buyer has 7 days from the Date of Ratification to make written application for financing with their lender(s) of choice. If Buyer chooses to make written application with a lender other than the one(s) that issued the pre-approval letter, Buyer must deliver a pre-approval letter from the new lender to the Seller within 7 days after the Date of Ratification. Should Buyer fail to make written application as required and/or fail to provide a new pre-approval letter to Seller within 7 days after the Date of Ratification, Buyer will be deemed to have waived the Financing Contingency and Alternate Financing applies as identified in paragraph 4 below.

   Any change from any of the above constitutes Alternate Financing as defined below.

2. **FINANCING CONTINGENCY:** This Contract is contingent ("*Financing Contingency*") on Buyer's ability to obtain Specified Financing.

3. **ALTERNATE FINANCING: This Financing Contingency shall not apply to any Alternate Financing.** Buyer, at Buyer's election, may apply for alternate financing which includes but may not be limited to any change to the loan terms or change in Lender as described in the aforementioned Specified Financing paragraph above ("*Alternate Financing*") provided: (a) Buyer is qualified for alternate financing; (b) there is no additional expense to Seller; (c) the Settlement Date is not delayed; and (d) if Buyer fails to perform at Settlement except due to any Default by Seller, then the provisions of the DEFAULT paragraph shall apply.

4. **SELLER'S OPTION TO VOID CONTRACT:** Buyer shall Deliver by 6 p.m. __**21**__ Days after Date of Ratification ("*Financing Deadline*") **a conditional commitment for financing** from Lender ("*Conditional Commitment*"). The Conditional Commitment shall include any outstanding conditions after initial underwriter review, such as final underwriting review/audit, final title review and other underwriting requirements, if any. The Conditional Commitment shall not contain any conditions for the verification of income, assets, employment, and/or obtaining a credit report, but may contain conditions for the re-verification of same.

©2025, The Greater Capital Area Association of REALTORS®, Inc.
This recommended form is the property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this form should be destroyed.

dotloop signature verification: dtlp.us/dC8L-1aWE-Hjm4
Docusign Envelope ID: 0509AF39-A6FB-4ADB-BB0D-C58DEF0B2792

Following the Financing Deadline, but until Buyer Delivers the Conditional Commitment to Seller, the Financing Contingency will continue and **Seller may Deliver Notice to Buyer declaring this Contract Void.**

**Upon Delivery of the Conditional Commitment, the Financing Contingency will continue,** and Seller may no longer Deliver Notice declaring the Contract Void under the Financing Contingency until the Settlement Date has passed.

**If Settlement does not occur on or before the Settlement Date, and the Financing Contingency has not been removed, and the Buyer is not in Default, Settlement may occur any time thereafter. However, once the Settlement Date has passed and until Settlement has been completed, Seller may deliver Notice declaring this Contract Void, except in the case of Default by Seller.**

5. **REMOVAL OF CONTINGENCY:** At any time prior to Seller Delivering Notice declaring the Contract Void, Buyer may remove this contingency by delivering to Seller evidence of Buyer's ability to complete settlement without obtaining the Specified Financing. **If Buyer removes the Financing Contingency but fails to complete Settlement by the Settlement Date for any reason not permitted by this Contract or as a result of any Default by Seller, then the provisions of the DEFAULT paragraph shall apply.**

6. **FINANCING REJECTION:** Buyer may Deliver Notice declaring the Contract Void if Buyer receives a written rejection for the Specified Financing from Lender and Delivers a copy of the written rejection to Seller.

7. **APPRAISAL CONTINGENCY: IF CONTRACT IS CONTINGENT UPON FINANCING AND SUCH SPECIFIED FINANCING IS DECLINED BASED UPON THE APPRAISAL, BUYER WILL NOT BE IN DEFAULT, EVEN IF THIS APPRAISAL CONTINGENCY HAS EXPIRED OR HAS BEEN REMOVED.**

This Contract ☑ is **OR** ☐ is not contingent until 6:00 p.m. on the **18** day after the Date of Ratification ("Appraisal Deadline") for Buyer to obtain a written appraised valuation of the Property ("Appraisal") certifying the value of the Property to be no less than the Sales Price (check with Lender, if applicable, to confirm that Appraisal will be completed by the Appraisal Deadline). If neither box is checked, this Contract is contingent upon an Appraisal pursuant to this paragraph and the Appraisal Deadline is the Financing Deadline set forth above. If Buyer is obtaining financing, Lender shall select the appraiser. If this is a cash sale, Buyer shall select the appraiser. The appraiser shall be licensed to perform Appraisals in the jurisdiction in which the Property is located. Seller shall make the Property available for inspection by such appraiser.

In the event that the Appraisal is lower than the Sales Price, Buyer has the option of proceeding with this Contract at the stated Sales Price without regard to the Appraisal. However, should Buyer decline to proceed with this Contract at the stated Sales Price (due to the Appraisal being lower than the stated Sales Price), Buyer shall Deliver to Seller, by the Deadline, a Notice (GCAAR Form "Appraisal Notice and/or Addendum"), requesting that the Sales Price be reduced to a specified lower amount of not less than the appraised value, together with a copy of the written Appraisal ("Buyer's Appraisal Notice"). This Contingency will terminate at the Appraisal Deadline, unless by the Appraisal Deadline Buyer Delivers to Seller Buyer's Appraisal Notice.

In the event that Buyer Delivers to Seller Buyer's Appraisal Notice by the Appraisal Deadline, the parties shall have until 6:00 p.m. on the 3rd Day after Delivery of the Notice ("Negotiation Period") to negotiate a mutually acceptable new Sales Price. At any time during the Negotiation Period, parties may make, modify, or alter as many Appraisal Notices as desired to reach mutually acceptable terms. Parties may agree on terms by both executing the Appraisal Notice and/or Addendum describing the agreed upon new Sales Price within the Negotiation Period.

If, at the end of the Negotiation Period, the parties are unable to reach an agreement, Buyer shall have the option to void this Contract by Delivering Notice to Seller by 6:00 p.m. on the 3rd Day following the end of the Negotiation Period, otherwise this appraisal contingency shall be removed, and this Contract will remain in full force and effect at the original Sales Price.

8. **BUYER DEFAULT PROVISIONS:** Buyer will be in Default if Settlement does not occur on the Settlement Date as a result of any of the following actions by Buyer:

   A. Failure to lock-in the interest rate(s) and the rate(s) increase so that Buyer does not qualify for such financing; **OR**
   B. Failure to comply with Lender's reasonable requirements in a timely and diligent manner; **OR**
   C. Application is made with an alternative lender other than the Lender as defined herein and that alternative lender fails to meet the Settlement Date; **OR**
   D. Does not have the down payment, closing fees and any other required funds; **OR**
   E. Makes any deliberate misrepresentations, material omissions or inaccuracies in financial information that results in the Buyer's inability to secure the financing; **OR**
   F. Failure to make application to Lender for the Specified Financing, or application for property insurance, within 7 days of Date of Ratification; **OR**
   G. Does or fails to do any act following the Date of Ratification that prevents Buyer from completing Settlement.

9. **SALE/SETTLEMENT/LEASE OF OTHER PROPERTY:** Unless specified in a written contingency, neither this Contract nor the financing is dependent or contingent on the sale and settlement or lease of other real property.

©2025, The Greater Capital Area Association of REALTORS®, Inc.
This recommended form is the property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this form should be destroyed.

dotloop signature verification: dtlp.us/dC8L-1vxK-Ske4
Docusign Envelope ID: 0509AF39-A6FB-4ADB-BB0D-C58DEF0B2792

10. **LENDER-REQUIRED REPAIRS:** If, as a condition of providing financing under this Contract, Lender requires repairs to be made to the Property that have not otherwise been agreed to be Seller's responsibility, then the following procedure will be followed:

Buyer will Deliver Notice to Seller of Lender's required repairs and a request that Seller complete the repairs prior to settlement. Within 5 Days after Delivery of Buyer's Notice, Seller will Deliver Notice to Buyer as to whether or not Seller will make the repairs. Failure of Seller to Deliver Notice to Buyer within said timeframe shall be deemed an election by Seller to NOT make the repairs. If Seller Delivers Notice to Buyer electing to not make the repairs (or is deemed to have elected to not make the repairs), within 5 days Buyer shall Deliver Notice to Seller as to whether or not Buyer will make the repairs. If neither Seller nor Buyer has Delivered Notice within said timeframe agreeing to make the repairs, then this Contract will become void.

_Trudah Harding_

dotloop verified
08/12/25 8:47 AM EDT
SYJR-Z4WH-LLS8-JPVH

Seller _____ Date
**Alwin W Harding**

Seller _____ Date

Signed by:
_kaitlin Low kalkstein._   8/9/2025

Buyer 16E28CB104924C4...   Date
**Kaitlin Low Kalkstein**

DocuSigned by:
_Mark Huelsman_   8/9/2025

Buyer 372107EE80DF436...   Date
**Mark Huelsman**

©2025, The Greater Capital Area Association of REALTORS®, Inc.
This recommended form is the property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this form should be destroyed.





# Addendum of Clauses—A
## (*For use with GCAAR Sales Contract and MR Residential Contract of Sale*)

The Contract of Sale dated **August 8, 2025** between **Kaitlin Low Kalkstein, Mark Huelsman**

_____ (Buyer) and **Alwin W Harding**

_____ (Seller) for the purchase of the real property located at

| Address | **619 ALLISON ST NW** | Unit # | |
|---|---|---|---|

| City | **WASHINGTON** | State **DC** | Zip Code **20011** | is hereby amended by the incorporation |

of this Addendum, which shall supersede any provisions to the contrary in the Contract.

**It is agreed that only the numbered paragraphs which are checked and initialed by all parties shall be made a part of said Contract.**

☐ 1. **SELLER'S CREDIT(S) TO BUYER:** In addition to any other amount(s) the Seller has agreed to pay under other provisions of this Contract, Seller shall credit Buyer at the time of Settlement with the sum of $ _____ **OR** _____ % of Sales Price towards Buyer's settlement costs. It is Buyer's responsibility to confirm with Lender, if applicable, that the entire credit provided for herein may be utilized. If Lender prohibits Seller from payment of any portion of this credit, then said credit shall be reduced to the amount allowed by Lender.

☒ 2. **INSPECTION CONTINGENCY:** This Contract is contingent until 6 p.m. on the __10__ Day after the Date of Ratification *("Deadline")* for inspections of the Property, not including radon, lead-based paint, private water supply systems ("Well") and on-site sewage disposal systems ("Septic") inspections *(which require separate contingencies)*, by Buyer, a home inspection firm and/or other representative(s) at Buyer's discretion and expense. Seller will have all utilities in service at the time of inspection(s).

**Select options(s) A, B, OR BOTH below. Failure to select either A or B below will result in BOTH being selected.**

☒ A. **RIGHT TO NEGOTIATE:** This right will terminate at the Deadline unless by the Deadline Buyer Delivers to Seller a copy of the report(s) from the inspection(s) of the Property together with a Home Inspection Notice (GCAAR Form "Home Inspection Contingency Notice and/or Addendum") listing home inspection conditions or items that Buyer requires Seller to repair, and/or stipulating a dollar credit, as allowed by Lender, to be paid at Settlement by Seller toward Buyer's charges to buy the Property. Upon such Delivery, **2.B**, if selected below, shall **NO LONGER** be an option.

If the Seller elects not to perform in accordance with the Home Inspection Notice or makes another offer, Seller will Deliver Notice to Buyer of such decision within 3 Days after Delivery of the Home Inspection Notice.

Within 3 Days after Delivery of a Notice from one party, the other party may:
1) Deliver Notice accepting the terms contained in the other party's Notice; **OR**
2) Deliver Notice continuing negotiations by making another offer; **OR**
3) Deliver Notice that this Contract will become void at 6 p.m. on the 3rd Day following Delivery, **UNLESS** the recipient Delivers to the other party Notice of the acceptance of the last Delivered offer prior to that date and time, in which case this Contract will remain in full force and effect. Seller may not exercise this option as the first response to Buyer.

**FAILURE OF EITHER PARTY TO RESPOND WITHIN 3 DAYS AFTER DELIVERY OF NOTICE FROM THE OTHER PARTY WILL RESULT IN <u>ACCEPTANCE</u> BY BOTH PARTIES OF THE TERMS OF THE MOST RECENT NOTICE.**

☐ B. **RIGHT TO CANCEL:** This right will terminate at the Deadline unless by the Deadline Buyer Delivers to Seller a Notice declaring this Contract void.

☐ 3. **ADDITIONAL "AS-IS" PROVISIONS:**
A. The following terms in this Contract are hereby amended (check all that apply):
☐ All clauses pertaining to delivery of the Property free and clear of trash and debris and broom clean are deleted.
☐ All clauses pertaining to termites and wood-destroying insects are deleted.
☐ All clauses pertaining to Well and/or Septic systems are deleted.
☐ All requirements for Seller to comply with orders or notices of violations of any Condominium Unit Owners' Association, and/or Homeowners' Association related to the physical condition of the Property are deleted.
B. Except as otherwise specified herein, the provisions of the Property Maintenance and Condition Paragraph will remain in full force and effect.
C. Seller will have smoke detectors and carbon monoxide detectors installed and operational prior to Settlement in accordance with the requirements of the jurisdiction in which the Property is located.

©2023 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form # 1332 - Addendum of Clauses — A                    1 of 3                    10/2023
Real Broker LLC, 9841 Washingtonian Blvd Ste 200 Gaithersburg MD 20878
Peggy Lyn Speicher                    Phone: 3015807708    Fax:    619 Allison St NW,
Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201    www.lwolf.com

[x]    **4.**    **RADON INSPECTION CONTINGENCY:**



Initial

**A.**    This Contract is contingent until 6 p.m. on the ___10___ Day after the Date of Ratification ("Deadline") to allow Buyer, at Buyer's discretion and expense, to have the Property inspected for the presence of radon. Inspection to be done by a testing firm listed with the National Radon Safety Board ("NRSB") or the National Radon Proficiency Program (NRPP) using or U.S. Environmental Protection Agency ("EPA") approved testing method. Testing and retesting devices, if applicable, to be placed and retrieved by an NRSB or NRPP-listed technician or their authorized subcontractor. This contingency will terminate at the Deadline unless by the Deadline, Buyer Delivers to Seller a copy of the radon testing report which confirms the presence of radon that equals or exceeds the action level established by the EPA together with either **1** or **2**:

1)    Radon Testing Notice (GCAAR Form "Radon Testing Notice and/or Addendum/Release") requiring Seller at Seller's expense prior to Settlement to remediate the radon condition; or stipulating a dollar credit, as allowed by the Lender, to be paid at Settlement by Seller towards Buyer's charges to buy the Property. In the event that Seller agrees to remediate the radon condition, such work shall be performed by a NRSB or NRPP-listed remediation firm who will provide written verification that the required remediation has been performed, including test results demonstrating that the presence of radon is below the action level established by EPA.

If Seller elects not to perform in accordance with the Radon Testing Notice or makes another offer, Seller will Deliver Notice to Buyer of such decision within 3 Days after Delivery of the Radon Testing Notice.

Within 3 Days after Delivery of Notice from one party, the other party may:
- Deliver Notice accepting the terms contained in the other party's Notice; OR
- Deliver Notice continuing negotiations by making another offer; OR
- Deliver Notice that this Contract will become void at 6 p.m. on the 3rd Day following Delivery, unless the recipient Delivers to the other party Notice of the acceptance of the last Delivered offer prior to that date and time, in which case this Contract will remain in full force and effect. Seller may not exercise this option as the first response to Buyer.

Failure of either party to respond within 3 Days after Delivery of a Notice from the other party will result in acceptance by both parties of the terms of the most recent Notice.

2)    Notice declaring this Contract void.

**B.**    **FOR MONTGOMERY COUNTY CONTRACTS ONLY:** Buyer MUST deliver test test results by Deadline or this **Contingency terminates and Seller is then mandated to perform a radon test and provide results to Buyer on or before Settlement Date, unless Seller is exempt from Radon Test Disclosure.**

[ ]    **5.**    **HOLDING DEPOSIT CHECK:** *NOT TO BE USED FOR A MARYLAND TRANSACTION WHEN A REAL ESTATE BROKER IS THE ESCROW AGENT.* Escrow Agent shall hold Deposit check until _____ Days after Ratification, at which time said check shall be deposited.

[ ]    **6.**    **LICENSEE RELATIONSHIP DISCLOSURE:** _____ is a licensed real estate agent associated with _____ (Company) and is (check all that apply) [ ] the Buyer, [ ] the Seller, [ ] related to one of the parties hereto in the following way: _____ and may share in the Broker's Fee.

[ ]    **7.**    **ADDITIONAL PROVISIONS:** _____

_____

_____

_____

_____

_____

_____

©2023 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form # 1332 - Addendum of Clauses — A          2 of 3                                        10/2023

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201   www.lwolf.com          619 Allison St

dotloop signature verification: dtlp.us/dC8L-1sXt-CpIx
Docusign Envelope ID: 0509AF39-A6FB-4ADB-BB0D-C58DEF0B2792

All other terms of the Contract remain in full force and effect.

PARTIES ACKNOWLEDGE THEY HAVE BEEN AFFORDED THE OPPORTUNITY TO REVIEW AND INCORPORATE THE ADDITIONAL PROVISIONS CONTAINED IN ADDENDUM OF CLAUSES-B AND HAVE AGREED TO INCORPORATE ONLY THOSE PROVISIONS ATTACHED HERETO.

| | | |
|---|---|---|
| _Teudole Harding_ | | 8/9/2025 |
| Seller **Alwin W Harding** | Date | Buyer **Kaitlin Low Kalkstein** Date |
| | | 8/9/2025 |
| Seller | Date | Buyer **Mark Hudelman** Date |

©2023 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.





## Addendum for Seller to Pay Buyer Broker Compensation

*(For use in Montgomery County, MD and Washington, DC)*

The Contract of Sale dated **08/08/2025** between **Kaitlin Low Kalkstein, Mark Huelsman** ("Buyer") and **Alwin W Harding** (Seller) for the purchase of the real property located at Address **619 ALLISON ST NW**

Unit # _____ City **WASHINGTON** State **DC** Zip Code **20011** , is hereby amended by the incorporation of this Addendum, which shall supersede any provisions to the contrary in the Contract.

Seller agrees to pay Buyer Broker a broker's compensation ("Buyer Broker Compensation") equal to:

[X] **2.500** % of the sales price; OR

[ ] $ _____ ; OR

[ ] _____ % of the sales price AND $ _____ .

Payment of Buyer Broker Compensation is due at Settlement. Seller instructs the Settlement Agent to pay the Buyer Broker Compensation as set forth in the listing agreement and/or to disburse any additional Buyer Broker Compensation as stipulated by this Addendum to the Contract to the Buyer Broker at Settlement.

| *Trudah Harding* | dotloop verified 08/12/25 8:47 AM EDT T2SX-NYS1-GJE4-PNGU | | Signed by: *kaitlin Low kalkstein* | 8/9/2025 |
|---|---|---|---|---|
| Seller **Alwin W Harding** | | Date | Buyer **Kaitlin Low Kalkstein** | Date |
| | | | DocuSigned by: *Mark Huelsman* | 8/9/2025 |
| Seller | | Date | Buyer **Mark Huelsman** | Date |

© 2024, The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only. .
Previous editions of this Form should be destroyed.

GCAAR Form #1302 - Addendum for Seller to Pay Buyer Broker Compensation          Page 1 of 1                    7/2024

Real Broker LLC, 9841 Washingtonian Blvd Ste 200 Gaithersburg MD 20878                                                                                    619 Allison St
Peggy Lyn Speicher          Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201   www.lwolf.com          Phone: 3015807708          Fax:

 

## General Addendum

The Contract of Sale dated **August 8, 2025**

Address **619 ALLISON ST NW**

City **WASHINGTON** , State **DC** , Zip **20011**

Between Seller **Alwin W Harding**

and Buyer **Kaitlin Low Kalkstein, Mark Huelsman**

is hereby amended by the incorporation of this Addendum, which shall supersede any provisions to the contrary in the Contract.

**ALL PARTIES AGREE, PRIOR TO CLOSING, SELLER WILL COMPLETE ALL WATERPROOFING WORK AS STATED IN THE ATTACHED QUOTE FROM AQUA GUARD WATERPROOFING CORPORATION AND DELIVER RECEIPTS AT LEAST ONE (1) WEEK PRIOR TO CLOSING.**

**IN ADDITION TO THE WORK COMPLETED BY AQUA GUARD, SELLERS WILL REMEDIATE ALL ACTIVE MOLD INT HE BASEMENT, BY TEARING OUT ALL DAMAGED FLOORING AND DRYWALL, DRYING OUT THE BASEMENT, AND RETESTING TO ENSURE MOLD REMEDIATION WAS COMPLETED PROPERLY AND SHOWING NO EXISTING MOLD INT HE HOME, AND DELIVER THESE RESULTS AT LEAST ONE (1) WEEK PRIOR TO CLOSING.**

**FURTHERMORE, SELLERS WILL REPAIR ALL DAMAGED CONCRETE FLOORING THAT IS CAUSED BY THE WATERPROOFING, BUT SELLERS WILL NOT REPLACE ANY FLOORING OR DRYWALL THAT WAS REMOVED FOR THE WORK TO BE COMPLETED.**

| | | | |
|---|---|---|---|
| *Trudah Harding* | dotloop verified 08/12/25 8:47 AM EDT KIMD-PMVD-A9OV-EU2Y | *kaitlin low kalkstein* | 8/9/2025 |
| Seller | Date | Buyer 065228CB104924C4... | Date |
| **Alwin W Harding** | | **Kaitlin Low Kalkstein** | |
| | | *Mark Huelsman* | 8/9/2025 |
| Seller | Date | Buyer 076E80DF436... | Date |
| | | **Mark Huelsman** | |

© 2010 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR #1320 –General Addendum - MC, DC            Page 1 of 1                                                    10/2010

Real Broker LLC, 9841 Washingtonian Blvd Ste 200 Gaithersburg MD 20878          Phone: 3015807708          Fax:          619 Allison St NW,
Peggy Lyn Speicher          Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5   www.lwolf.com

dotloop signature verification: dtlp.us/dC8L-fwJq-krZr
Docusign Envelope ID: 0509AF39-A6FB-4ADB-BB0D-C58DEF0B2792







**WWW.FIXBASEMENTS.COM**

May 19, 2025

Attention:    Mr. Ketaa Golden

Re:    619 Allison Street NW
       Washington D.C. 20011

Dear Mr. Golden,

This is a follow-up to the inspection that was completed at the above referenced address on May 19, 2025.  You requested us to forward the project specifications.

**Aquaguard Waterproofing proposes the following solutions:**

**INSIDE SERVICE:**

The existing concrete floor on the specified walls are to be removed approximately 11-14 inches out and from the adjacent edge of the walls along the perimeter of the basement. All sub-floor materials (clay, gravel and any outdated drainage piping) will be removed to clear a clean, sloped trench path along the inner side of the footer. In the trench path, Aquaguard will install a 4-inch Advanced Drainage System. This consists of a perforated, flexible coiled piping in a bed of large washed gravel, (sloped 1 inch for every 10 ten feet for proper drainage). This drainage piping will empty into a 30" sub-floor, commercial grade plastic container housing a heavy-duty submersible pump  Water from the pump will discharge via 1 ½ inch PVC piping above ground and allowed to run off as surface water.

Since your basement is cement block the block facings below the floor slab are to be exposed and all block cores to include the mortar joints are to be bled of any water that may exist during installation. The crew will then install the AquaGuard MiraDrain wall management system over the "bleeder holes" right above the floor to ensure proper channeling of water below the floor slab. This AquaGuard MiraDrain wall system will act as an expansion joint and serve as a back-up system for water seepage through the wall. Any wall or floor coverings in the area will be cut approx. 12" +/- in the area serviced. Client's responsibility to replace.

The crew will then complete the job by hand troweling a cement replacement over the trench using a Portland cement mix. All job-related debris will be removed and hauled away and serviced area will be left broom cleaned.

**Aquaguard Waterproofing Corporation**
**6820 Distribution Drive Beltsville, MD 20705**
**800-784-9913**
**"The Trusted Name in Waterproofing"**

  

**WWW.FIXBASEMENTS.COM**

Page 2
Re:     619 Allison Street NW
        Washington D.C. 20011

**Project Specifications:**

Basement Footage:      52' (Rear Addition all Four (4) Foundation walls)
One (1) heavy duty industrial pump, check valve, high volume crock
Obtain required District of Columbia Building Permit

Total investment for the above project is $8,780
**All proposals valid for 30 days from date of this proposal

Warranty: Lifetime against seepage for interior system; Five-year pump warranty. Please review agreement for warranty details. Warranty transferable to one subsequent owner. Dry Basement Certificate will be presented at time of settlement, if needed.

Aquaguard is a privately held company that has been specializing in foundation repair since 1990. As the area's certified waterproofer, we can handle any foundation problems and hold our crews to the highest standards in the industry.

Please feel free to contact me with any questions on 240-750-3102

Sincerely,

**Mark DeGirolamo**
Senior Inspector



---

**THIS NOTICE IS REQUIRED BY LAW AND IS NOT A CONTRACT.**

**THIS DISCLOSURE DOES NOT CREATE A BROKERAGE RELATIONSHIP.**

---

## Disclosure of Brokerage Relationship
## District of Columbia

Prior to providing specific real estate assistance, District of Columbia law requires that a licensee disclose to any party who the licensee does NOT represent the identity of the party to the proposed transaction which the licensee does represent. Even though a licensee may not represent you, that licensee must still treat you honestly in the transaction.

We, the undersigned ☐ Buyer(s)/Tenant(s) or ☒ Seller(s)/Landlord(s) acknowledge receipt of this Disclosure, and understand we are **NOT** represented by the licensee identified below.

| **Ryan McKevitt** | and | **Real Broker** |
|---|---|---|
| (Licensee & License #) | | (Brokerage Firm) |

The licensee and brokerage firm named above represent the following party in the real estate transaction:

☐ **Seller(s)/Landlord(s)** (The licensee has entered into a written listing agreement with the seller(s) or landlord(s) or is acting as a sub-agent of the listing broker.)

☒ **Buyer(s)/Tenant(s)** (The licensee has entered into a written agency agreement with the buyer/tenant.)

☐ **Designated Agent of the** ☐ **Buyer(s)/Tenant(s) or** ☐ **Seller(s)/Landlord(s)**
(Both the buyers and sellers have previously consented to "Designated Agency", and the licensee listed above is indicating the parties represented.

*Trudah Harding*
dotloop verified
08/12/25 8:47 AM EDT
RLE7-LHGW-JE5Q-J3TG

| Acknowledged | Date |
|---|---|

| Acknowledged | Date |
|---|---|

Name of Person(s): _____

I certify on this date that I, the real estate agent, have delivered a copy of this disclosure to the person(s) identified above.

Signed (Licensee) _____    Date _____

Previous editions of this form should be destroyed.

Real Broker LLC, 9841 Washingtonian Blvd Ste 200 Gaithersburg MD 20878                                                                      619 Allison St NW,
Peggy Lyn Speicher                                  Phone: 3015807708      Fax:
                    Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

dotloop signature verification: dtlp.us/dC9L-1L4C-gahv
Docusign Envelope ID: 0509AF39-A6FB-4ADB-B80D-C86DEF662792
dotloop signature verification: dtlp.us/rp83-8WXB-lgnY

 

## GCAAR
### Inclusions/Exclusions Disclosure and Addendum
*(Required for use with GCAAR Listing Agreement & Sales Contract)*

**PROPERTY ADDRESS: 619 Allison St NW., Washington DC , 20011**

**PERSONAL PROPERTY AND FIXTURES:** The Property includes the following personal property and fixtures, if existing: built-in heating and central air conditioning equipment, plumbing and lighting fixtures, sump pump, attic and exhaust fans, storm windows, storm doors, screens, installed wall-to-wall carpeting, central vacuum system (with all hoses and attachments); shutters; window shades, blinds, window treatment hardware, mounting brackets for electronics components, smoke, carbon monoxide, and heat detectors; TV antennas; exterior trees and shrubs; and awnings. Unless otherwise agreed to herein, all surface or wall mounted electronic components/devices **DO NOT CONVEY.** The items checked below convey. If more than one of an item conveys, the number of items is noted in the blank.

**KITCHEN APPLIANCES**
- [ ] Stove/Range
- [X] Cooktop
- [X] 2 Wall Oven
- [X] ~~Microwave~~
- [X] Refrigerator
- [X] w/ Ice Maker
- [ ] Wine Refrigerator
- [X] Dishwasher
- [X] Disposer
- [ ] Separate Ice Maker
- [ ] Separate Freezer
- [ ] Trash Compactor

**LAUNDRY**
- [X] ~~Washer~~
- [X] ~~Dryer~~

**ELECTRONICS**
- [ ] Security Cameras
- [ ] Alarm System
- [ ] Intercom
- [ ] Satellite Dishes
- [ ] Video Doorbell

**LIVING AREAS**
- [ ] Fireplace Screen/Door
- [ ] Gas Log
- [ ] Ceiling Fans
- [ ] Window Fans
- [ ] Window Treatments

**WATER/HVAC**
- [ ] Water Softener/Conditioner
- [ ] Electronic Air Filter
- [ ] Furnace Humidifier
- [ ] Window A/C Units

**RECREATION**
- [ ] Hot Tub/Spa, Equipment, & Cover
- [ ] Pool Equipment & Cover
- [ ] Sauna
- [ ] Playground Equipment

**OTHER**
- [ ] Storage Shed
- [ ] Garage Door Opener
- [ ] Garage Door Remote/Fob
- [ ] Back-up Generator
- [ ] Radon Remediation System
- [ ] Solar Panels *(must include Solar Panel Seller Disclosure/Resale Addendum)*
- [ ]

**THE FOLLOWING ITEMS WILL BE REMOVED AND NOT REPLACED:** _____

**LEASED ITEMS, LEASED SYSTEMS & SERVICE CONTRACTS:** Leased items/systems or service contracts, including but not limited to: appliances, fuel tanks, water treatment systems, lawn contracts, pest control contracts, security system and/or monitoring, and satellite contracts **DO NOT CONVEY** unless disclosed here: _____

**CERTIFICATION:** Seller certifies that Seller has completed this checklist disclosing what conveys with the Property.

| | | | |
|---|---|---|---|
| *Trudah Harding* | | Seller | Date |
| **Seller Trudah Harding** | Date | | |

**ACKNOWLEDGEMENT AND INCORPORATION INTO CONTRACT:** *(Completed only after presentation to the Buyer)*

The Contract of Sale dated  8/12/2025  between Seller **Trudah Harding**  Kaitlin Low Kalkstein

and Buyer  Mark Huelsman

for the Property referenced above is hereby amended by the incorporation of this Addendum.     8/12/2025

| | | |
|---|---|---|
| Seller *(sign only after Buyer)* | Date | Buyer —Signed by: *kaitlin low kalkstein*   8/12/2025 |
| Seller *(sign only after Buyer)* | Date | Buyer |

©2020, The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by REALTOR® members only.
Previous editions of this form should be destroyed.

GCAAR # 911 - Inclusions/Exclusions — MC & DC     Page1 of 1     7/2020

Fairfax Realty Inc, 3190 Fairview Park Dr #100 Falls Church VA 22042     Phone: 703.533-8660     Fax: 703.533-8665     Mrs. Harding
Kwausttii Golden     Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5  www.lwolf.com

dotloop signature verification: dtlp.us/0GbL-1aeC-jnjn
Docusign Envelope ID: 0509AF39-A6FB-4ADB-BB0D-C58DEF0B2792



## THIS NOTICE IS REQUIRED BY LAW AND IS NOT A CONTRACT.

## THIS DISCLOSURE DOES NOT CREATE A BROKERAGE RELATIONSHIP.

# Disclosure of Brokerage Relationship
# District of Columbia

Prior to providing specific real estate assistance, District of Columbia law requires that a licensee disclose to any party who the licensee does NOT represent the identity of the party to the proposed transaction which the licensee does represent. Even though a licensee may not represent you, that licensee must still treat you honestly in the transaction.

We, the undersigned ☐ Buyer(s)/Tenant(s) or ☒ Seller(s)/Landlord(s) acknowledge receipt of this Disclosure, and understand we are **NOT** represented by the licensee identified below.

| Kwauattii Ketaa Golden SP98358298 | and | Fairfax Realty Select |
|---|---|---|
| (Licensee & License #) | | (Brokerage Firm) |

The licensee and brokerage firm named above represent the following party in the real estate transaction:

☒ Seller(s)/Landlord(s) (The licensee has entered into a written listing agreement with the seller(s) or landlord(s) or is acting as a sub-agent of the listing broker.)

☐ Buyer(s)/Tenant(s) (The licensee has entered into a written agency agreement with the buyer/tenant.)

☐ Designated Agent of the ☐ Buyer(s)/Tenant(s) or ☐ Seller(s)/Landlord(s)
(Both the buyers and sellers have previously consented to "Designated Agency", and the licensee listed above is indicating the parties represented.

*Signed by:*
kaitlin Lew kalkstein                                    8/12/2025

**Acknowledged**                                          Date

*Signed by:*
whitt flom                                                8/12/2025

**Acknowledged**                                          Date

Name of Person(s): _____
I certify on this date that I, the real estate agent, have delivered a copy of this disclosure to the person(s) identified above.

_____                    _____
Signed (Licensee)                               Date

Previous editions of this form should be destroyed.

GCAAR Form # 1002-DC - Disclosure of Brokerage Relationship            Page 1 of 1            10/2011
(formerly form #143)
Fairfax Realty Inc, 3190 Fairview Park Dr #140 Falls Church VA 22042        Phone: 703.533.8660   Fax: 703.533.8665   Mrs. Harding
Kwauattii Golden        Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

dotloop signature verification: dtlp.us/tw2K-5bz8-KbRW
Docusign Envelope ID: 744FEFEF-4006-4F3D-AE7D-82186E45ED4E


REALTOR®


GCAAR
GREATER CAPITAL AREA ASSOCIATION OF REALTORS®


EQUAL HOUSING
OPPORTUNITY

# HOME INSPECTION CONTINGENCY NOTICE AND/OR ADDENDUM

Regarding the Contract of Sale with Offer Date __08/08/2025__ between **Kaitlin Low  Kalkstein, Mark Huelsman** _(Buyer)_ and ~~Alwin W Harding~~ Trudah Harding

_(Seller)_ for the purchase of the real property located at Address **619 ALLISON ST**

**NW**      Unit # _____

City     **WASHINGTON**     State   **DC**   Zip Code   **20011**   :

In the event this Notice becomes an Addendum, the provisions of this Addendum shall supersede anything to the contrary contained elsewhere in the Contract. **Select either A OR B below, as allowed by the Inspection Contingency. ONCE NOTICE IS DELIVERED WITH A OR B SELECTED, THE OTHER OPTION SHALL NO LONGER BE AVAILABLE.**

[X]  A.  REPAIRS/CREDITS: Buyer hereby provides a copy of inspection reports and agrees to remove the Inspection Contingency provided Seller performs the following repairs AND/OR provides a credit as indicated below.

All repairs/replacements shall be performed in a good workmanlike manner. Repairs agreed to must be completed and receipts must be provided to Buyer no later than 5 days prior to Settlement, unless otherwise agreed.

LICENSED CONTRACTOR(S) AND RECEIPTS: The following items enumerated from the below list shall be replaced, repaired or otherwise rectified by licensed contractors and Seller shall provide Buyer with a receipt from said contractors for such work by Settlement: _____

_____.

If any credits from Seller to Buyer are requested, all parties agree to execute an Addendum reflecting the total amount of such credits herein, if required by Lender. **It is Buyer's responsibility to confirm with their Lender that the entire amount of all credits provided from Seller to Buyer may be utilized.** If Lender prohibits Buyer from accepting of any portion of any credit, then said credit shall be reduced to the amount allowed. The credits requested herein, if any, shall be in addition to any other amount(s) the Seller has agreed to pay under other provisions of this Contract.

The Inspection Contingency provides that failure of either party to respond within 3 days after Delivery of Notice requesting repairs and/or a credit towards settlement costs will result in acceptance by both parties of the terms of the most recent Notice.

**Please number each item.**
**IN LIEU OF ANY WORK BEING COMPLETED BY THE SELLER, THE SELLER**
**WILL CREDIT THE BUYERS A TOTAL OF ~~$36,820~~ AT THE TIME OF CLOSING.**

$18,000      ~~$27,000~~      ~~$12,000~~

_____

_____

_____

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

Real Broker LLC, 9841 Washingtonian Blvd Ste 200 Gaithersburg MD 20878     Phone: 3015807708     Fax:     619 Allison St NW,
Peggy Lyn Speicher     Produced with Lone Wolf Transact 717 N Harwood St, Suite 2200, Dallas, TX 75201 www.lwolf.com

dotloop signature verification: dtlp.us/tw2k-5ec0-2kvh
Docusign Envelope ID: 744FEFEF-4006-4F3D-AE7D-82186E45ED4E

☐ B.  VOID CONTRACT *(ONLY IF PERMITTED BY THE INSPECTION CONTINGENCY)*: Buyer declares this Contract Void, and all parties shall immediately execute a Release Agreement.

| *Trudah Harding* | dotloop verified 09/03/25 12:03 AM EDT ASFH-KLXI-OFQO-44QU | | Signed by: *kaitlin low kalkstein* | 8/27/2025 |
|---|---|---|---|---|
| Seller ~~Alwin W Harding~~ | | Date | Buyer **Kaitlin Low Kalkstein** | Date |
| Trudah Harding | | | Signed by: | 8/27/2025 |
| | | | 3721076E59DDF436... | |
| Seller | | Date | Buyer **Mark Huelsman** | Date |

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

dotloop signature verification: dtlp.us/tw2K-5Dgt-GDSH

Docusign Envelope ID: 744FEFEF-4006-4F3D-AE7D-82186E45ED4E





## General Addendum

The Contract of Sale dated **August 8, 2025**

Address **619 ALLISON ST NW**

City **WASHINGTON** , State **DC** , Zip **20011**

Between Seller Trudah Harding    **Alwin W  Harding**

and Buyer    **Kaitlin Low Kalkstein, Mark Huelsman**

is hereby amended by the incorporation of this Addendum, which shall supersede any provisions to the contrary in the Contract.

$18,000    ~~$12,000~~    ~~$27,000~~

**ALL PARTIES AGREE THE ~~SELER WILL~~ CREDIT THE BUYERS ~~$36,820~~ AT THE TIME OF CLOSING.**

**ALL OTHER TERMS TO REMAIN IN FULL FORCE AND EFFECT.**

ALL PARTIES THE NEW CLOSING DATE IS SEPTEMBER 15, 2025.

| | |
|---|---|
| *Trudah Harding*  <br>dotloop verified<br>09/03/25 12:03 AM EDT<br>VABV-ZZYF-1MDI-LYPA | Signed by:  *kaitlin low kalkstein*   8/27/2025  <br>06028CB404924C4... |
| Seller    Date<br>~~Alwin W  Harding~~ Trudah Harding | Buyer    Date<br>Kaitlin Low Kalkstein   8/27/2025  <br>*Mark Huelsman*  3721076E80DF436... |
| Seller    Date | Buyer    Date<br>Mark Huelsman |

© 2010 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

Real Broker LLC, 9841 Washingtonian Blvd Ste 200 Gaithersburg MD 20878    Phone: 3015807708    Fax:    619 Allison St NW,
Peggy Lyn Speicher    Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5    www.lwolf.com