**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| In Re: | : | |
| | : | |
| **TRUDAH A. HARDING,** | : | Case No.: 25-11103-MCR |
| | : | **Chapter 13** |
| Debtor. | : | |
| | : | |

### TRUSTEE'S OPPOSITION TO DEBTOR'S MOTION TO SELL REAL PROPERTY

COMES NOW, Rebecca A. Herr, Chapter 13 Trustee and files this Opposition to the *Motion to Sell Real Property* (ECF 106) filed by Trudah A. Harding ("Debtor"), and in response represents the following:

1. Debtor filed this bankruptcy petition on February 10, 2025. Debtor's amended plan (ECF 71) has not been confirmed.

2. The Court has subject matter jurisdiction over the motion pursuant to 28 U.S.C. § 1334, 28 U.S.C. §157(a), and Local Rule 402 of the United States District Court for the District of Maryland. These matters are "core proceeding[s]" under 28 U.S.C. § 157(b)(2)(A) and (L) and the Court has statutory and constitutional authority to enter a final order.

3. Debtor seeks to sell real property at 619 Allison Street, NW, Washington, DC 20011 (DC property), and use the non-exempt cash proceeds to pay down secured liens located on a different parcel of property at 13604 Canal Vista Court, Potomac MD 20854, bypassing the trustee entirely. Per the motion (see P. 6), Debtor seeks to pay $685,000 (or alternatively all remaining net proceeds) of non-exempt funds to Charity at its Best and pay $118,000 in real estate

taxes to Montgomery County. No payoff of the Montgomery County lien has been provided to the trustee.

4. The final claims bar date of August 11, 2025, has passed.

5. Per the amended Schedule D (ECF 77) filed on July 16, 2025, Debtor listed a lien owed to Montgomery County MD in the amount of $88,409.16. This creditor has not filed a claim.

6. Proof of claims 1, 4, 5 and 6 are all allowed, general unsecured claims which total approximately $12,688.80. Administrative claims, including debtor's counsel's fees of $3800, total approximately $5,641.93.

7. Debtor, in her amended plan, proposes in section 3.4 of the plan, to pay unsecured claims in full upon sale of DC property from sales proceeds of DC property. Debtor also proposes in section 4.7 of the plan to pay 100% of allowed, general unsecured claims. Finally, Debtor proposes to pay the secured claims of Charity at its Best (claims 2 and 3), outside of the plan in section 4.6.5.

8. Debtor claims as exempt an amount of $6000 in the DC property on her Schedule C (ECF 77).

9. Debtor filed an Application to Employ Realtor (ECF 93) on August 12, 2025. The Court issued an Instruction (ECF 99) on September 3, 2025, which may have been cured at ECF 98. No order employing realtor has been entered.

10. The Court entered a consent order of which the trustee was not a party to on September 12, 2025, which in part: "Ordered that the Debtor shall have 90 days from the date of the entry of this Order to sell the property located at 619 Allison Street, NW, Washington, DC 20011 (the "DC Property), and deliver a minimum amount of sales proceeds from the sale of the

DC Property in the amount of $650,000.00 to the Creditor after the payment of all necessary closing costs and the payment of all outstanding property taxes associated with the MD Property."

11. Per the Motion to Shorten Time (ECF 107), settlement is set for September 15.

## ARGUMENT

12. While Debtor's proposed plan is a 100% plan, as required under 11 U.S.C. § 1325(a)(4) in a case where there is an estimated $803,000 of non-exempt equity in the DC property, neither the Motion nor the proposed order for this Motion requires turnover of the proceeds to the Chapter 13 Trustee. Instead, Debtor seeks to convert non-exempt cash proceeds to pay down secured creditors on the MD property, and divert funds away from the bankruptcy estate. This transfer also runs against the proposed method of payment in the plan to unsecured creditors, namely through sale of the DC property.

13. Typically, it is the trustee that pays claims. Claims 2 and 3 are still allowed claims, which probably should be paid by the trustee. The language of the consent order seeks to bypass the trustee and the plan, and pays the pool of secured creditors directly from a sale of real estate. This proposed sale ignores the plan language, and ignores the rest of the creditor pool which has a higher claim under the Chapter 7 liquidation test then oversecured creditors on a different parcel of real property. Further, Debtor could amend the plan at any time, as this plan has not been confirmed, and seek to value or pay Claims 2 and 3. Unless the trustee is holding all funds at confirmation, it is nearly impossible for the trustee to give an accurate payout, especially considering the length of this case, with two balloon mortgages with extremely high interest payments. The standard practice is to turnover all non-exempt sale proceeds pursuant to 11 U.S.C.

§ 542(a), which are undisputed property of the estate per 11 U.S.C. § 541, to the trustee for distribution to creditors.

14. While the trustee asserts that all non-exempt sale proceeds should be turned over to the trustee from this proposed sale, in the alternative, the trustee would require at minimum a carveout to the unsecured and administrative claims in this case, which would supersede any future amendments or modifications of the plan in the event Debtor should seek to treat Claims 2 and 3 inside the plan as some later date. The trustee needs approximately $18,330 less then $1800 received to pay administrative and allowed general unsecured claims. However, if Debtor's Counsel seeks some further application for fees based on extraordinary work, than this figure would increase.

15. If the Court does order sale of the DC Property on September 15, 2025, then a provision in the order should require the settlement agent (or the trustee or Debtor's Counsel) to hold the payment of the realtor's commission until the Court grants the Application to Employ.

WHEREFORE, the Trustee moves this honorable Court to deny the Debtor's request to sell the real property, as not being in the best interests of the bankruptcy estate for the reasons stated above, without prejudice.

Date: September 12, 2025        Respectfully submitted,

**/s/Rebecca A. Herr**
Rebecca A. Herr (Fed. Bar No. 29298)
Chapter 13 Trustee
185 Admiral Cochrane Dr, Ste 240
Annapolis, MD 21401
bherr@ch13md.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2025, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the Trustee's Opposition will be served electronically by the Court's CM/ECF system on the following:

Daniel M. Press    dpress@chung-press.com, pressdm@gmail.com;danpress@recap.email
(Debtor's Counsel)


I hereby further certify that on September 12, 2025 a copy of the Trustee's Opposition was also mailed first class mail, postage prepaid to:

Trudah A. Harding
13604 Canal Vista Court
Potomac, MD 20854
*Debtor(s)*

                                                **/s/ Rebecca A. Herr**
                                                Chapter 13 Trustee