United States Bankruptcy Court
District of Maryland

In re:                                                                                    Case No. 25-11103-MCR

Trudah A Harding                                                                          Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0416-0                              User: admin                                    Page 1 of 1

Date Rcvd: Sep 12, 2025                           Form ID: pdfparty                         Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 14, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Trudah A Harding, 13604 Canal Vista Court, Potomac, MD 20854-1028 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 14, 2025                    Signature:         /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 12, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Benjamin Smith | bsmith@shulmanrogers.com vdeguzman@shulmanrogers.com,MZawalick@shulmanrogers.com,tlong@shulmanrogers.com,cwarren@shulmanrogers.com |
| Daniel M. Press | dpress@chung-press.com  pressdm@gmail.com,danpress@recap.email |
| Rebecca A. Herr | ecf@ch13md.com |
| Seth W Diamond | sdiamond@shulmanrogers.com  w.sr69548@notify.bestcase.com |

TOTAL: 4

Entered: September 12th, 2025
Signed: September 11th, 2025

**SO ORDERED**



**MARIA ELLENA CHAVEZ-RUARK**
**U.S. BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
**FOR THE DISTRICT OF MARYLAND**
**(GREENBELT DIVISION)**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **TRUDAH A. HARDING** | ) | **Case No.  25-11103 MCR** |
| | ) | **(Chapter 13)** |
| Debtor. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| | ) |
| **CHARITY AT ITS BEST** | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) |
| | ) |
| **TRUDAH A. HARDING** | ) |
| | ) |
| Respondent. | ) |

**CONSENT ORDER GRANTING MOTIONS TO RECONSIDER**
**AND CONDITIONING STAY**
**13604 Canal Vista Court, Potomac, MD 20854**

This matter came before the Court upon the Motion to Reconsider (Doc. 66, the "First

Motion") and the Motion to Reconsider (Alter or Amend) Order Granting Relief from Stay (Doc.

68, the "Second Motion," and together with the First Motion, the "Motions") filed by the Debtor,

Trudah A. Harding ("Debtor") seeking to vacate the Order Granting Relief from Stay entered on

June 19, 2025 (Doc. 63, the "Stay Order"), the Opposition to the Motions (Doc. 72, the

"Opposition"), filed by Charity At Its Best ("Creditor," and together with the Debtor, the "Parties"), and the terms for resolution of the Motions presented to the Court by the Parties at the September 3, 2025, hearing.

And it appearing to the Court that the Motions should be granted, that the Stay Order should be vacated, that the Stay of 11 U.S.C. Section 362(a) against any acts of Creditor, its successors and/or assigns or current noteholder to enforce under State law the perfected security interests in the subject property which property has the address of 13604 Canal Vista Court, Potomac, MD 20854 (the "MD Property"), shall be reinstated, conditioned upon the terms of this Order, and terminated in the event of non-compliance with the terms of this Order by the Debtor.

And the Parties having agreed that the Creditor is a secured creditor of the Debtor, whose first claim is based upon that certain Commercial Flat Rate Note with Balloon Payment dated December 8, 2017 (the "First Note") executed by the Debtor originally in favor of Hard Money Bankers, LLC, which First Note is secured by that certain Deed of Trust, Assignment of Rents and Security Agreement dated December 8, 2017, and recorded in Book 55536,  at Page 70, among the Land Records of Montgomery County, Maryland (the "First Deed of Trust") against the MD Property.

And the Parties having agreed that the Creditor is a secured creditor of the Debtor, whose second claim is based upon that certain Commercial Flat Rate Note with Balloon Payment (the "Second Note") dated December 8, 2017 executed by the Debtor originally in favor of Hard Money Bankers, LLC, which Second Note is secured by that certain Deed of Trust, Assignment of Rents and Security Agreement dated December 8, 2017, and recorded in Book 55536, at Page 94 among the Land Records of Montgomery County, Maryland (the "Second Deed of Trust") against the MD Property.

2

And the Parties having agreed that the debt under the First Note and First Deed of Trust is accurately represented and calculated under the Creditor's first proof of claim filed in this case as Claim 2 (the "First Claim"), and that the debt under the Second Note and Second Deed of Trust is accurately represented and calculated under the Creditor's second proof of claim filed in this case as Claim 3 (the "Second Claim").

UPON CONSIDERATION WHEREOF, it is, therefore, ADJUDGED and ORDERED that the Motions be, and the same hereby are, GRANTED and that the Stay Order be and hereby is VACATED; and

It is further ADJUDGED and ORDERED that the Debtor shall have 90 days from the date of the entry of this Order to sell the property located at 619 Allison Street, NW, Washington, DC 20011 (the "DC Property"), and deliver a minimum amount of sales proceeds from the sale of the DC Property in the amount of $650,000.00 to the Creditor after the payment of all necessary closing costs and the payment of all outstanding property taxes associated with the MD Property; and

It is further ADJUDGED and ORDERED, that in the event Debtor sells the DC Property in accordance with the terms of this Order, Debtor shall have the balance of the 90 days remaining for the sale of the DC Property, plus an additional 90 days, to payoff the outstanding balances owed under the First Claim and Second Claim then remaining (for example, if Debtor sells the DC Property in accordance with the terms of this Order within 45 days, Debtor shall have the remaining 45 days provided for the sale of the DC Property plus an additional 90 days to pay off all sums associated with the loans evidenced by the First Claim and Second Claim); and

It is further ADJUDGED and ORDERED that the amount stated and the loan evidenced by the First Claim are valid as stated in the First Claim, and the payoff balance for the First Claim

3

for purposes of compliance with this Order shall be calculated as $1,104,295.42, plus additional interest accruing at the daily rate of $276.67 from and after February 10, 2025; and

It is further ADJUDGED and ORDERED that the amount stated and the loan evidenced by the Second Claim are valid as stated in the Second Claim, and the payoff balance for the Second Claim for purposes of compliance with this Order shall be calculated as $533,098.01, plus additional interest accruing at the daily rate of $101.92 from and after February 10, 2025; and

It is further ADJUDGED and ORDERED that by the entry of this Order, Debtor is deemed to have waived and released any dispute as to the propriety and legality as to the First Claim and Second Claim, and to the loans evidenced thereby, along with any and all issues raised or that could have been raised in the Motions with respect to the propriety and legality of the First Claim and Second Claim, and the loans evidenced thereby, with prejudice; and

It is further ADJUDGED and ORDERED that in the event Debtor fails to timely sell the DC Property and deliver proceeds pursuant to the terms of this Order and within the time provided for under this Order, or Debtor fails to pay off the First Claim and Second Claim pursuant to the terms of this Order and within the time provided for under this Order, the Stay of 11 U.S.C. Section 362(a) against any acts of Creditor, its successors and/or assigns or current noteholder to enforce under State law the perfected security interests in the MD Property, and which are more particularly described in the First Deed of Trust and Second Deed of Trust, be and the same hereby is, TERMINATED effective immediately, that the supplemental stay under Fed. R. Bankr. P. 4001 shall not apply, and that an equitable servitude shall be imposed with respect to the MD Property for a period of two years from the date relief from the automatic stay of 11 U.S.C. § 362(a) is granted pursuant to this Order; and

4

It is further ADJUDGED and ORDERED that in the event Debtor fails to timely sell the DC Property and deliver proceeds pursuant to the terms of this Order and within the time provided for under this Order, or Debtor fails to pay off the First Claim and Second Claim pursuant to the terms of this Order and within the time provided for under this Order, Creditor shall not be bound by the discounted payoff terms contained in this Order and shall be permitted to recover any additional sums owed under the First Claim and Second Claim as provided for under the loan documents associated the First Claim and Second Claim and as permitted under applicable law; and

It is further ADJUDGED and ORDERED that the relief granted under this Order shall survive the dismissal of Debtor's bankruptcy case or the conversion of Debtor's bankruptcy case to a case under any other chapter of the United States Bankruptcy Code; and

It is further ADJUDGED and ORDERED that if relief from the automatic stay of 11 U.S.C. § 362(a) and the imposition of an equitable servitude occurs under the terms of this Order, this relief shall also extend to any foreclosure purchaser of the MD Property to obtain possession of the MD Property.

**I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the Court are identical to those set forth in the original consent order; and the signatures represented by the /s/ _____ on the copy of the consent order submitted to the Court reference the signatures of consenting parties obtained on the original consent order.**

  /s/ Benjamin P. Smith
Benjamin P. Smith (Bar No. 17680)
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854
TEL:   (301) 230-5241
FAX:  (301) 230-2891
Email: bsmith@shulmanrogers.com

*Attorney for Creditor*

SEEN AND AGREED

　/s/ Daniel M. Press
Daniel M. Press (Bar No. 07300)
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
TEL: (703) 734-3800
FAX: (703) 734-0590
dpress@chung-press.com

*Attorney for Debtor*

COPIES TO:

Benjamin P. Smith, Esq.
Daniel M. Press, Esq.
Rebecca A. Herr, Esq.

**END OF ORDER**