William C. Johnson, Jr., Esq.
Fed Bar No. 15651
6305 Ivy Lane
Suite 630
Greenbelt, Maryland 20770
William@Johnsonlg.law
(301) 477-3450
(202) 525-2958
Fax (301) 477-4813

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE: * | |
|     Trudah A. Harding * | Case No. 25-11103 |
|         Debtor. * | (Chapter 13) |
| _____ * | |

## **OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN**

    **COMES NOW** the creditor William C. Johnson, Jr., Esq., pursuant to 11 U.S.C. § 1325, and the record contained herein, hereby files the instant Objection to Confirmation of the Chapter 13 Plan filed by the debtor Trudah Harding. In support of the Objection, the creditor states as follows:

1. On or about December 8, 2017, Debtor entered into two (2) consumer credit transactions (hereinafter collectively "the transactions") with Hard Money Bankers, LLC in which they allegedly extended consumer credit to the Debtor subject to a finance charge, and which was initially payable to Hard Money Bankers, LLC.

2. On or about December 8, 2017, pursuant to the first transaction, the Debtor owed a debt in the amount of $415,000.00 to Hard Money Bankers, LLC evidenced by the "Commercial Flat Rate Note with Balloon Payment."

3. As part of the consumer transaction, the first Note was secured by a Deed of Trust against the Debtor's principal dwelling identified as 13604 Canal Vista Ct., Potomac, Maryland 20854.

4. The debtor was faced with a foreclosure of her residence at 13604 Canal Vista Court, Potomac, Maryland 20854. The foreclosure case was identified as *Benjamin P. Smith v. Trudah Mills Harding* - 463268-V.

5. The debtor and creditor William C. Johnson, Jr. entered a Contingency Fee Retainer Agreement whereby the Debtor was provided with a strategy to achieve settlement of the outstanding mortgage balance.

6. Pursuant to the strategy, while defending the Montgomery County, Maryland foreclosure case, the Debtor filed a Chapter 13 Bankruptcy case – 19-15399 to stop the foreclosure sale of her property.

7. The debtor's most feasible option was to sell the real property to achieve its Fair Market Value.

**8.** The lack of income forced the Debtor Chapter 13 plan to be a "liquidating plan."

9. On May 31, 2019. The "Hard Money Bankers, LLC" filed its First Proof of claim in the amount of $519,925.01 evidencing its secured claim against the real property identified as 13604 Canal Vista Court, Potomac, Maryland 20854. The claim carried a 24% Default interest rate and costs and fee.

10. On May 31, 2019. The "Hard Money Bankers, LLC" filed its Second Proof of claim in the amount of $188,955.00 evidencing its secured claim against the real property identified as 13604 Canal Vista Court, Potomac, Maryland 20854. The claim carried a 24% Default interest rate and costs and fee.

11. In furtherance of the legal strategy, the debtor commenced litigation pursuant to the Bankruptcy Adversary Proceeding case no. 19-00350 to allege the claims that would cause the Mayland Foreclosure action to end.

12. The Hard Money Bankers, LLC, opposed the claims of the Debtor Trudah Harding.

13. The Hard Money Bankers, LLC claimed the outstanding balance owed to it under the two (2) Deeds of Trust was $1,774,232.00.

14. On or about October 8, 2021, the parties reached a settlement of the Debtor Trudah Harding's claims.  The settlement required the Hard Money Bankers LLC to reduce their total claim from $1,774,232,00 to $899,000.00.

15. The value of the benefit to the Debtor was $845,232.00.
16. On November 19, 2021, the Bankruptcy Court entered an Order granting the parties agreement to settle the Adversary Proceeding case no. 19-00350.
17. In order to comply with the aforementioned settlement agreement, the Debtor entered an agreement with "Charity at Its Best," a non-profit philanthropic organization. The agreement allowed the debtor to receive funding to pay the settlement and bankruptcy fees through the sale of the real property.
18. The Debtor and Charity at Its Best" entered a sales contract for it to purchase the real property identified as 13604 Canal Vista Court, Potomac, Maryland 20854.
19. Om March 30, 2022, the Bankruptcy Court in case no. 19-15399 entered an Order allowing the debtor to sell the real property to "Charity at Its Best."
20. Due to the title company refusal to close the sales transaction, "Charity at Its Best" elected to purchase the underlying note to the real property from Hard Money Bankers, LLC to satisfy the bankruptcy settlement agreement.
21. The debtor remained liable for the contingency fee for the resolution of Montgomery County, Circuit Court case no. - 463268-V in the amount of $338,092.80.
22. Pursuant to the agreement between the Debtor and "Charity at Its Best," the Debtor would be given one year to sell the real property to satisfy the loan used to satisfy the Bankruptcy Adversary Proceeding settlement agreement.
23. To date, the Counter Defendant has not paid the outstanding contingent fee agreed upon in the amount of $338,092.80.
24. The Debtor was informed that she would be allowed to pay the contingent fee in the amount of $338,092.80 from the proceeds of the sale of the real property.
25. To date, Counter Defendant has not sold the real property to satisfy her obligations to the creditor William C. Johnson, Jr. and "Charity at Its Best."

26. The instant case was filed pro-se February 10, 2025.

27. The debtor retained counsel and filed an Amended petition July 16, 2025, adding the creditor William C. Johnson, Jr. to petition using an erroneous mailing address identified as 1310 L St. NW, Washington, D.C. 20005.

28. The creditor William C. Johnson, Jr.'s correct mailing address is 6305 Ivy lane, Suite 630, Greenbelt, Maryland 20770.

29. The debtor is in violation of 11 U.S.C. § 1325(a)(4), which provides, in pertinent part, the following:

    (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less that the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of the title on such date.

    11 U.S.C. § 1325(a)(4).

30. Debtor identified the value of her assets to be $3,154,350.00. The debtor further estimate her liabilities to be in the amount of $1,043,761.40. [Bkry. Dkt. No. 77.]

31. Upon information and belief, the Debtor has listed the real property identified as 13604 Canal Vista Dr., Potomac, Maryland 20854 for sale in the amount of $2,700,000.00.

32. According to the docket, the total amount claimed is $1,650,082.23. Thus, in chapter 7, the debtor's assets would be enough to pay all creditors in full. The debtor's Chapter 13 Plan cannot be confirmed.

33. The debtor is in in violation of 11 U.S.C. § 1325(b)(1)(A) because the proposed value of the creditor's claim in the amount of $208,892.00 is less that the amount of the claim of $338,092.80.

34. The debtor identifies the creditor William C. Johnson, Jr. claim as unliquidated and disputed.

35. The debtor Trudah A. Harding and Creditor William C. Johnson, Jr. had been communicating via e-mail as late as September 11, 2025.  The creditor William C. Johnson, Jr.'s mailing address is attached to each e-mail received by the debtor.

36. At no point did the debtor disclose that she filed for bankruptcy.

37. The creditor William C. Johnson, Jr. received notice of the Bankruptcy filing October 2, 2025.

38. **WHEREFORE**, the creditor William C. Johnson, Jr., Esq. prays this Honorable Court deny confirmation of the Debtor Trudah A. Harding Chapter 13 Plan.

October 2, 2025                              **/s/ William C. Johnson, Jr., Esq**
                                             The Johnson Law Group, LLC
                                             William C. Johnson, Jr., Esq.
                                             Federal Bar No. 15651
                                             6305 Ivy Lane
                                             Suite 630
                                             Greenbelt, Maryland 20770
                                             (301) 477-3450
                                             William@JohnsonLG.Law

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 2, 2025, I caused a copy of the foregoing to be mailed, postage pre-paid, to the following:

Chapter 13 Trustee
Rebecca Herr
185 Admiral Cochrane Dr.
Suite 240
Annapolis, MD 21401

All creditors on Mailing Matrix

October 2, 2025                                            **/s/ William C. Johnson, Jr.**
                                                           William C. Johnson, Jr., Esq.