William C. Johnson, Jr., Esq.
Fed Bar No. 15651
6305 Ivy Lane
Suite 630
Greenbelt, Maryland 20770
William@Johnsonlg.law
(301) 477-3450
(202) 525-2958
Fax (301) 477-4813

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: | * | |
|    Trudah A. Harding | * | Case No. 25-11103 |
|       Debtor. | * | (Chapter 13) |
| _____ | * | |

## MOTION TO EXTEND TIME TO LATE FILE PROOF OF CLAIM

**COMES NOW** the creditor William C. Johnson, Jr., pursuant to 11 USC § 501, 11 USC § 502(b)(9), 11 USC § 726(a)(2)(c) and Fed. R. Bankr. P. 3002(c)(7), hereby files the instant Motion to Extend Time to late File Proof of Claim. In support thereof, the creditor William C. Johnson, Jr. states as follows:

**FOREWORD**

The creditor William C. Johnson, Jr. is party to the claim in the D.C. Superior Court. The matter is stayed as of September 5, 2025, whereby the debtor Trudah A. Harding filed a "Notice of Bankruptcy." The pleading however was not mailed to the attention of the creditor nor was it received through the Electronic filing system. A manual review of the docket revealed the filing. It is the intent of the creditor to file a "Motion for Relief of the Automatic Stay" to allow the claim to be liquidated and resolve the dispute.

**RELEVANT FACTS**

1. On November 12, 2024, debtor Trudah Harding filed a complaint against the creditor William C. Johnson, Jr. in the D.C. Superior Court identified as case no. 2024-CAB-007124. The debtor alleged she was forced to accept a settlement agreement by William C. Johnson, Jr. when it was known that she did not have the current ability to refinance the property.

1

2. The instant bankruptcy case was filed by the debtor, pro-se, on February 10, 2025. The creditor William C. Johnson, Jr., was not identified in the voluntary petition and thereby received no notice of the bankruptcy case filing.

3. The instant bankruptcy case Proof of Claim bar date was identified as being April 21, 2025.

4. On March 13, 2025, the creditor William C. Johnson, Jr., was met by debtor Trudah A. Harding at his office located at 6305 Ivy Lane, Suite 630, Greenbelt, Maryland 20770 where he accepted service of process from a third-party accompanying the debtor for the D.C. Superior Court matter identified as 2024-CAB-007124. Exhibit 1.

5. On March 21, 2025, the parties participated in a Scheduling Conference where a Discovery Schedule was entered. The debtor made no mention to the D.C. Superior Court that she had filed a Chapter 13 bankruptcy case.

6. On April 7, 2025, the creditor William C. Johnson, Jr. filed his Answer and Counterclaim for Breach of Contract against the debtor.

7. Pursuant to the counterclaim, the creditor William C. Johnson, Jr. alleged that on or about October 8, 2021, the Trudah Harding reached a settlement with Hard Money Bankers, LLC. The settlement required the Hard Money Bankers LLC to reduce their total claim from $1,774,232,00 to $899,000.00.

8. The value of the benefit to the Debtor was $845,232.00.

9. On November 19, 2021, the Bankruptcy Court entered an Order granting the parties agreement to settle the Adversary Proceeding case no. 19-00350.

10. In order to comply with the aforementioned settlement agreement, the Debtor entered an agreement with "Charity at Its Best," a non-profit philanthropic organization. The agreement allowed the debtor to receive funding to pay the settlement and bankruptcy fees through the sale of the real property.

11. The Debtor and Charity at Its Best" entered a sales contract for it to purchase the real property identified as 13604 Canal Vista Court, Potomac, Maryland 20854.

12. Om March 30, 2022, the Bankruptcy Court in case no. 19-15399 entered an Order allowing the debtor to sell the real property to "Charity at Its Best."

13. Due to the title company refusal to close the sales transaction, "Charity at Its Best" elected to purchase the underlying note to the real property from Hard Money Bankers, LLC to satisfy the bankruptcy settlement agreement.

14. The debtor remained liable for the contingency fee for the resolution of Montgomery County, Circuit Court case no. - 463268-V in the amount of $338,092.80.

15. Pursuant to the Scheduling Order, the debtor and the creditor William C. Johnson, Jr. commenced discovery in effort to prove their respective claims in the D.C. Superior Court matter.

16. On or about July 16, 2025, and after the Proof of Claim Bar Date, the debtor retained counsel for the instant bankruptcy matter and filed an Amended Voluntary petition adding the creditor William C. Johnson, Jr. to the petition using an erroneous mailing address identified as 1310 L St. NW, Washington, D.C. 20005.

17. The creditor William C. Johnson, Jr.'s correct mailing address is 6305 Ivy lane, Suite 630, Greenbelt, Maryland 20770. This is a fact known to the debtor as she visited the office on several occasions.

18. Debtor identified the value of her assets to be $3,154,350.00. The debtor further estimate her liabilities to be in the amount of $1,043,761.40. [Bkry. Dkt. No. 77.]

19. Upon information and belief, the Debtor has listed the real property identified as 13604 Canal Vista Dr., Potomac, Maryland 20854 for sale in the amount of $2,700,000.00.

20. According to the docket, the total amount claimed is $1,650,082.23. Thus, in chapter 7, the debtor's assets would be enough to pay all creditors in full. The debtor's Chapter 13 Plan cannot be confirmed.

21. The debtor now identifies the creditor William C. Johnson, Jr. claim as unliquidated and disputed.

22. The debtor Trudah A. Harding and Creditor William C. Johnson, Jr. had been communicating via e-mail as late as September 11, 2025. The creditor William C. Johnson, Jr.'s mailing address is attached to each e-mail received by the debtor.

**LEGAL AUTHORITY**

23. The Bankruptcy Code 11 USC § 501 provides, in pertinent part, the following:

    **(a)** A creditor or an indenture trustee may file a proof of claim.

    11 USC § 501(a).

24. The Bankruptcy Code 11 USC § 502(b)(9) provides, in pertinent part, the following:

    **(a)** A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.
    **(b)** Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that--
    ----------------------------------------------

    **(9)** proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) or under the Federal Rules of Bankruptcy Procedure, except that—(exceptions are inapplicable here).

    11 USC § 502(b)(9).

25. The Bankruptcy Code 11 USC § 726(a)(2)(c) provides, in pertinent part, the following:

>**(a)** Except as provided in section 510 of this title, property of the estate shall be distributed--
>
>---
>
>**(2)** second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—
>
>------------------------------------------------------
>
>>**(C)** tardily filed under section 501(a) of this title, if--
>>**(i)** the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and
>>**(ii)** proof of such claim is filed in time to permit payment of such claim;

11 USC § 726(a)(2)(c).

26. The Federal Rules of Bankruptcy Procedure, Rule 3002(c)(7) provides, in pertinent part, the following:

> (7) ***Extending the Time to File.*** On a creditor's motion filed before or after the time to file a proof of claim has expired, the court may extend the time to file by no more than 60 days from the date of its order. The motion may be granted if the court finds that the notice was insufficient to give the creditor a reasonable time to file.

Fed. R. Bankr. P. 3002(c)(7).

### **REQUESTED RELIEF**

27. The requested relief should be granted as the creditor William C. Johnson, Jr. was not afforded the opportunity to timely file a Proof of Claim prior to the expiration of the April 21, 2025, Proof of Claim filing date.

### **ARGUMENT**

28. The bankruptcy code provides a clear path to the requested relief for the extension of time to file a Proof of Claim in the instant Chapter 13 case.

29. The creditor argues 11 USC § 501, 11 USC § 502(b)(9), 11 USC § 726(a)(2)(c) and Fed. R. Bankr. P. 3002(c)(7) provides authority for the Court to grant the requested relief.

30. Both Section 501 and 502 of the Bankruptcy Code allow, among other things, a creditor to file a proof of claim in a bankruptcy case. 11 U.S.C. §§ 501, 502.

31. That claim is deemed allowed in the bankruptcy case unless and until a party in interest objects. 11 U.S.C. § 502(a).

32. As such, a creditor may file an untimely proof of claim in a bankruptcy case and that claim may be deemed allowed if no party objects. *See, e.g.*, *In re Smith*, No. 09-43823, 2010 WL 5018379, at *3 (Bankr. W.D. Wash. Dec. 3, 2010) (noting in the context of a chapter 13 case that " '[i]n the absence of objection, even an *untimely* proof of claim is ... entitled to payment through the plan ....' ").

33. To be clear, the Proof of Claim filing date expired prior to William C. Johnson, Jr.'s addition to the Amended Schedule F as a creditor in the bankruptcy case. As the record reflects, April 21, 2025, was the Proof of Claim filing date.

34. The creditor William C. Johnson, Jr. was added to the Schedule F, and Statement of Financial Affairs, on July 16, 2025. The Proof of Claim Bar Date expired prior to the amendment that added William C. Johnson, Jr. as a creditor.

35. Here, extending the bar date is governed by 11 USC § 726(a)(2)(C). which identified specific exceptions to the general bar date rule. The exceptions apply in the instant case.

36. An unsecured creditor that files a late claim "will be paid at the same time as unsecured creditors who filed timely claims as long as (1) the creditor did not have 'notice or actual knowledge of the case' in time to file a timely claim and (2) proof of the claim is filed before distribution occurs." *In re Coastal Alaska Lines,* 920 F.2d at 1433 (citing § 726(a)(2)(C).

37. As required by 11 USC § 726(a)(2)(c) (i), the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title

38. At no point did the debtor disclose that she filed for bankruptcy in February 2025. She disclosed the filing of the "Notice of Bankruptcy" on September 5, 2025. Exhibit 2. The actual mailing did not reach William Johnson, Jr. The filing was discovered during a manual search of the D.C. Superior Court case docket.

39. The creditor William C. Johnson, Jr. received notice of the Bankruptcy filing October 2, 2025.

40. The Proof of Claim Bar Date has terminated as of April 21, 2025, and thereby expired before the creditor was added to the case.

41. The creditor William C. Johnson, Jr. was unaware of the Bankruptcy case, did not have notice or actual knowledge of the bankruptcy case and the Proof of Claim Bar date expired prior to his addition to the case.

42. As required by 11 USC § 726(a)(2)(c)(ii), proof of such claim is filed in time to permit payment of such claim.

### **CONCLUSION**

43. The Bankruptcy Code and Rules, 11 USC § 501, 11 USC § 502(b)(9), 11 USC § 726(a)(2)(c) and Fed. R. Bankr. P. 3002(c)(7) provides authority for the Court to grant the requested relief.

October 4, 2025

**/s/ William C. Johnson, Jr., Esq**
The Johnson Law Group, LLC
William C. Johnson, Jr., Esq.
Federal Bar No. 15651
6305 Ivy Lane
Suite 630
Greenbelt, Maryland 20770
(301) 477-3450

William@JohnsonLG.Law

## NOTICE OF OPPORTUNITY TO OBJECT AND NOTICE OF HEARING

**PLEASE TAKE NOTICE:**

**PURSUANT TO LBR 2002-1, FOURTEEN (14) DAYS OF THE DATE OF THIS NOTICE**, you must file and serve a written opposition to the Debtor's Motion to Dismiss and a proposed order under Local Bankruptcy Rule 9072-1. The opposition and proposed order must be filed with the Clerk of the Bankruptcy Court, U.S. Courthouse, Federal Courthouse 6500 Cherrywood Lane Suite 300. Greenbelt, MD 20770, and served (by delivery or mailing of copies) upon the undersigned. The opposition may append affidavits and documents you wish to attach in support of your opposition.

A hearing may be scheduled to occur before the Honorable Maria Ellena Chavez Ruark in the United States Bankruptcy Court for the District of Maryland in person or the Virtual Courtroom (for hearing access information see www.mdb.uscourts.gov/hearings or call 410−962−2688).

**IF YOU FAIL TO FILE A TIMELY OPPOSITION, THE COURT MAY GRANT THE DEBTOR'S MOTION TO DISMISS IN THE MANNER SOUGHT BY THE APPLICATION WITHOUT A HEARING**. You may file and serve with or include in the opposition a request for hearing which may be held in the Court's discretion.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 4, 2025, I caused a copy of the foregoing to be mailed, postage pre-paid, to the following:

Chapter 13 Trustee
Rebecca Herr
185 Admiral Cochrane Dr.
Suite 240
Annapolis, MD 21401

Chung & Press, P .C.
6718 Whittier Ave., Ste. 200
McLean, VA 22101

(703) 734-3800
Fax : (703) 734-0590
Email: dpress@chung-press.com

All creditors on Mailing Matrix

October 4, 2025  /s/ **William C. Johnson, Jr.**
William C. Johnson, Jr., Esq.