# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| Benjamin P. Smith )<br>Sara A. Clasper )<br>Substitute Trustees )<br>12505 Park Potomac Avenue, 6th Floor )<br>Potomac, MD 20854 )<br>　　　　Plaintiff, )<br>)<br>v. )<br>)<br>Trudah Mills Harding A/K/A/ )<br>Trudah A. Mills A/K/A Trudah M. Harding )<br>13604 Canal Vista Court )<br>Potomac, MD 20854 )<br>　　　　Defendant. ) | Case No.: 463268-V |

## DEFENDANT TRUDAH HARDING'S MOTION TO STAY THE SALE AND DISMISS FORECLOSURE ACTION

**COMES NOW**, the defendant Trudah Harding, by and through undersigned counsel hereby submits, pursuant to Maryland Rule 14-211 and MD Code Real Property § 7-105.1, her Motion to Stay the Sale and Dismiss Foreclosure Action. The representations made in the plaintiff's "Order to Docket Foreclosure Case of Residential Property" is a misrepresentation of fact, does not comply with MD Code Real Property § 7-105.1 and lacks the procedural Due Process afforded to the Defendant Trudah Harding. The filing of the Order to Docket Foreclosure Case of Residential Property is deficient and require dismissal pursuant to the rule. In support of the motion the defendants provide the accompanying memorandum of points and authorities.

March 18, 2019

_____
Law Offices of William Johnson
1310 L St. NW, Suite 750
Washington, D.C. 20005
(202) 525-2958

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 18, 2019 a copy of the foregoing was sent via regular first class mail, postage prepaid, to the following:

Benjamin P. Smith
Sara A. Clasper
Substitute Trustees
12505 Park Potomac Avenue, 6th Floor
Potomac, MD 20854

March 18, 2019

*William C. Johnson Jr.*

## CERTIFICATE OF OUT OF STATE ATTORNEY

I HEREBY CERTIFIY that I William C. Johnson Jr. is an attorney admitted to practice in the state of Maryland.

March 18, 2019

*William C. Johnson Jr.*

2019 MAR 18  PM 4: 03
FILED
CLERK OF COURT
CLERK'S OFFICE
MONTGOMERY CO. MD.

2

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| Benjamin P. Smith )<br>Sara A. Clasper )<br>Substitute Trustees )<br>12505 Park Potomac Avenue, 6th Floor )<br>Potomac, MD 20854 )<br>                Plaintiff, )<br>)<br>v. )<br>)<br>Trudah Mills Harding A/K/A/ )<br>Trudah A. Mills A/K/A Trudah M. Harding )<br>13604 Canal Vista Court )<br>Potomac, MD 20854 )<br>                Defendant. ) | Case No.: 463268-V |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TRUDAH HARDING'S MOTION TO STAY THE SALE AND DISMISS FORECLOSURE ACTION

**COMES NOW** the defendants, by and through undersigned counsel, submits her Motion to Stay the Sale and Dismiss Foreclosure Action  Defendant argument supported by Maryland Rule 14-211 and MD Code Real Property § 7-105.1 seeks to restore her rights to defend the foreclosure action filed by the plaintiff. In addition to the procedural defects, the defendant has Consumer Protection related claims she intends to pursue. In support of the motion the Defendants provide the following arguments.

### Foreword

The instant matter involves the foreclosure of a "Hard Money Loan" issued by the plaintiff and secured by a lien against the real property identified as 13604 Canal Vista Court, Potomac, MD 20854. An issue exists as to whether subject property is "owner-occupied property" and "primary residence" of the defendant.

3

I. **Facts**

1. On or about February 14, 2019 the instant Foreclosure action was filed by the plaintiff.
2. On or about March 2, 2019, the plaintiff served the defendant by posting the pleadings on the property of the defendant.
3. The plaintiff's Order to Docket identified the real property as not being owner-occupied as defined in MD Real Prop. Code Ann. § 7-105.1(a)(8).
4. The Plaintiff did not provide the Defendant with any of the requirements MD Real Prop. Code Ann. § 7-105.1, including but not limited to, an opportunity to participate in Mediation.
5. The defendant is the sole owner of her primary residence located at 13604 Canal Vista Court, Potomac, MD 20854. The primary residence is where the defendant resided with her family.
6. To date, the defendant and her son still reside in the primary residence. The defendant is also the owner of a second property identified as 619 Allison Street, NW, Washington, D.C. 20011. The second property was utilized as an office space for the defendant's late husband.
7. The defendant freely moved between her two properties however, has utilized the Potomac, Maryland property as her primary residence.

II. **Argument**

8. The Plaintiff's Order to Docket must be dismissed as it fails to comply with the requirements of Section 7-105.1 of the Real Property Article.
9. Under Maryland Code, Real Property § 7-105.1, which provides, in pertinent part, the following:

> (ii) The order to docket or complaint to foreclose may exclude the request for post file mediation form if:

4

> The mortgagor or grantor has participated in prefile mediation and the prefile mediation agreement does not give the mortgagor or grantor the right to participate in postfile mediation; or
> 2. The property subject to the mortgage or deed of trust is not owner-occupied.
>
> Maryland Code, Real Property § 7-105.1.

10. The plaintiff purposefully excluded the post-file mediation forms as it wrongfully concluded the subject property was not "owner-occupied."
11. A borrower's ability to challenge a foreclosure sale is in part determined by whether relief is requested before or after the sale. Prior to the sale, a borrower may file a motion to stay the sale and dismiss the foreclosure action under Maryland Rule 14–211.
12. After holding a hearing on the merits of such a motion, the court may dismiss the foreclosure action if it finds "that the lien or the lien instrument is invalid or that the plaintiff has no right to foreclose in the pending action." Maryland Rule 14–211(e).
13. The defendant is the disputed owner-occupier of the subject property and is entitled to an opportunity to participate in any loss mitigation program available to her.
14. The failure to grant loss mitigation that should have been granted in an action to foreclose a lien on owner-occupied residential property may be a defense to the right of the plaintiff to foreclose in the pending action. If that defense is raised, the motion must state specific reasons why loss mitigation pursuant to a loss mitigation program should have been granted. Committee Notes on Maryland Rule 14-211.
15. In the state of Maryland, a Motion to Stay the Sale; Dismissal of Action is governed by the Maryland Rules of Civil Procedure, Rule 14-211. The Maryland Rule 14-211 provides, in pertinent part, the following:

Rule 14-211

(2) *Time for Filing.*

(A) Owner-Occupied Residential Property. In an action to foreclose a lien on owner-occupied residential property, a motion by a borrower to stay the sale and dismiss the action shall be filed no later than 15 days after the last to occur of:

    (i) the date the final loss mitigation affidavit is filed;

    (ii) the date a motion to strike postfile mediation is granted; or

    (iii) if postfile mediation was requested and the request was not stricken, the first to occur of:

        (a) the date the postfile mediation was held;

        (b) the date the Office of Administrative Hearings files with the court a report stating that no postfile mediation was held; or

        (c) the expiration of 60 days after transmittal of the borrower's request for postfile mediation or, if the Office of Administrative Hearings extended the time to complete the postfile mediation, the expiration of the period of the extension.

(B) Other Property. In an action to foreclose a lien on property, other than owner-occupied residential property, a motion by a borrower or record owner to stay the sale and dismiss the action shall be filed within 15 days after service pursuant to Rule 14-209 of an order to docket or complaint to foreclose. A motion to stay and dismiss by a person not entitled to service under Rule 14-209 shall be filed within 15 days after the moving party first became aware of the action.

                                                      Maryland Rule 14-211.

16. The defendant's Motion to Stay Sale and Dismissal of the Foreclosure Sale has been timely filed under the rules.

17. The Defendant requests a hearing on all issues contained herein.

WHEREFORE the Defendant Trudah Harding prays this honorable Court dismiss the Plaintiff's Order to Docket Foreclosure Case of Residential Property or for any other relief that may be necessary and proper.

March 18, 2019

*/s/ William C. Johnson, Jr.*
Law Office of William Johnson
William C. Johnson, Jr., Esq.
1310 L St. NW
Suite 750
Washington, D.C. 20005
(202) 525-2958

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 18, 2019, a copy of the foregoing was sent via first class mail, postage pre-paid, to the following:

Benjamin P. Smith, Esq.
12505 Park Potomac Avenue, 6th Floor
Potomac, MD 20854

March 18, 2019

*/s/ William C. Johnson, Jr.*
Law Office of William Johnson
William C. Johnson, Jr., Esq.

7