*IN THE IR. COURT FOR MONTGOMERY COUNTY, MARYLAND*

Trudah Harding Pro Se
Defendant

Case No.  C-15-CV-001508
THIRD PARTY SALE

V

Benjamin P. Smith, Esq.
Substitute Trustee

**RECEIVED**

FEB 27 2026

Clerk of the Circuit Court
Montgomery County, Md.

DEFENDANT RESPONSE TO PLAINTIFFS SURREPLY

Defendant, Trudah Harding is hereby responding to the Plaintiffs Surreply. The Defendant believes that the SURREPLY that the Plaintiff filed against the Defendant applies to the Plaintiff.

RESPONSE:

Line 1. Is correct, Property located at 13604 Canal Vista Ct. Potomac Maryland 20854, was sold on January 29, 2026.

RESPONCE:

Line 2. Is correct, the Defendant did file a Motion to vacate the Sell on January 30, 2026, on the Real Property located in Montgomery County Maryland.

RESPONCE:

Line 3. Is correct in part, the Plaintiff filed an Opposition to the Defendant's Exceptions. The Plaintiff stated that the Exceptions should be overruled because the Defendant did not allege any procedural irregularities as required under Maryland Rule 14-305. The Defendant did file a Line In Support Of Motion To Vacate Foreclosure Sale, that listed the procedural irregularities under Rule 14-305 with the Court on February 6, 2026. The Exceptions should be allowed.

RESPONSE:

Line 4. Is incorrect. The Defendant had not received the Plaintiff's filing on February 6, 2026, until the Defendant had already filed her LINE in Court on February 6, 2026, therefore the Defendant did not file a Reply in Support presumably to attempt to assert a procedural irregularity under Maryland Rule 14-305. This was filed on February 6, 2026, the Defendant and the Plaintiff filed the documents on the same day. The Plaintiff's statement accusing the Defendant of something that did not happen, the Defendant filed the procedural irregularities, not in an attempt to assert but the Defendant did assert the procedural irregularities.

RESPONSE:

Line 5. The matter was specifically set forth by the Defendant under Md. Rule 14-305. The Exceptions should be allowed.

RESPONSE:

Line 6.  The Defendant arguments were filed on the same day as the Plaintiff filed his Motion.  The Defendant's arguments should be allowed.

RESPONSE:

Line 7.   The Defendant Exceptions should be allowed based on the arguments.

RESPONSE;

Line 8.  In response to the Plaintiffs "in her Reply in support, the Defendant attempts to claim that the purchase price at the foreclosure was inadequate and or "depressed".  The Defendant's arguments were, "Under Maryland Law a foreclosure sale may be vacated where there is gross inadequacy of price coupled with irregularity, unfairness, or circumstances that chilled bidding or suppressed competition".

"The substitute Trustee possesses discretion concerning the timing and conduct of the auction.  The sale was conducted during severe winter weather conditions substantially impaired the competitive nature of the auction and directly contributed to a depressed sale price".

"The resulting sale amount is so disproportionately low relative to the Property's assessed value that it shocks the conscience and evidence prejudice to the Defendant's substantial equity".

RESPONSE:

Line 9.  The Defendant arguments should stand because the arguments were not just on the purchase price, the arguments were on all statements made by the Defendant on line 8 above, and based on the procedural irregularities on line 8 the sale should be set aside, and the exceptions should be allowed.

RESPONSE:

Line 10.  The Plaintiff's states that "property's that have sold as low as (15%)".  This is about the foreclosure sale of the Defendant's property for a very low price not about someone else's property that allowed that to happen at that low price.

The Plaintiff's " considering the Defendant alleged value of the property, the property sold for at least 76% of the value".   If the Defendant's assessed property value is $2,397,900.00 and the property sold at auction for 76% of that value according to the Plaintiff, it would have sold for $1,822,404.00 instead of $618,000.00.  The Exception should be allowed.

RESPONSE;

Line 11.  The Court should Vacate the Sale and allow the Defendant to have possession of the property and allow the Defendant to pay off the Note Holder, and not allow another sale to take place.  The Exceptions should be allowed.

RESPONSE;

Line 12.   The Defendant not only argued about the sale the Defendant stated other procedural irregularities as well. The Defendant challenges have merit and are quite clear and not misleading. The Exceptions should be allowed.

RESPONSE:

Line 13.   The Defendant is not sure how to respond to this statement. The Defendant has  no knowledge of any sale of the property for $1,200,000.00 for a Senior Loan.   The Defendant property was Transferred

by Hard Money Bankers, LLC., on April 2, 2022, to Charity At It's Best.  This came about from an Adversary Case that was settled in the Bankruptcy Court in Greenbelt Maryland, Case No. 19-00350. The Plaintiff Benjamin P. Smith Esq.  represented Hard Money Bankers, LLC., in that case.

If the Plaintiff has information on the sale of the property for $1,200,000.00, please provide that information to the court as well as to the Defendant.

RESPONSE:

Line: 14.  There is only one Note Holder on this property and that is Charity At It's Best/ Rob Haertel and Mr. Haertel didn't buy the property the property was transferred by HMB, LLC to Charity At it's Best under a First Deed of Trust in the amount of $415,000.00 and under a Second Deed of Trust in the amount of $155,000.00.

RESPONSE:

Line 15.  The Defendant did not have an opportunity to bid on the property at auction.

RESPONSE:

Line 16.  The actual assessment value for the year 2026, is $2,674,200.00.  The Plaintiff is now saying that the property sold for $1,818,000.00, instead of
$618,000.00.  The Property sold at auction for $618,000.00, the Plaintiff filed an affidavit with the Court, and know the Plaintiff is stating that the property sold for $1,818,000.00.  The Plaintiff can not change the amount of what was paid for the property at the auction.  That amount is final and can not be changed. This doesn't change the Defendant's arguments to have the sale vacated.  The Defendant asserted value of the property has been established.  The Exceptions should be allowed.

RESPONSE:

Line 17.  The Defendant is unable to respond to line 17, because she has no proof of how many people were there at the auction.

RESPONSE:

Line 18.  The Defendant is challenging the purchase price as well as the other procedural irregularities that the Defendant listed in her arguments.  Therefore the Exceptions should be allowed.

WHEREFORE, the Defendant respectfully request that this Court deny the Plaintiffs SURREPLY  TO THE DEFENDANT'S LINE IN SUPPORT OF MOTION TO VACATE FORECLOSURE SALE.

The Defendant prays that this Honorable Court will Grant the Exceptions, and that this Court Grant such other and further Relief as this Court deems just and proper.

Respectfully submitted,

Trudah Harding
(202) 957-6629
13604 Canal Vista Ct.
Potomac, Maryland 20854
trudahharding@gmail.com

I hereby Certify that a copy of the foregoing was mailed by first class mail postage prepaid from the United State Post Office on February 27, 2026, to the following.

Benjamin P. Smith, Esq.   Substitute Trustee
12505 Park Potomac Avenue
Six Floor
Potomac, Maryland 20854

ARYO MANAGEMENT, LLC.
c/o Saeed Najarantousi, Agent
11208 Bedfordshire Avenue
Potomac, Maryland 20854

Charlene Watkins Byrd
HUD Senior Housing Counselor
cwatkins@firsthomealliance.com

Feb. 27, 2026

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY MARYLAND
Civil Division

Trudah Harding Pro Se
Defendant

Case No. C-15-CV-24-001508
THIRD PARTY SALE

V

Benjamin P. Smith, Esq.
Substitute Trustee

**ORDER DENYING THE PLAINTIFFS SURREPLY TO DEFENDANT'S LINE IN SUPPORT OF MOTION TO VACATE FORECLOSURE SALE**

UPON CONSIDERATION, of the Defendant Trudah Harding, in reference to Real Property Located in Montgomery County Maryland,
the Defendant is hereby requesting that this Honorable court deny the Plaintiffs Surreply to the Defendant's Line to Vacate the foreclosure sale.

The Circuit Court For Montgomery County Maryland
on this _____day of _____2026.

ORDERED, that the Plaintiff SURREPLY is DENIED.

ORDERED, that the Exceptions to vacate the sale is hereby GRANTED.

_____
Honorable Judge Montgomery County Maryland

Copies Sent to:

Trudah Harding
13604 Canal Vista Ct.
Potomac, Maryland 20854

Benjamin P. Smith, Esq.
12505 Park Potomac Avenue

Six Floor
Potomac. Maryland 20854

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | | |
|---|---|---|
| **BENJAMIN P. SMITH,** *et al.* | ) | |
| **Substitute Trustees** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil No. C-15-CV-24-001508** |
| | ) | **THIRD PARTY SALE** |
| **v.** | ) | |
| | ) | |
| **TRUDAH MILLS-HARDING** | ) | |
| **a/k/a** | ) | |
| **TRUDAH A. MILLS** | ) | |
| **a/k/a** | ) | |
| **TRUDAH M. HARDING** | ) | |
| | ) | |
| **Defendant.** | ) | |

### PLAINTIFFS' SURREPLY TO DEFENDANT'S LINE
### IN SUPPORT OF MOTION TO VACATE FORECLOSURE SALE

Plaintiffs, Benjamin P. Smith and Rebekah F. Paradis ("Plaintiffs" and/or "Substitute

Trustees"), by and through undersigned counsel, hereby file this Surrreply (the "Surreply") to the

Line in Support of Motion to Vacate Foreclosure (the "Reply in Support") filed by the Defendant

Trudah Harding ("Defendant"), and state as follows:

1.      On January 29, 2026, the Plaintiffs sold the property known as 13604 Canal Vista

Court, Potomac, MD 20854 (the "Property") at the main entrance of the Circuit Court for

Montgomery County, Maryland (the "Foreclosure Sale").

2.      One day later, the Defendant filed a Motion to Vacate the Sell[sic] of Real Property

Located in Montgomery County Maryland (the "Exceptions").

3.      On February 6, 2026, the Plaintiffs filed an opposition to the Defendant's

Exceptions, wherein the Plaintiffs stated that the Exceptions should be overruled because the

Defendant did not allege any procedural irregularity as required under Maryland Rule 14-305 (the

"Opposition"). The Plaintiffs incorporate the Opposition by reference in this Surrreply as if restated herein in full.

4.     Thereafter, the Defendant filed the Reply in Support, presumably to attempt to assert a procedural irregularity under Maryland Rule 14-305.

5.     However, the law is clear that "[a]ny matter not specifically set forth in the exceptions is waived unless the court finds that justice requires otherwise." *See* Md. Rule 14-305(e).

6.     Thus, the new arguments advanced in the Defendant's Reply in Support should not be considered.

7.     Nevertheless, the Plaintiffs address the Defendant's additional arguments herein.

8.     In her Reply in Support, the Defendant attempts to claim that the purchase price at the Foreclosure Sale was inadequate and/or "depressed." *See* Reply in Support.

9.     The Defendant's argument with respect to the purchase price must fail because an allegation of inadequacy of purchase price alone is ordinarily not a sufficient basis to set aside a sale. *See Fagnani v. Fisher*, 418 Md. 371, 393 (quoting *Pizza v. Walter*, 345 Md. 664, 694 A.2d 93 (1997); *see also Hurlock Food Processors Inv. Assocs. v. Mercantile-Safe Deposit & Tr. Co.*, 98 Md. App. 314, 345-55, 633 A.2d 438 (1993) ("In all of the cases on which the exceptors rely for their claim that the prices realized here were inadequate . . . the court found significant problems with the foreclosure sales other than inadequate price.").

10.     While the Defendant claims that sale price "represents approximately twenty-six (26%) of the assessed value," Courts in Maryland have ratified foreclosure sales even in cases where the purchase price has been as low as fifteen percent (15%) of the claimed value. *See* Reply in Support; *see also Hurlock Food Processors Inv. Assocs.*, 98 Md. App. at 347. As shown below,

2

even considering Defendant's alleged value of the Property, the Property sold for at least 76% of its value.

11. Further, it is well established that a court "should not set aside a reported sale and order a resale as a mere experiment, but only when it is reasonably probable that a better price could be obtained at another sale." *Preske v. Carroll*, 178 Md. 543, 551, 16 A.2d 291 (1940).

12. The Defendant's challenge to the sales price at the Foreclosure Sale is without merit and is misleading.

13. The Property was sold subject to a senior deed of trust which, upon information and belief, has balance of over $1,200,000.00 (the "Senior Lien").

14. Thus, the successful purchaser purchased the Property subject to the Senior Lien and will have to pay the balance of the Senior Lien prior to closing.

15. Additionally, the purchase price of $618,000.00 (the "Purchase Price") was the highest and best bid at the Foreclosure Sale, and the Defendant has not alleged that someone else would have paid more for the Property or that a re-sale of the Property would result in an increased bid.

16. If Defendant's statement of value in the amount of $2,397,900.00 were to be believed, and the Report of Sale filed in this case shows that it sold for $618,000.00, subject to the lien of the Senior Lien in the amount of $1,200,000.00, then the foreclosure sale of the property was for a total consideration of at least $1,818,000.00, which represents 76% of the Property's value. Plaintiffs submit that Defendant's asserted value has not been established.

17. In fact, it took approximately One Hundred (100) separate third-party bids to reach the Purchase Price.

3

18.     Therefore, the Defendant's challenge to the Purchase Price is without merit and her Exceptions should be overruled.

**WHEREFORE**, the Substitute Trustees respectfully request that the Exceptions be overruled, and that this Court grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**SHULMAN ROGERS, P.A.**

By: _____

Benjamin P. Smith (CPF No. 0906160152)
Rebekah F. Paradis (CPF No. 2311290066)
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854
TEL:   (301) 230-5241 (Smith)
          (301) 230-5257 (Paradis)
FAX:  (301) 230-2891
EMAIL: bsmith@shulmanrogers.com
          rparadis@shulmanrogers.com

*Attorneys for Plaintiff*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February 2026, true copies of the foregoing **Surreply to Defendant's Line in Support of Motion to Vacate Foreclosure Sale** and its related **Proposed Order** were mailed by first class mail, postage prepaid, to the following:

Trudah Mills-Harding a/k/a
Trudah A. Mills a/k/a
Truda M. Harding
13604 Canal Vista Court
Potomac, MD 20854

Trudah Mills-Harding a/k/a
Trudah A. Mills a/k/a
Truda M. Harding
6619 Allison Street, NW
Washington, DC 20011

Daniel M. Press, Esq.
Chung & Press, P.C.
6718 Whittier Avenue, Suite 200
McLean, VA 22101
*Courtesy Copy*

Aryo Management LLC
c/o Saeed Najarantousi, Agent
11208 Bedfordshire Avenue
Potomac, MD 20854

Benjamin P. Smith

5

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | | |
|---|---|---|
| **BENJAMIN P. SMITH,** *et al.* | ) | |
| **Substitute Trustees** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil No. C-15-CV-24-001508** |
| | ) | **THIRD PARTY SALE** |
| **v.** | ) | |
| | ) | |
| **TRUDAH MILLS-HARDING** | ) | |
| **a/k/a** | ) | |
| **TRUDAH A. MILLS** | ) | |
| **a/k/a** | ) | |
| **TRUDAH M. HARDING** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER OVERRULING EXCEPTIONS

**UPON CONSIDERATION** of Defendant Trudah Harding's ("Defendant") Motion to Vacate the Sell[sic] of Real Property Located in Montgomery County Maryland (the "Exceptions"), Plaintiffs Benjamin P. Smith and Rebekah F. Paradis, Substitute Trustees' ("Plaintiffs") response filed thereto, the Defendant's Line in Support of Motion to Vacate Foreclosure, and the Plaintiffs surreply in response thereto, it is by the Circuit Court for Montgomery County, Maryland this _____ day of _____, 2026,

**ORDERED**, that the Exceptions be, and the same are hereby, **OVERRULED**.

_____
Judge, Montgomery County, Maryland

Copies to:

Benjamin P. Smith, Esq.
Rebekah F. Paradis, Esq.
Shulman Rogers, P.A.
12505 Park Potomac Avenue, Sixth Floor
Potomac, MD 20854

Trudah Mills-Harding a/k/a
Trudah A. Mills a/k/a
Truda M. Harding
13604 Canal Vista Court
Potomac, MD 20854

Trudah Mills-Harding a/k/a
Trudah A. Mills a/k/a
Truda M. Harding
6619 Allison Street, NW
Washington, DC 20011

Daniel M. Press, Esq.
Chung & Press, P.C.
6718 Whittier Avenue, Suite 200
McLean, VA 22101
*Courtesy Copy*

Aryo Management LLC
c/o Saeed Najarantousi, Agent
11208 Bedfordshire Avenue
Potomac, MD 20854