# EXHIBITS

1.  Substitute Trustee Report of Sale Affidavit under Rule 14-305 And 14-210, And MD. Real Prop. code ANN.—7-105.3. 7-105-4.

2.  Plaintiff Surreply To Defendant's Line in Support of Motion To Vacate Foreclosure Sale.

3.  Letter to ARYO MANAGEMENT, LLC. From Trudah Harding

4.  Email to Mr. Press about foreclosure papers.

5.  Email to Mr. Press from Mr. Johnson.

E-FILED; Montgomery Circuit Court
Docket: 2/2/2026 9:13 AM; Submission: 2/2/2026 9:13 AM
Envelope: 24912244

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | | |
|---|---|---|
| BENJAMIN P. SMITH, *et al.* | ) | |
| Substitute Trustees | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. C-15-CV-24-001508 |
| | ) | <u>THIRD PARTY SALE</u> |
| v. | ) | |
| | ) | |
| TRUDAH MILLS-HARDING | ) | |
| a/k/a | ) | |
| TRUDAH A. MILLS | ) | |
| a/k/a | ) | |
| TRUDAH M. HARDING | ) | |
| | ) | |
| Defendant. | ) | |

### SUBSTITUTE TRUSTEE'S REPORT OF SALE AND AFFIDAVIT UNDER RULES 14-305 AND 14-210, AND MD. REAL PROP. CODE ANN. §§ 7-105.3, 7-105.4

To the Honorable, the Judges of said Court:

The report of Benjamin P. Smith, an attorney and Substitute Trustee appointed under the Deed of Appointment Substituting Trustees dated March 23, 2024, and recorded among the Land Records of Montgomery County, Maryland, as a Substitute Trustee for the Trustee named in the Second Deed of Trust, Assignment of Rents and Security Agreement from Trudah Mills-Harding (a/k/a Trudah A. Mills and Trudah M. Harding) to Jeffrey P. Shiller, Trustee(s), dated December 8, 2017, and recorded among the Land Records of Montgomery County, Maryland, in Book 55536, at Page 94 (the "Deed of Trust"), respectfully shows:

That after default having occurred under the terms and conditions of the said Deed of Trust, in accordance with the terms therein set forth, and after giving bond with security for the faithful performance of their trust and duties, and after having complied with all the other prerequisites as required by law, and the said Deed of Trust, and notice, if applicable, having been given by certified mail and regular mail to the Occupant, borrower(s) and record owner(s) of subject property, which notice was served in accordance with the provisions of the Maryland Rules, and notice, if applicable, having been given by publication and by certified mail and regular mail dated January 12, 2026, to the Occupant, borrower(s), the record owner(s) of the subject property and to the holder of any subordinate recorded or filed interest (including judgments), which notice was sent to the last known address, except for the notice to "All Occupants," of all such persons, not earlier than thirty days nor later than ten days before the date of sale in accordance with the provisions of Rule 14-210 and MD. REAL PROP. CODE ANN. §§ 7-105.4 and 7-105.5 and notice having been given in accordance with MD. REAL PROP. CODE ANN. § 7-105.3, which notice was sent after commencement of this action and not later than fifteen days before the date of sale, the Substitute Trustee did, pursuant to said notice, attend the sale at the Circuit Court for

Montgomery County, located at 50 Maryland Avenue, Rockville, MD 20850, on January 29, 2026 at 11:00 AM, and then and there proceeded to sell said property known as Tax ID No. 06-01827518, 13604 Canal Vista Court, Potomac, MD 20854, in the following manner, to wit:

Your said Substitute Trustee offered at public auction that property described in said Deed of Trust and said advertisement of sale, as supplemented by any announcement made at the sale. In accordance with Rule 14-305(a), your Substitute Trustee states that said auction was conducted fairly and your said Substitute Trustee did not directly or indirectly discourage anyone from bidding for the said property. And your said Substitute Trustee then and there sold the said property to Aryo Management LLC, at and for the sum of $618,000.00 the purchaser being at that sum the highest bidder therefor, terms of the sale being as follows:

A deposit of Fifteen Thousand and No/100 Dollars ($15,000.00) was required at the time of sale, with the balance in cash, with interest at 13% per annum from the date of sale to the date the balance of the proceeds are received by the Substitute Trustee, payable within ten (10) days after final ratification by this Honorable Court. Whenever the purchaser is also the party secured by the said Deed of Trust or its designee, interest on the purchase price need not be paid. Also, whenever the purchaser is also the party secured by the said Deed of Trust or its designee, payment of the required deposit is made by crediting the amount thereof to the indebtedness. Adjustment of current year base real property taxes will be made as of the date of sale and thereafter be assumed by the purchaser. Title examination, conveyancing, state revenue stamps, state and county/city transfer taxes, all other taxes, public charges and special or regular assessments, water and sewer charges, including penalties, interest and tax sale redemption expenses, if any, ground rent arrears, if any, and all other costs incident to settlement are to be paid by the purchaser.

Respectfully submitted.

I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING PAPER ARE TRUE AND CORRECT.

_____
Benjamin P. Smith (CPF No. 0906160152)
Shulman Rogers, P.A.
12505 Park Potomac Avenue, Sixth Floor
Potomac, MD 20854
301.230.5241  Phone
301.230.2891  Fax
BSmith@shulmanrogers.com

ARYO Management, LLC
c/o Saeed Najarantousi, Agent
11208 Bedfordshire Avenue
Potomac, Maryland 20854

Re: 13604 Canal Vista Ct.
Potomac, Maryland 20854
Civil No.: C-15-CV-24-001508
Third Party Sale

TO WHOM IT MAY CONCERN:

I, Trudah Harding, am the homeowner of the above-referenced property.

I understand that ARYO Management, LLC purchased the property at auction on January 29, 2026. Please be advised that this sale is currently being disputed in the Circuit Court for Montgomery County, Maryland, and I am actively seeking to have the sale vacated.

This correspondence serves as formal notice requesting that you, your agents, employees, contractors, or representatives immediately cease entering or appearing at the property until the court has issued a ruling on this matter.

Your representatives were present at the property on January 29, 2026, shortly after the auction, and again on February 19, 2026. These actions have caused significant distress while the matter remains under active court review.

The property is clearly posted with "No Trespassing" signs. Any continued entry onto the premises prior to a final court determination may constitute trespass, harassment, intimidation, and unlawful attempts to gain access. Should this conduct continue, I will pursue all available legal remedies.

Please treat this letter as official notice and warning. I request written confirmation that no further attempts will be made to access the property while this case remains pending.

Thank you for your prompt attention to this matter.

Sincerely,

Trudah Harding
13604 Canal Vista Ct.
Potomac, Maryland 20854
Feb. 24, 2026

**From:** Trudah Harding <trudahharding@gmail.com>
**Date:** January 14, 2026 at 11:46:48 PM EST
**To:** Dan Press <dpress@chung-press.com>
**Subject: Foreclosure Notice**

Sent from my iPhone

Good evening Dan,

I just got in and got my mail out of my mail box.  Oh to my surprise there were several letter from Mr. Smith, foreclosure on my house on January 29, 2026.

I am sure this came about after Mr. Johnson talked with him.  Mr. Haertel and I have been communicating back and forth to  get the loan finished.  I will contact Mr. Haertel to let him no that this is happening and the people that are working on the loan will not understand this.
Did Mr. Smith forget that he sent a payoff tor the lender and the lender needs enough time to process the loan.

Mr. Smith has been negative against me from the case he handled for HMB, LLC, when he got Mr. Johnson to have me to withdraw document #78, by threatening me through and by my attorney, and I withdrew the documents and that is why I am in this problem now.  I am going to seek some help in reference to Mr. Smith actions against me.

Dan I am sure you got a copy of this as well,

Have a good night.  I will call the Lenders in the morning.

Take care,
Trudah

**From:** Dan Press <dpress@chung-press.com>
**Date:** January 5, 2026 at 4:01:47 PM EST
**To:** Trudah Harding <trudahharding@gmail.com>
**Subject: Fw: FOR SETTLEMENT PURPOSES ONLY - Harding 25-11103**


See below.  Certainly not recommending this but I'm required to forward it.

Dan Press
Chung & Press, P.C.
6718 Whittier Ave. #200
McLean, VA 22101
703-734-3800
703-734-0590 fax
703-725-7600 mobile [Working remotely - best number]
dpress@chung-press.com
Selected as a 2012-24 Super Lawyer for Virginia and DC
**From:** William Johnson <wcjjatty@yahoo.com>
**Sent:** Monday, January 5, 2026 7:03:03 PM
**To:** Dan Press <dpress@chung-press.com>
**Subject:** FOR SETTLEMENT PURPOSES ONLY - Harding 25-11103

Greetings Dan:

I hope all is well.  Thank you for providing notice of the DWL.  For future reference, I no longer use the DCMDConsumerlaw.com e-mail.  All e-mail is sent to William@JohnsonLG.Law.  The wcjjatty@yahoo.com e-mail is the back-up.  On another note, at a later date, you and I should have a conversation.  It is time to get beyond the past.

Despite my provision of notice of the Bankruptcy case, Mrs. Harding and I are required to participate in mediation in the DC Superior Court case on January 28, 2026.  I am precluded from filing a Summary Judgment motion unless I seek relief to resolve the claims in DC Superior Court. It is my intent to request leave from the bankruptcy Court if a settlement is not reached between us.

I reviewed the settlement you made with the lender.  I also spoke to Ben.  By now I am sure you are aware that Ben was the prior lender's attorney that handled our settlement of $899,000.00.  A substantial reduction of nearly $900,000.00 that created the attorney's fees.  I presume he also mentioned that Judge Catliota explained to Mrs. Harding her liability for the attorney's fees I now seek. Out of compassion I allowed her to pay me when the property was sold.  I am not surprised by her change of tune when the note was purchased by the purchaser to whom she was originally supposed to sell the property. It gave her hope that she could find a "Hail Mary" refinance. It was a gamble that did not did not work and cost her all of the gains we achieved.

I have no desire to leave Mrs. Harding destitute after the sale of her properties.  For settlement purposes only, I am willing to accept $400,000.00 as a full and final settlement of my claim.  That is nearly half.  If not, I will continue to pursue the full amount plus interest.  Please inform me of her decision.  Thank you.

*The Johnson Law Group, LLC*
William C. Johnson, Jr. Esq., MBA, LL.M
6305 Ivy Lane
Suite 630
Greenbelt, Maryland 20770
William@JohnsonLG.Law