IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY MARYLAND

Trudah Harding Pro Se
Defendant

Case No. C-15-CV-24-001508
THIRD PARTY SALE

**RECEIVED**

V

FEB 1 9 2026

Benjamin P. Smith, Esq.
Substitute Trustee

Clerk of the Circuit Court
Montgomery County, Md.

THE DEFENDANTS OBJECTION TO THE PLAINTIFFS OPPOSITION TO DEFENDANT'S EXCEPTIONS TO SALE

The Defendant, Trudah Harding is hereby objecting to the Plaintiffs Opposition to the Defendant's Exceptions to sale under Maryland Rule 14-305.

1. RESPONSE TO THE

STATEMENT OF FACTS

LINE 1. That Is correct.

Line 2. That Is correct, in part there was no Service Package left at the property in a conspicuous place.

Line 3, 4, and 5 are correct.

Line 6. That is correct, the Note Holder didn't participate in the mediation, and without him being present the Plaintiff would have never been willing to agree on anything that the Defendant would have requested.

Line 7. That is correct, foreclosure sale was scheduled for October 11, 2024.

Line 8. That is correct, on October 7, 2024 the Plaintiff canceled the first schedule sale.

(The Defendant and the Plaintiff Engaged in loss mitigation)

Line 9. That is correct.

Foreclosure was re-schedule for February 13, 2025.

Line 10. That is correct in part,
the Defendant stated that she was going to refinance the property or sale the property.

Line 11 through 16 is correct.

EXPLNATION

Line 17.  That is correct.  The Consent Order was terminated because the amount of the $650,000.00, was to be paid from a property other than the Maryland Property, that Property was unable to go to closing.

The Defendant was able to get a loan on the Maryland Property for more than the $650,000.00, to pay down the loan on December 11, 2025, in the amount of $1,100,000.00, the lender requested a payoff from the Note Holder on December 9, 2025, the Note Holder did not send the payoff.  The Defendant Attorney Mr. Press reach out to the Note Holder Attorney Benjamin P. Smith, Esq. to ask him to speak with his client and ask him to accept the $1,100,000.00, but had no luck.

Because the Note Holder refused to accept the payment, it caused the Defendant to be put in a very difficult  situation.

Line 18.  That is correct, the automatic stay was terminated an the Plaintiff Schedule foreclosure sale.

EXPLANATION

After the automatic stay terminated the Note Holder requested the Defendant to ask her Attorney to contact his Attorney for a payoff.  This was done.  The Plaintiff Benjamin P. Smith, Esq. sent the payoff to the Defendant Attorney Dan Press, Esq.  on December 29, 2025, Mr. Press sent it to the Defendant and the Defendant sent it to the Lender on December 30, 2025.  The lender started working on the loan.  The Note Holder ask Defendant to see what the maximum amount of both notes could the lender come up with.

This was done.  The Defendant sent the Note Holder the maximum amount that they came up with, they covered the full amount owed on the First Trust in the amount of $1,193,936.50 They covered up to $406,000.00 on the Second Trust.  The lender was working on completing the loan when the Plaintiff Benjamin P. Smith, Esq. started foreclosure actions against the Defendant, within 12 days after the Plaintiff sent the payoff.

Line 19.  That is correct the Plaintiff sold the Property at auction on January 29, 2026

11.  RESPONSE TO PLAINTIFF'S        ARGUMENTS

Page 3 & 4 - Paragraph (1) )2)

PLAINTIFF STATES "Under Maryland Rule 14-305, a property is sold at a foreclosure sale, an interested party may file exception to the sale, setting forth the alleged irregularity with particularity.  Md. Rule 14-305(e)(1).  Allegation of "irregularity" limited to procedural irregularities at the sale.  Bates, 417 Md. at 325 (internal citation omitted).  This includes challenging the price as unconscionable and or alleging that the creditor has chilled the bid.  Id. at 327.  The ability to file exception to the under Md. Rule 14-305 is "not an open portal through which any and all pre-sale objections may be filed ...." Id.  Further, an interested party who

chooses to file exceptions must asset all defenses and object to the sale, as "[a] ny matter not specifically set forth in the exceptions is waived ........ "Md. Rule 14-305(e)(2)."

The Defendant filed a Line in support of a Motion to Vacate the Foreclosure Sale on February 6, 2026.

ARGUMENTS FILED BY THE DEFENDANT

The documents that were filed on February 6, 2026, stated that Under Maryland law a foreclosure sale may be vacated where there is gross inadequacy of price coupled with irregularity, unfairness, or circumstances that chilled bidding or suppressed competition.

Maryland Law- (Md. Rule 14-305, that law was reference in the Defendant's arguments. Based on the above statements made by the Plaintiff, the Defendants arguments have met the requirements under Maryland Rule 14-305, (e)(1). Therefore this Court should grant the Defendant motion to vacate the sale. The Defendant did allege procedural irregularities on the documents that were filed on February 6, 2026, and stated the irregularities.

The Motion that was filed on January 30,2026, was not intended to be an argument it was to notify the court due to the hazardous condition the Defendant was unable to attend the Auction and set forth a reason to have the foreclosure sale Vacated. The Defendant had no knowledge of what the property sold for at the auction, when the motion was filed on January 30, 2026.

The Plaintiff states "that the Defendant has had sufficient time and opportunity to refinance or payoff or otherwise satisfy the obligation prior to the Foreclosures Sale".

RESPONDING TO THE ALLEGATIONS

The Plaintiff must have forgotten that on December 11, 2025, his client refused to accept a payment in the amount of $1,100,000.00 thousand dollars. The Note Holder would not send the payoff to the lender. The Note Holders Attorney my have advised him not to accept the payment. The Defendant could not make the Note Holder take the payment.

The Plaintiff May have also forgotten that he sent a payoff on December 29, 2026 to the Defendant Attorney Dan Press. This payoff was sent to the lender on December 30, 2026, in order to work on processing a new loan.

Twelve days later the Plaintiff filed for foreclosure on January 12, 2026, this shows that the Plaintiff had no intention of letting the loan be processed.

IN CLOSING

The Defendant is at the mercy of this Court trying to save something that is so dear to her. The Defendant lost her husband a few years ago. The Defendant have been through some very difficult times since his passing.

I have no choice but to try my all to save my home that we work so hard for. I have made some mistakes a long the way I admit to that. I cannot just walk away and let someone just take' my home for pennies on the dollar. I am an older woman, but I will not give up this fight to keep my home. I will work closely with my Housing Counselor so she can help me get through this. I am a Senior and I can't just start over at my age.

I pray that this Court will not allow my home to be taken from me by foreclosure.

The Defendant filed a Line in support of a Motion to Vacate the Foreclosure Sale on February 6, 2026.

## ARGUMENTS FILED BY THE DEFENDANT

The documents that were filed on February 6, 2026, stated that Under Maryland law a foreclosure sale may be vacated where there is gross inadequacy of price coupled with irregularity, unfairness, or circumstances that chilled bidding or suppressed competition.

Maryland Law- (Md. Rule 14-305, that law was reference in the Defendant's arguments.
Based on the above statements made by the Plaintiff, the Defendants arguments have met the requirements under Maryland Rule 14-305, (e)(1). Therefore this Court should grant the Defendant motion to vacate the sale. The Defendant did allege procedural irregularities on the documents that were filed on February 6, 2026, and stated the irregularities.

The Motion that was filed on January 30,2026, was not intended to be an argument it was to notify the court due to the hazardous condition the Defendant was unable to attend the Auction and set forth a reason to have the foreclosure sale Vacated. The Defendant had no knowledge of what the property sold for at the auction, when the motion was filed on January 30, 2026.

The Plaintiff states "that the Defendant has had sufficient time and opportunity to refinance or payoff or otherwise satisfy the obligation prior to the Foreclosures Sale".

## RESPONDING TO THE ALLEGATIONS

The Plaintiff must have forgotten that on December 11, 2025, his client refused to accept a payment in the amount of $1,100,000.00 thousand dollars. The Note Holder would not send the payoff to the lender. The Note Holders Attorney my have advised him not to accept the payment. The Defendant could not make the Note Holder take the payment.

The Plaintiff May have also forgotten that he sent a payoff on December 29, 2026 to the Defendant Attorney Dan Press. This payoff was sent to the lender on December 30, 2026, in order to work on processing a new loan.

Twelve days later the Plaintiff filed for foreclosure on January 12, 2026, this shows that the Plaintiff had no intention of letting the loan be processed.

## IN CLOSING

The Defendant is at the mercy of this Court trying to save something that is so dear to her. The Defendant lost her husband a few years ago. The Defendant have been through some very difficult times since his passing.

I have no choice but to try my all to save my home that we work so hard for. I have made some mistakes a long the way I admit to that. I cannot just walk away and let someone just take my home for pennies on the dollar. I am an older woman, but I will not give up this fight to keep my home. I will work closely with my Housing Counselor so she can help me get through this. I am a Senior and I can't just start over at my age.

I pray that this Court will not allow my home to be taken from me by foreclosure.

PRAYER FOR RELIEF

WHEREFORE, the Defendant respectfully prays that this Honorable Court will

1. Deny the Plaintiffs Opposition to the Defendant's Exemptions to Sale.

2. Grant the Defendants Motion to Vacate the Foreclosure Sale conducted on January 29, 2026.

3. Set aside the sale conducted on January 29, 2026.

4. Restore possession of the property to the Defendant.

5. Grant such other and further Relief as this Court deems just and proper.

Respectfully submitted,

*Trudah Harding*

Trudah Harding
(202) 957-6629
13604 Canal Vista Ct.
Potomac, Maryland 20854
trudahharding@gmail.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was mailed by first class mail postage prepaid from the United State Post Office on February 18, 2026, to the following

SHULMAN ROGERS, P.A.
Benjamin P. Smith, Esq.
12505 Park Potomac Avenue
Six Floor
Potomac, Maryland 20854

cc: Charlene Watkins Byrd
HUD SENIOR HOUSING COUNSELOR
cwatkins@firsthomealliance.com

>>
>> IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY MARYLAND
>>
>> Trudah Harding Pro Se
>> Defendant
>>
>> V
>>
>> Benjamin P.Smith, Esq.
>> Substitute Trustee
>>
>> Case No.  C-15-CV-24-1508
>>
>> Re:  The Defendant's Objection to the Plaintiff's Opposition to Defendant's Exception to Sale.
>>
>> CORRECTING:
>>
>> Last Paragraph on page (2)was typed on the wrong page, that paragraph was suppose to be on page (3) the last paragraph.
>>
>> I have corrected the mistake and sent a corrected copy to the Plaintiff.
>>
>> I apologize for any inconvenience that this may have caused.
>>
>> Respectfully,.
>>
>> Trudah Harding
>> (202) 957-6629
>> 13604 Canal Vista Ct.
>> Potomac, Maryland 20854
>> trudahharding@gmail.com
>>
>> CERTIFICATE OF SERVICE
>>
>> I Certify that a copy of the foregoing was mailed by first class mail postage prepaid from the United State Post Office on February _24_ 2026, to the following.
>>
>> Benjamin P.  Smith, Esq.
>> 12505 Park Potomac Avenue
>> Six Floor
>> Potomac, Maryland 20854
>>
>> cc:  Charlene Watkins Byrd
>> HUD Senior Housing Counselor
>> cwatkins@firsthomesllisnce.com
>>
>> Signed by:
>>                    Trudah Harding
>>
>> Date: February _24_ 2026

**RECEIVED**

FEB 2 4 2026

Clerk of the Circuit Court
Montgomery County, Md.

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | | |
|---|---|---|
| **BENJAMIN P. SMITH,** *et al.* | ) | |
| **Substitute Trustees** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil No. C-15-CV-24-001508** |
| | ) | **THIRD PARTY SALE** |
| **v.** | ) | |
| | ) | |
| **TRUDAH MILLS-HARDING** | ) | |
| a/k/a | ) | |
| **TRUDAH A. MILLS** | ) | |
| a/k/a | ) | |
| **TRUDAH M. HARDING** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S EXCEPTIONS TO SALE

Plaintiffs, Benjamin P. Smith and Rebekah F. Paradis ("Plaintiffs" and/or "Substitute Trustees"), by and through undersigned counsel, hereby file this Opposition to the Motion to Vacate the Sell[sic] of Real Property Located in Montgomery County Maryland (the "Exceptions") filed by the Defendant Trudah Harding ("Defendant") seeking to set aside the sale of the property located at 13604 Canal Vista Court, Potomac, MD 20854 (the "Property"), and state as follows:

### I.     STATEMENT OF FACTS

1.     On April 2, 2024, the Plaintiffs filed an Order to Docket Foreclosure Case (the "Order to Docket") in the above-captioned case.

2.     On April 11, 2024, the Plaintiffs served the Defendant with the Notice of Foreclosure Action, copy of a Preliminary Loss Mitigation Affidavit, Loss Mitigation Application with an addressed envelope, and a copy of the Order to Docket (collectively, the "Service Package") by posting a copy of the Service Package on a conspicuous place at the Property and mailing the Service Package to the Defendant at the Property address after two attempts at personal service, on two separate dates, failed.

3. On or about April 23, 2024, the Defendant filed a Motion to Stay Foreclosure (the "First Motion to Stay"), wherein the Defendant requested that the Court not allow the Plaintiffs to continue with foreclosure because she was attempting to refinance the loan secured by the deed of trust against the Property.

4. The Plaintiffs opposed the Defendant's First Motion to Stay due to the Defendant's failure to comply with the requirements of Maryland Rule 14-211.

5. On May 9, 2024, this Court denied the Defendant's First Motion to Stay.

6. On July 18, 2024, the Plaintiffs and the Defendant engaged in foreclosure mediation, where no agreement was reached.

7. Following mediation, a foreclosure sale was scheduled for October 11, 2024 (the "First Scheduled Sale").

8. On or about October 7, 2024, the Plaintiffs canceled the First Scheduled Sale as the Plaintiffs were informed that the lender had engaged in loss mitigation efforts with the Defendant.

9. Eventually, the foreclosure sale was re-scheduled for February 13, 2025 (the "Second Scheduled Sale").

10. On December 18, 2024, the Defendant filed a second Motion to Stay Foreclosure (the "Second Motion to Stay"), wherein the Defendant requested that the Court stay the foreclosure sale because she alleged that she was attempting to privately sell the Property.

11. The Plaintiffs opposed the Defendant's Second Motion to Stay due to the Defendant's failure to comply with the requirements of Maryland Rule 14-211.

12. On January 16, 2025, this Court denied the Defendant's Second Motion to Stay.

13. However, on February 10, 2025, the Defendant filed for bankruptcy in the United States Bankruptcy Court for the District of Maryland, Case No. 25-11103 (the "Bankruptcy Case"), causing the Plaintiffs to cancel the Second Scheduled Sale.

14. On July 15, 2025, the Plaintiffs informed this Court that an Order Granting Relief from Stay was entered in the Bankruptcy Case, permitting the Plaintiffs to resume foreclosure efforts.

15. However, on June 30, 2025, and July 3, 2025, the Defendant filed motions to reconsider the grant of relief from stay (the "Motions to Reconsider") in the Bankruptcy Case, and on September 12, 2025, the Bankruptcy Court entered a Consent Order Granting Defendant's Motion to Reconsider (the "Consent Order").

16. The Consent Order caused the automatic stay of 11 U.S.C. § 362(a) to be conditionally reimposed.

17. On December 11, 2025, the automatic stay terminated pursuant to the Consent Order, permitting the Plaintiffs to resume foreclosure efforts.

18. After the automatic stay terminated, the Plaintiffs re-scheduled the foreclosure sale for January 29, 2026 (the "Third Scheduled Sale").

19. On January 29, 2026, the Plaintiffs sold the Property at the main entrance of the Circuit Court for Montgomery County, Maryland (the "Foreclosure Sale"), as stated in the Report of Sale filed on February 2, 2026 (the "Report of Sale").

## II. ARGUMENT

Under Maryland Rule 14-305, after a property is sold at a foreclosure sale, an interested party may file exceptions to the sale, setting forth the alleged irregularity with particularity. Md. Rule 14-305(e)(1). Allegations of "irregularity" are generally limited to procedural irregularities

at the sale. *Bates*, 417 Md. at 326 (internal citation omitted). This includes challenging the price as unconscionable and/or alleging that the creditor has chilled the bid. *Id.* at 327. The ability to file exceptions to sale under Md. Rule 14-305 is "not an open portal through which any and all pre-sale objections may be filed . . . ." *Id.* Further, an interested party who chooses to file exceptions must assert all defenses and objections to the sale, as "[a]ny matter not specifically set forth in the exceptions is waived . . . ." Md. Rule 14-305(e)(2).

Because the Defendant does not allege any procedural irregularity in the Exceptions, the Exceptions must be overruled. The Defendant's allegation that "the snow and ice" prevented her from being able to participate in the sale is not a valid argument of a procedural irregularity under Maryland Rule 14-305. As shown in the Report of Sale, the Property sold to a third-party purchaser, evidencing that bidders were able to attend the Foreclosure Sale. Further, the Defendant's allegation that she was working towards a refinance of the loan is similarly not a valid argument of a procedural irregularity under Maryland Rule 14-305. As described above, the Plaintiffs initiated this case on April 2, 2024, and the Foreclosure Sale did not occur until January 29, 2026. Thus, the Defendant has had sufficient time and opportunity to refinance, payoff, or otherwise satisfy the obligations prior to the Foreclosure Sale. Finally, contrary to the Defendant's assertion, she did receive notice of the Foreclosure Sale, as evidenced by a letter dated January 12, 2026 (the "January Notice"). A true and accurate copy of the January Notice is attached hereto as **Exhibit 1**. Certified tracking information shows that the Defendant received the January Notice on January 14, 2026.

## III.    CONCLUSION

For the foregoing reasons, the Substitute Trustees respectfully requests that this Honorable Court deny the Exceptions filed by the Defendant, as the Defendant failed to allege a procedural irregularity in accordance with Maryland Rule 14-305.

**WHEREFORE,** the Substitute Trustees respectfully request that the Exceptions be overruled, and that this Court grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**SHULMAN ROGERS, P.A.**

By:    _____
Benjamin P. Smith (CPF No. 0906160152)
Rebekah F. Paradis (CPF No. 2311290066)
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854
TEL:   (301) 230-5241 (Smith)
       (301) 230-5257 (Paradis)
FAX:  (301) 230-2891
EMAIL: bsmith@shulmanrogers.com
       rparadis@shulmanrogers.com

*Attorneys for Plaintiff*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February 2026, true copies of the foregoing **Plaintiffs' Response to Defendant's Exceptions to Sale** and its related **Proposed Order** were mailed by first class mail, postage prepaid, to the following:

Trudah Mills-Harding a/k/a
Trudah A. Mills a/k/a
Truda M. Harding
13604 Canal Vista Court
Potomac, MD 20854

Trudah Mills-Harding a/k/a
Trudah A. Mills a/k/a
Truda M. Harding
6619 Allison Street, NW
Washington, DC 20011

Daniel M. Press, Esq.
Chung & Press, P.C.
6718 Whittier Avenue, Suite 200
McLean, VA 22101
*Courtesy Copy*

Aryo Management LLC
c/o Saeed Najarantousi, Agent
11208 Bedfordshire Avenue
Potomac, MD 20854

_____
Benjamin P. Smith

6