IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT GREENBELT

| | |
|---|---|
| In re:<br><br>Trudah A. Harding,<br><br>   Debtor. | Case No. 25-11103-MCR<br>Chapter 13 |

## CLAIMANT WILLIAM C. JOHNSON JR. RESPONSES TO INTERROGATORIES

TO:   Trudah Harding
Daniel M. Press
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
(703) 734-0590 fax
dpress@chung-press.com

### RESERVATION OF RIGHTS

1. Claimant expressly reserves the right to supplement, clarify, revise, or correct any answer and objection set forth herein at any time.

2. Claimant expressly reserves and maintains any objection it may have as to the relevancy, competency, materiality, privilege, or propriety of the discovery sought by the Debtor and to the admissibility or use of information or documents supplied by the Debtor in its responses herein as evidence for any purpose in this action including trial.

3. In the event Claimant produced any information that could have been withheld based upon any one or more objections set forth in the General Objections portion of Claimant's responses below, the production of any such information shall not constitute waiver of any such Objection and shall not affect Claimant's right to withhold other existing information governed by those objections.

4. The enumeration of specific objections in Claimant's response shall not be deemed a waiver of other applicable objections.

1

5.      In responding to the discovery sought by Debtor, Claimant does not admit or imply that it considers any of Debtor's Requests or Claimant's responses hereto, to be relevant or material to the subject matter of this action, or to claims or defenses of any party herein, or that any of the Debtor's requests or Claimant's responses hereto, are reasonably calculated to lead to the discovery of admissible evidence.

6.      Claimant reserves the right to supplement his responses.

## GENERAL OBJECTIONS

A.      Claimant objects to the Requests to the extent they seek information reflecting confidential communications with Debtor's attorneys or any information protected from disclosure by the attorney-client privilege.  Similarly, Claimant objects to the Requests to the extent they seek information covered by the attorney work product doctrine.  In providing responses, Claimant does not waive any immunity from disclosure that attaches to any information to which the attorney work product doctrine applies that may be sought by the Requests.  Accordingly, unless otherwise indicated, Claimant s responses will exclude from their scope: (a) All communications between counsel for Claimant, between Claimant and Claimant's counsel; and (b) All information generated or prepared in anticipation of litigation by or for Claimant and Claimant s representatives.  To the extent any response could be construed as containing attorney work product, Claimant does not waive immunity with respect to any such attorney work product.

B.      Claimant objects to the Requests, instructions and definitions thereto, to the extent that they are vague and ambiguous or impose obligations beyond those established by the Maryland Rules.  Claimant has responded to each of the Requests as Claimant interprets and understands them. Claimant reserves the right to amend and/or supplement these responses in the event that the Requesting Debtor later asserts a different interpretation which is accepted by Claimant.

C.      Claimant objects to the Requests to the extent they seek information that is reasonably accessible in the files of Debtor and/or otherwise in the Debtor's possession.  Claimant's  disclosure of such information does not constitute a waiver of such objection.

D.      Claimant generally objects to the Requests to the extent it fails to define a relevant time period or an overly broad time period and are, therefore, overly broad and vague.

E.      Claimant objects to the discovery sought by Debtor to the extent that it purports to: a) seek information which is not relevant to the claims or defenses in the present action; b) seek information that does not appear reasonably calculated to lead to the discovery of admissible evidence; c) require Claimant to draw a conclusion of law; or d) require Claimant to provide repetitious responses.

2

F.      The documents being produced in response to Debtor's Request are being provided in accordance with the provision and intent of the Federal Rules of Civil Procedure. These Rules require disclosure of documents that may not be admissible. Claimant does not, by producing these documents, waive any proper objection to their admissibility in evidence at trial.

G.      Although Claimant has attempted to state herein all applicable objections that are currently pertinent, as the case progresses Claimant may become aware of other objections to the Requests. Thus, Claimant reserves the right to state further objections as may be proper as the litigation continues.

H.      Claimant will not produce, in response to these Requests, any documents which only came into its possession by virtue of their inclusion in Debtor's document production. Moreover, such documents will be disregarded for purposes of the written Responses set forth below. However, Claimant reserves the right to use said documents in this case

## II.      <u>INTERROGATORIES</u>

1.      Identify all persons who assisted, or provided information utilized, in the preparation of the responses to these interrogatories, specifying for each such person the assistance and/or information provided.

<u>RESPONSE:</u>

William C. Johnson, Jr. – Claimant is privy to all information provided in Discovery.

2.      Describe in detail each and every claim you assert in this action and state the factual and legal basis for each.

<u>RESPONSE:</u>

On or about December 8, 2017, Debtor entered into two (2) consumer credit transactions (hereinafter collectively "the transactions") with Hard Money bankers, LLC in which they allegedly extended consumer credit to the Debtor subject to a finance charge and which was initially payable to Hard Money Bankers, LLC.

3

The Debtor Trudah Harding allegedly informed the Hard Money Bankers, LLC that the "Property" was her principal dwelling.  The defendant required the plaintiff to execute documents indicating the transaction was a commercial loan. The plaintiff informed the defendant that she was not seeking a commercial loan, Defendant told plaintiff "not to worry" that ""it is just the forms we use for all loans." The defendant labeled the transaction as a "Commercial Flat Rate Note with Balloon Payment."   The defendant knew or should have known the loan transaction was a "consumer credit transaction." On or about December 8, 2017, pursuant to the first transaction, the Plaintiff owed a debt in the amount of $415,000.00 to Defendant evidenced by the "Commercial Flat Rate Note with Balloon Payment."    As part of the consumer transaction, the first Note was secured by a Deed of Trust against the plaintiff's principal dwelling identified as 13604 Canal Vista Ct., Potomac, Maryland 20854.  The debtor was faced with a foreclosure of her residence at 13604 Canal Vista Court, Potomac, Maryland 20854.  The foreclosure case was identified as Benjamin P. Smith v. Trudah Mills Harding - 463268-V. The parties entered a Contingency Fee Retainer Agreement whereby the Debtor was provided a strategy to achieve settlement of the outstanding mortgage balance. Pursuant to the strategy, after defending the Montgomery County, Maryland foreclosure case, the Debtor filed a Chapter 13 Bankruptcy case – 19-15399 to stop the foreclosure sale of her property.   The Claimant was advised that due to her lack of income, the most feasible option was to sell the real property to achieve its Fair Market Value.   The lack of income forced her Chapter 13 plan to be a "liquidating plan." On May 31, 2019. The "Hard Money Bankers, LLC" filed its First Proof of claim in the amount of $519,925.01 evidencing its secured claim against the real property identified as 13604 Canal Vista Court, Potomac, Maryland 20854. The claim carried a 24% Default interest rate and costs and fee. On May 31, 2019. The "Hard Money Bankers, LLC" filed its Second Proof of claim in the amount of $188,955.00 evidencing its secured claim against the real property identified as 13604 Canal Vista Court, Potomac, Maryland 20854. The claim carried a 24% Default interest rate and costs and fee. In furtherance the legal strategy the Claimant filed the Bankruptcy Adversary Proceeding case no. 19-00350 to allege the claims that would cause the Mayland Foreclosure action to end. The defendant Hard Money Bankers, LLC, opposed the claims of the Debtor Trudah Harding. The Hard Money Bankers, LLC claimed there was an outstanding balance owed to it under the two (2) Deeds of Trust. On or about October 8, 2021, the parties reached a settlement of the Debtor Trudah Harding's claims.  The settlement required the Hard Money Bankers LLC to reduce their total

4

claim to $899,000.00. On November 19, 2021, the Bankruptcy Court entered an Order granting the parties agreement to settle the Adversary Proceeding case no. 19-00350. The Bankruptcy Court entered an Order for the Counter Defendant to pay the Claimant the following: Bankruptcy Adversary Proceeding case no. -19-00350 - $61,965.00. The Debtor entered an agreement with "Charity at It's Best," a non-profit philanthropic organization.  The agreement allowed the defendant to receive funding to pay the settlement and bankruptcy fees. The Counter Defendant and Charity at Its Best" entered a sales contract for it to purchase the real property identified as 13604 Canal Vista Court, Potomac, Maryland 20854. On March 30, 2022, the Bankruptcy Court in case no. 19-15399 entered an Order allowing the Counter Defendant to sell the real property to "Charity at Its Best." The Claimant had disclosed to the Bankruptcy Court that he had received the following payment: Bankruptcy case no. 19-15399-$3,500.00. The Debtor remained liable for the contingency fee for the resolution of Montgomery County, Circuit Court case no. - 463268-V. Pursuant to the agreement between the Couter-Defendant and "Charity at Its Best," the Debtor would be given one year to sell the real property to satisfy the loan used to satisfy the Bankruptcy Adversary Proceeding settlement agreement. The Hard Money Bankers, LLC, and "Charity at Its Best" entered a sales contract for "Charity at its Best" to purchase the underlying mortgage documents for the real property identified as 13604 Canal Vista Court, Potomac, Maryland 20854 in the amount of $899,000.00. Pursuant to the agreement between the Plaintiff and "Charity at Its Best," the Plaintiff would be given one year to sell the real property to satisfy the loan used to satisfy the Bankruptcy Adversary Proceeding settlement agreement.  A failure to sale the real property by the Plaintiff would result in "Charity at its Best" to foreclose upon the Plaintiff's real property.

On April 26, 2022, the Hard Money Bankers, LLC, through its counsel Benjamin Smith, Esq., voluntarily dismissed the Montgomery County, Circuit Court case no. 463268-V. The Plaintiff remained liable to the claimant for the contingency fee for the resolution of Montgomery County, Circuit Court case no. - 463268-V. On April 26, 2022, the Plaintiff Trudah Harding dismissed the Bankruptcy case identified as 19-15399. The parties communicated sparingly to determine the status of the real property or refinancing efforts by the plaintiff. In February of 2024, the "Charity at its Best" informed the Plaintiff of its intent to foreclose upon the plaintiff's real property. On or about April 2, 2024, Benjamin Smith instituted foreclosure proceedings against Plaintiff in Montgomery County, Maryland identified as case no. C-15-CV-24-001508.

On or about November 12, 2024, the Plaintiff filed a Civil Action in D.C. Superior Court, case no. – 2024-CAB-7124 alleging "Legal Malpractice."  The Plaintiff's primary claim rests upon her belief that she was forced to accept a settlement of $899,000.00 because an exhibit was not introduced in settlement negotiations.   On or about January 29, 2026, the "Charity at its Best" foreclosed upon the Plaintiff's real property. To date, the Debtor has not paid the outstanding contingent fee agreed upon. The Debtor was informed that she would be allowed to pay the contingent fee from the proceeds of the sale of the real property. The real property has been foreclosed upon to satisfy her obligations to the "Charity at Its Best."

3.      State in detail why you contend that you are entitled to compensation above and beyond that awarded and paid to you pursuant to the application for compensation and order thereon in case 19-15399 (Dkt. 131 and 145).

**RESPONSE:**

To be clear, the Claimant represented the debtor in: (1) Montgomery County, Circuit Court case no. 463268-V, (2) Bankruptcy case no. 19-15399, and (3) Bankruptcy Adversary Proceeding case no. – 19-00350.  The debtor was faced with a foreclosure of her residence at 13604 Canal Vista Court, Potomac, Maryland 20854.  The foreclosure case was identified as Benjamin P. Smith v. Trudah Mills Harding - 463268-V. The parties entered a Contingency Fee Retainer Agreement whereby the Debtor was provided a strategy to achieve settlement of the outstanding mortgage balance. Pursuant to the strategy, after defending the Montgomery County, Maryland foreclosure case, the Debtor filed a Chapter 13 Bankruptcy case – 19-15399 to stop the foreclosure sale of her property.   The Claimant was advised that due to her lack of income, the most feasible option was to sell the real property to achieve its Fair Market Value.   The lack of income forced her Chapter 13 plan to be a "liquidating plan."  On May 31, 2019. The "Hard Money Bankers, LLC" filed its First Proof of claim in the amount of $519,925.01 evidencing its secured claim against the real property identified as 13604 Canal Vista Court, Potomac, Maryland 20854. The claim carried a 24% Default interest rate and costs and fee. On May 31, 2019. The "Hard Money Bankers, LLC" filed its Second Proof of claim in the amount of $188,955.00 evidencing its secured claim against the real property identified as 13604 Canal Vista Court, Potomac, Maryland 20854. The claim carried a 24% Default interest rate and costs

and fee. In furtherance the legal strategy the Claimant filed the Bankruptcy Adversary Proceeding case no. 19-00350 to allege the claims that would cause the Mayland Foreclosure action to end. The defendant Hard Money Bankers, LLC, opposed the claims of the Debtor Trudah Harding. The Hard Money Bankers, LLC claiming there was an outstanding balance owed to it under the two (2) Deeds of Trust. On or about October 8, 2021, the parties reached a settlement of the Debtor Trudah Harding's claims.  The settlement required the Hard Money Bankers LLC to reduce their total claim to $899,000.00. On November 19, 2021, the Bankruptcy Court entered an Order granting the parties agreement to settle the Adversary Proceeding case no. 19-00350. The Bankruptcy Court entered an Order for the Debtor to pay the Claimant the following: Bankruptcy Adversary Proceeding case no. -19-00350 - $61,965.00. The Debtor entered an agreement with "Charity at Its Best," a non-profit philanthropic organization.  The agreement allowed the defendant to receive funding to pay the settlement and bankruptcy fees. The Debtor and Charity at Its Best" entered a sales contract for it to purchase the real property identified as 13604 Canal Vista Court, Potomac, Maryland 20854. On March 30, 2022, the Bankruptcy Court in case no. 19-15399 entered an Order allowing the Counter Defendant to sell the real property to "Charity at Its Best." The Claimant had disclosed to the Bankruptcy Court that he had received the following payment: Bankruptcy case no. 19-15399-$3,500.00. The Counter Defendant remained liable for the contingency fee for the resolution of Montgomery County, Circuit Court case no. Pursuant to the agreement between the Couter-Defendant and "Charity at Its Best," the Debtor would be given one year to sell the real property to satisfy the loan used to satisfy the Bankruptcy Adversary Proceeding settlement agreement. To date, the Counter Defendant has not paid the outstanding contingent fee agreed upon. The Debtor was informed that she would be allowed to pay the contingent fee from the proceeds of the sale of the real property. The real property has been foreclosed upon to satisfy her obligations to the "Charity at Its Best."  The remaining balance is due to the Claimant.

4.     Identify each statement, and each person who on your behalf has obtained or attempted to obtain statements from any person, regarding the facts or circumstances of this matter, and for each such statement identify the person making it or from whom it was attempted

to obtain the statement, the date the statement was taken or requested, a detailed description of the contents of the statement, and the person who has custody or control of the statement.

**RESPONSE:**

None.

5.      Identify any documents which support or controvert any allegation, claim, defense, or claim for damages or other relief herein, and if they are not in the custody of a party to this contested matter, describe such documents with sufficient particularity to enable the party propounding these interrogatories to file a request or subpoena for their production.

**RESPONSE:**

See the Claimant's Responses to Requests for Production of Documents.

6.      Identify all documents which you reasonably expect to be used to support or contest any allegation in the pleadings.

**RESPONSE:**

See the Claimant's Responses to Production of Documents

7.      If you contend that your claim is not barred by Maryland's (or DC's) 3-year statute of limitations, state all facts on which you base such contention,

**RESPONSE:**

The debtor and Hard Money Bankers, LLC, through its attorney Benjamin Shulman, reached a settlement agreement.  Pursuant to the settlement, the debtor was required to pay the mortgage lender Hard Money Bankers, LLC $899,000.00.  The only means to accomplish this was by the sale of the real property.  The debtor reached a sale agreement with Charity at its Best and the

Claimant agreed to collect his attorney's fees at the sale of the property.  The sale proceeds would have paid the Hard Money Banker's lien in full.  A complication at closing caused the sale t of the real property to be cancelled.  The cancellation created a potential default to the Settlement Agreement.  Charity at its Best, with the assistance of the Claimant, purchased the underlying mortgage not from the Hard Money Bankers, LLC. After the assignment of the note, Charity at its Best agreed to give the debtor additional time to either refinance or sell the real property to pay-off the lien.  The debtor's goal was to obtain a reverse mortgage on the property. It was her desire to retain and keep the property.  Either a sale of the real property or a Reverse Mortgage was the only way to pay-off the existing lien in the amount of $899,000.00. Debtor and Claimant agreed that claimant would be paid upon the sale of the property. The Debtor could not get a reverse mortgage. The debtor continued to pursue refinancing options to no avail.  The "Charity at its Best" filed for foreclosure using Benjamin Smith.  The debtor determined that she could have received a better settlement amount than the $899,000.00 if the Claimant had introduced an exhibit determining her residency to be the subject property.  Unbeknown to the debtor, the alleged exhibit was part of the Summary Judgment record and was used to assist with obtaining a favorable Summary Judgment Order.   The debtor filed a Legal Malpractice claim in the D.C. Superior Court.  On or about November 12, 2024, the Plaintiff filed a Civil Action in D.C. Superior Court, case no. – 2024-CAB-7124 alleging "Legal Malpractice."  The Plaintiff's primary claim rests upon her belief that she was forced to accept a settlement of $899,000.00 because an exhibit was not introduced in settlement negotiations.  On or about January 29, 2026, the "Charity at its Best" foreclosed upon the Plaintiff's real property.

The filing of the Legal Malpractice case was the first and only indication that the debtor was attempting to avoid the payment of attorney's fees.  A compulsory counterclaim for Breach of Contract was filed.  The actual injury occurred on the date of foreclosure sale.

8.      Identify (as defined above) each person referred to in the pleadings, or who you believe may have knowledge of facts relating to the allegations, claims, defenses, and claims for damages or other relief in this action, and for each such person specify the nature of the information he or she possesses, the portion of the claim(s) or defense(s) to which such knowledge applies, and whether you expect to have such person testify at the trial of this action. Include in your response all persons referred to elsewhere in your responses to these interrogatories.

**RESPONSE:**

Benjamin Smith – Fact witness will testify as to the amount of the claim, the Settlement Agreement, sale of the Real Property pursuant to foreclosure.

Trudah Harding – Fact witness will provide testimony of the Claimant's notice to her regarding payment to be made upon the sale of the real property.

9.      Describe in detail all communications between you and any other party to this action, or any other person, regarding the subject matter of this action.

**RESPONSE:**

Benjamin Smith – Attorney for "Hard Money Bankers, LLC" and "Charity at its Best." Fact witness will testify as to the amount of the claim, the Settlement Agreement, sale of the Real Property pursuant to foreclosure.

10

Trudah Harding – Debtor - Fact witness will provide testimony of the Claimant's notice to her regarding payment to be made upon the sale of the real property.  The inability to obtain financing, and all relevant facts regarding the bankruptcy case,

10. Identify each document or other communication otherwise responsive to any interrogatory or request for production for which you claim privilege; state the nature of the privilege; the nature of the document or communication; the date thereof; the subject matter thereof; and person(s) who made the communication or wrote the document; and all recipients thereof.

**RESPONSE:**

None.

11. If the answer to any Request for Admission is anything other than an unqualified admission, state in detail the reason for your response.

**RESPONSE:**

On or about December 8, 2017, Debtor entered into two (2) consumer credit transactions (hereinafter collectively "the transactions") with Hard Money bankers, LLC in which they allegedly extended consumer credit to the Debtor subject to a finance charge and which was initially payable to Hard Money Bankers, LLC.

The Debtor Trudah Harding allegedly informed the Hard Money Bankers, LLC that the "Property" was her principal dwelling.  The defendant required the plaintiff to execute documents indicating the transaction was a commercial loan. The plaintiff informed the defendant that she was not seeking a commercial loan, Defendant told plaintiff "not to worry" that ""it is just the forms we use for all loans." The defendant labeled the transaction as a "Commercial Flat Rate Note with Balloon Payment."  The defendant knew or should have known the loan transaction was a "consumer credit transaction." On or about December 8, 2017, pursuant to the first transaction, the Plaintiff owed a debt in the amount of $415,000.00 to Defendant evidenced by the "Commercial Flat Rate Note with Balloon Payment."   As part of the consumer transaction, the first Note was

11

secured by a Deed of Trust against the plaintiff's principal dwelling identified as 13604 Canal Vista Ct., Potomac, Maryland 20854.  The debtor was faced with a foreclosure of her residence at 13604 Canal Vista Court, Potomac, Maryland 20854.  The foreclosure case was identified as Benjamin P. Smith v. Trudah Mills Harding - 463268-V. The parties entered a Contingency Fee Retainer Agreement whereby the Debtor was provided a strategy to achieve settlement of the outstanding mortgage balance. Pursuant to the strategy, after defending the Montgomery County, Maryland foreclosure case, the Debtor filed a Chapter 13 Bankruptcy case – 19-15399 to stop the foreclosure sale of her property.   The Claimant was advised that due to her lack of income, the most feasible option was to sell the real property to achieve its Fair Market Value.   The lack of income forced her Chapter 13 plan to be a "liquidating plan." On May 31, 2019. The "Hard Money Bankers, LLC" filed its First Proof of claim in the amount of $519,925.01 evidencing its secured claim against the real property identified as 13604 Canal Vista Court, Potomac, Maryland 20854. The claim carried a 24% Default interest rate and costs and fee. On May 31, 2019. The "Hard Money Bankers, LLC" filed its Second Proof of claim in the amount of $188,955.00 evidencing its secured claim against the real property identified as 13604 Canal Vista Court, Potomac, Maryland 20854. The claim carried a 24% Default interest rate and costs and fee. In furtherance the legal strategy the Claimant filed the Bankruptcy Adversary Proceeding case no. 19-00350 to allege the claims that would cause the Mayland Foreclosure action to end. The defendant Hard Money Bankers, LLC, opposed the claims of the Debtor Trudah Harding. The Hard Money Bankers, LLC claimed there was an outstanding balance owed to it under the two (2) Deeds of Trust. On or about October 8, 2021, the parties reached a settlement of the Debtor Trudah Harding's claims.  The settlement required the Hard Money Bankers LLC to reduce their total claim to $899,000.00. On November 19, 2021, the Bankruptcy Court entered an Order granting the parties agreement to settle the Adversary Proceeding case no. 19-00350. The Bankruptcy Court entered an Order for the Counter Defendant to pay the Claimant the following: Bankruptcy Adversary Proceeding case no. -19-00350 - $61,965.00. The Debtor entered an agreement with "Charity at It's Best," a non-profit philanthropic organization.  The agreement allowed the defendant to receive funding to pay the settlement and bankruptcy fees. The Counter Defendant and Charity at Its Best" entered a sales contract for it to purchase the real property identified as 13604 Canal Vista Court, Potomac, Maryland 20854. On March 30, 2022, the Bankruptcy Court in case no. 19-15399 entered an Order allowing the Counter Defendant to sell the real property to

12

"Charity at Its Best." The Claimant had disclosed to the Bankruptcy Court that he had received the following payment: Bankruptcy case no. 19-15399-$3,500.00. The Debtor remained liable for the contingency fee for the resolution of Montgomery County, Circuit Court case no. - 463268-V. Pursuant to the agreement between the Couter-Defendant and "Charity at Its Best," the Debtor would be given one year to sell the real property to satisfy the loan used to satisfy the Bankruptcy Adversary Proceeding settlement agreement. The Hard Money Bankers, LLC, and "Charity at Its Best" entered a sales contract for "Charity at its Best" to purchase the underlying mortgage documents for the real property identified as 13604 Canal Vista Court, Potomac, Maryland 20854 in the amount of $899,000.00. Pursuant to the agreement between the Plaintiff and "Charity at Its Best," the Plaintiff would be given one year to sell the real property to satisfy the loan used to satisfy the Bankruptcy Adversary Proceeding settlement agreement.  A failure to sale the real property by the Plaintiff would result in "Charity at its Best" to foreclose upon the Plaintiff's real property.

On April 26, 2022, the Hard Money Bankers, LLC, through its counsel Benjamin Smith, Esq., voluntarily dismissed the Montgomery County, Circuit Court case no. 463268-V. The Plaintiff remained liable to the claimant for the contingency fee for the resolution of Montgomery County, Circuit Court case no. - 463268-V. On April 26, 2022, the Plaintiff Trudah Harding dismissed the Bankruptcy case identified as 19-15399. The parties communicated sparingly to determine the status of the real property or refinancing efforts by the plaintiff. In February of 2024, the "Charity at its Best" informed the Plaintiff of its intent to foreclose upon the plaintiff's real property. On or about April 2, 2024, Benjamin Smith instituted foreclosure proceedings against Plaintiff in Montgomery County, Maryland identified as case no. C-15-CV-24-001508. On or about November 12, 2024, the Plaintiff filed a Civil Action in D.C. Superior Court, case no. – 2024-CAB-7124 alleging "Legal Malpractice."  The Plaintiff's primary claim rests upon her belief that she was forced to accept a settlement of $899,000.00 because an exhibit was not introduced in settlement negotiations.   On or about January 29, 2026, the "Charity at its Best" foreclosed upon the Plaintiff's real property. To date, the Debtor has not paid the outstanding contingent fee agreed upon. The Debtor was informed that she would be allowed to pay the contingent fee from the proceeds of the sale of the real property. The real property has been foreclosed upon to satisfy her obligations to the "Charity at Its Best."

To be clear, the Claimant represented the debtor in: (1) Montgomery County, Circuit Court case no. 463268-V, (2) Bankruptcy case no. 19-15399, and (3) Bankruptcy Adversary Proceeding case no. – 19-00350.  The debtor was faced with a foreclosure of her residence at 13604 Canal Vista Court, Potomac, Maryland 20854.  The foreclosure case was identified as Benjamin P. Smith v. Trudah Mills Harding - 463268-V. The parties entered a Contingency Fee Retainer Agreement whereby the Debtor was provided a strategy to achieve settlement of the outstanding mortgage balance. Pursuant to the strategy, after defending the Montgomery County, Maryland foreclosure case, the Debtor filed a Chapter 13 Bankruptcy case – 19-15399 to stop the foreclosure sale of her property.   The Claimant was advised that due to her lack of income, the most feasible option was to sell the real property to achieve its Fair Market Value.   The lack of income forced her Chapter 13 plan to be a "liquidating plan."  On May 31, 2019. The "Hard Money Bankers, LLC" filed its First Proof of claim in the amount of $519,925.01 evidencing its secured claim against the real property identified as 13604 Canal Vista Court, Potomac, Maryland 20854. The claim carried a 24% Default interest rate and costs and fee. On May 31, 2019. The "Hard Money Bankers, LLC" filed its Second Proof of claim in the amount of $188,955.00 evidencing its secured claim against the real property identified as 13604 Canal Vista Court, Potomac, Maryland 20854. The claim carried a 24% Default interest rate and costs and fee. In furtherance the legal strategy the Claimant filed the Bankruptcy Adversary Proceeding case no. 19-00350 to allege the claims that would cause the Mayland Foreclosure action to end. The defendant Hard Money Bankers, LLC, opposed the claims of the Debtor Trudah Harding. The Hard Money Bankers, LLC claiming there was an outstanding balance owed to it under the two (2) Deeds of Trust. On or about October 8, 2021, the parties reached a settlement of the Debtor Trudah Harding's claims.  The settlement required the Hard Money Bankers LLC to reduce their total claim to $899,000.00. On November 19, 2021, the Bankruptcy Court entered an Order granting the parties agreement to settle the Adversary Proceeding case no. 19-00350. The Bankruptcy Court entered an Order for the Debtor to pay the Claimant the following: Bankruptcy Adversary Proceeding case no. -19-00350 - $61,965.00. The Debtor entered an agreement with "Charity at Its Best," a non-profit philanthropic organization.  The agreement allowed the defendant to receive funding to pay the settlement and bankruptcy fees. The Debtor and Charity at Its Best" entered a sales contract for it to purchase the real property identified as 13604 Canal Vista Court, Potomac, Maryland 20854. On March 30, 2022, the

14

Bankruptcy Court in case no. 19-15399 entered an Order allowing the Counter Defendant to sell the real property to "Charity at Its Best." The Claimant had disclosed to the Bankruptcy Court that he had received the following payment: Bankruptcy case no. 19-15399-$3,500.00. The Counter Defendant remained liable for the contingency fee for the resolution of Montgomery County, Circuit Court case no. Pursuant to the agreement between the Couter-Defendant and "Charity at Its Best," the Debtor would be given one year to sell the real property to satisfy the loan used to satisfy the Bankruptcy Adversary Proceeding settlement agreement. To date, the Counter Defendant has not paid the outstanding contingent fee agreed upon. The Debtor was informed that she would be allowed to pay the contingent fee from the proceeds of the sale of the real property. The real property has been foreclosed upon to satisfy her obligations to the "Charity at Its Best." The remaining balance is due to the Claimant.

The debtor and Hard Money Bankers, LLC, through its attorney Benjamin Shulman, reached a settlement agreement. Pursuant to the settlement, the debtor was required to pay the mortgage lender Hard Money Bankers, LLC $899,000.00. The only means to accomplish this was by the sale of the real property. The debtor reached a sale agreement with Charity at its Best and the Claimant agreed to collect his attorney's fees at the sale of the property. The sale proceeds would have paid the Hard Money Banker's lien in full. A complication at closing caused the sale t of the real property to be cancelled. The cancellation created a potential default to the Settlement Agreement. Charity at its Best, with the assistance of the Claimant, purchased the underlying mortgage not from the Hard Money Bankers, LLC. After the assignment of the note, Charity at its Best agreed to give the debtor additional time to either refinance or sell the real property to pay-off the lien. The debtor's goal was to obtain a reverse mortgage on the property. It was her desire to retain and keep the property. Either a sale of the real property or a Reverse Mortgage was the only way to pay-off the existing lien in the amount of $899,000.00. Debtor and Claimant agreed that claimant would be paid upon the sale of the property. The Debtor could not get a reverse mortgage. The debtor continued to pursue refinancing options to no avail. The "Charity at its Best" filed for foreclosure using Benjamin Smith. The debtor determined that she could have received a better settlement amount than the $899,000.00 if the Claimant had introduced an exhibit determining her residency to be the subject property. Unbeknown to the debtor, the alleged exhibit was part of the Summary Judgment record and was used to assist with obtaining a favorable Summary Judgment Order. The debtor filed a Legal Malpractice claim in

the D.C. Superior Court.  On or about November 12, 2024, the Plaintiff filed a Civil Action in D.C. Superior Court, case no. – 2024-CAB-7124 alleging "Legal Malpractice."  The Plaintiff's primary claim rests upon her belief that she was forced to accept a settlement of $899,000.00 because an exhibit was not introduced in settlement negotiations.  On or about January 29, 2026, the "Charity at its Best" foreclosed upon the Plaintiff's real property.

The filing of the Legal Malpractice case was the first and only indication that the debtor was attempting to avoid the payment of attorney's fees.  A compulsory counterclaim for Breach of Contract was filed.  The actual injury occurred on the date of foreclosure sale.

## OATH

**I HEREBY CERTIFY under the penalty of perjury that the foregoing Responses to Interrogatories are based upon my personal knowledge, true and correct to the best of my information.**

**/s/ William C. Johnson, Jr., Esq.**
**Willam C. Johnson, Jr., Esq.**

March 20, 2026

**/s/ William C. Johnson, Jr., Esq**
William C. Johnson, Jr., Esq.
CPF# 0312160368
6305 Ivy Lane
Suite 630
Greenbelt, Maryland 20770
(301) 477-3450
(202) 525-2958
William@JohnsonLG.Law

## CERTIFICATE OF SERVICE

I hereby certify, on this 20th day of March 2026, that the foregoing was served on all counsel of record via the Court's electronic service system and

A Daniel M. Press
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800

16

(703) 734-0590 fax
dpress@chung-press.com

March 20, 2026                                   */s/ William C. Johnson, Jr.*
                                                The Johnson Law Group, LLC
                                                William C. Johnson, Jr., Esq.