**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**AT GREENBELT**

| | |
|---|---|
| **In re:** | |
| **Trudah A. Harding,** | **Case No. 25-11103-MCR** |
| **Debtor.** | **Chapter 13** |

## CLAIMANT WILLIAM C. JOHNSON JR. RESPONSES TO REQUESTS FOR ADMISSIONS

TO:     Trudah Harding
        Daniel M. Press
        Chung & Press, P.C.
        6718 Whittier Ave., Suite 200
        McLean, VA 22101
        (703) 734-3800
        (703) 734-0590 fax
        dpress@chung-press.com

### RESERVATION OF RIGHTS

1.      Claimant expressly reserves the right to supplement, clarify, revise, or correct any answer and objection set forth herein at any time.

2.      Claimant expressly reserves and maintains any objection it may have as to the relevancy, competency, materiality, privilege, or propriety of the discovery sought by the Debtor and to the admissibility or use of information or documents supplied by the Debtor in its responses herein as evidence for any purpose in this action including trial.

3.      In the event Claimant produced any information that could have been withheld based upon any one or more objections set forth in the General Objections portion of Claimant's responses below, the production of any such information shall not constitute waiver of any such Objection and shall not affect Claimant's right to withhold other existing information governed by those objections.

4.      The enumeration of specific objections in Claimant's response shall not be deemed a waiver of other applicable objections.

1

5.      In responding to the discovery sought by Debtor, Claimant does not admit or imply that it considers any of Debtor's Requests or Claimant's responses hereto, to be relevant or material to the subject matter of this action, or to claims or defenses of any party herein, or that any of the Debtor's requests or Claimant's responses hereto, are reasonably calculated to lead to the discovery of admissible evidence.

## **GENERAL OBJECTIONS**

A.      Claimant objects to the Requests to the extent they seek information reflecting confidential communications with Debtor's attorneys or any information protected from disclosure by the attorney-client privilege.  Similarly, Claimant objects to the Requests to the extent they seek information covered by the attorney work product doctrine.  In providing responses, Claimant does not waive any immunity from disclosure that attaches to any information to which the attorney work product doctrine applies that may be sought by the Requests.  Accordingly, unless otherwise indicated, Claimant s responses will exclude from their scope: (a) All communications between counsel for Claimant, between Claimant and Claimant's counsel; and (b) All information generated or prepared in anticipation of litigation by or for Claimant and Claimant s representatives.  To the extent any response could be construed as containing attorney work product, Claimant does not waive immunity with respect to any such attorney work product.

B.      Claimant objects to the Requests, instructions and definitions thereto, to the extent that they are vague and ambiguous or impose obligations beyond those established by the Maryland Rules.  Claimant has responded to each of the Requests as Claimant interprets and understands them. Claimant reserves the right to amend and/or supplement these responses in the event that the Requesting Debtor later asserts a different interpretation which is accepted by Claimant.

C.      Claimant objects to the Requests to the extent they seek information that is reasonably accessible in the files of Debtor and/or otherwise in the Debtor's possession. Claimant's  disclosure of such information does not constitute a waiver of such objection.

D.      Claimant generally objects to the Requests to the extent it fails to define a relevant time period or an overly broad time period and are, therefore, overly broad and vague.

E.      Claimant objects to the discovery sought by Debtor to the extent that it purports to: a) seek information which is not relevant to the claims or defenses in the present action; b) seek information that does not appear reasonably calculated to lead to the discovery of admissible evidence; c) require Claimant to draw a conclusion of law; or d) require Claimant to provide repetitious responses.

F.      The documents being produced in response to Debtor's Request are being provided in accordance with the provision and intent of the Federal Rules of Civil

2

Procedure. These Rules require disclosure of documents that may not be admissible. Claimant does not, by producing these documents, waive any proper objection to their admissibility in evidence at trial.

G.    Although Claimant has attempted to state herein all applicable objections that are currently pertinent, as the case progresses Claimant may become aware of other objections to the Requests. Thus, Claimant reserves the right to state further objections as may be proper as the litigation continues.

H.    Claimant will not produce, in response to these Requests, any documents which only came into its possession by virtue of their inclusion in Debtor's document production. Moreover, such documents will be disregarded for purposes of the written Responses set forth below. However, Claimant reserves the right to use said documents in this case


## REQUESTS FOR ADMISSION

1)    Your claim or cause of action asserted in your proof of claim accrued on or before November 19, 2021.
**RESPONSE:  Denied**

2)    On March 18, 2019, Debtor and The Law Offices of William Johnson, LLC entered into a Retainer Agreement, a copy of which was attached to the proof of claim.
**RESPONSE: Admit**

3)    The retainer agreement was with The Law Offices of William Johnson, LLC, and not you personally.
**RESPONSE: Denied**

4)    The March 18, 2019, retainer agreement was the only written contract or agreement between you or your law firm and Debtor.
**RESPONSE: Denied**

5)    The March 18, 2019, retainer agreement was the only written contract or agreement between you or your law firm and Debtor in which you undertook to provide legal services for compensation.
**RESPONSE: Denied**

6)    The March 18, 2019, retainer agreement provided for a non-refundable retainer fee of $5000.
**RESPONSE: Admit**

7)    The $5000 fee referenced in #6 was paid by cashiers check dated March 15, 2019.
**RESPONSE: Admit**

3

8)      You never obtained a "recovery of damages" for Debtor in the litigation referenced in that retainer agreement, or elsewhere.
**RESPONSE:  Denied**

9)      The Motion to Stay or Dismiss that you filed was the only substantive filing by Debtor in the foreclosure case, through you or otherwise.
**RESPONSE:  Admit**

10)     The April 24 hearing on the Motion to Stay or Dismiss was not held because on April 20, 2019,  Debtor, through you as counsel, filed a Chapter 13 case in this Court, case no. 19-15399.
**RESPONSE: Admit**

11)     No new fee agreement for the bankruptcy case was signed.
**RESPONSE: Admit**

12)     There is no signed representation agreement for bankruptcy case 19-15399.
**RESPONSE: Admit**

13.     You prepared and filed Debtor's schedules in Case 19-15399.
**RESPONSE: Admit**

14.     Neither you nor your firm were listed as creditors on Schedules D-F, nor was any retainer agreement listed as an executory contract on Schedule G, in case 19-15399.
**RESPONSE: Admit**

15.     The unearned balance of the $5000 "non-refundable" retainer was not listed as an asset on Schedule A/B in Case No. 19-15399.
**Objection:  The request erroneously identifies the $5000.00 retainer as "unearned."  The insinuation, albeit a misstatement, is whether the $5000.00 was an available asset.  The statement was made under oath by the Debtor.  This is not a disclosure made by the claimant.  To the extent allowed the Claimant responds:**
**RESPONSE:  Denied**

16.     Statement of Financial Affairs  in Case No. 19-15399, question 16, which asks "Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?" only disclosed the $310 filing fee for the Chapter 13 case.
**OBJECTION:  The statement was made under oath by the Debtor.  This is not a disclosure made by the claimant.  To the extent allowed the Claimant responds:**
**RESPONSE: Denied**

17.     Statement of Financial Affairs in Case No. 19-15399, Question 17 ("Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to

your creditors?") was answered "No," thereby completely failing to disclose the $5000 "non-refundable retainer" paid a month before.

**OBJECTION: The statement was made under oath by the Debtor. This is not a disclosure made by the claimant. To the extent allowed the Claimant responds:**
**RESPONSE: Denied.**

18. On your first Disclosure of Compensation of Attorney for Debtor(s) in Case No. 19-15399 (Dkt. #4) you disclosed a flat $3500 fee for the bankruptcy case, none of which was said to have been paid.
**RESPONSE: Admit**

19. You have no written agreement for the foregoing $3500 fee.
**OBJECTION: The retainer agreement was reviewed and approved by Judge Catliota. The retainer agreement did not specifically identify a fee of $3500.00. To the extent allowed the Claimant responds:**
**RESPONSE: Admit**

20. The plan you filed provided for fees of "$3,500.00 due and payable pursuant to a fee arrangement made under Subparagraphs 4.A, B, or C of Appendix F to the Local Bankruptcy Rules."
**RESPONSE: Admit**

21. There was no arrangement made under Subparagraphs 4.A, B, or C of Appendix F to the Local Bankruptcy Rules.
**RESPONSE: Denied**

22. On September 25, 2019, when you filed an Adversary Proceeding (No. 19-350) against Hard Money Bankers. LLC, no new fee agreement was entered into, and no Disclosure of Compensation was filed.
**OBJECTION: The retainer agreement was reviewed and approved by Judge Catliota. To the extent allowed the Claimant responds:**
**RESPONSE: Admit**

23. On October 20, 2021, a Rule 9019 motion was filed to settle the adversary proceeding, which motion was subsequently approved.
**RESPONSE: Admit**

24. The settlement provided for a reduction in the loan amount, among other terms, but did not result in any recovery of damages to Debtor.
**RESPONSE: Denied**

25. On December 31, 2021, you filed a "FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION FOR THE ATTORNEY OF THE DEBTOR FOR THE PERIOD SEPTEMBER 25, 2019, THROUGH DECEMBER 8, 2021, IN ADVERSARY PROCEEDING CASE NO. 19-00350." (Dkt. 131).
**RESPONSE: Admit**

26.     That time period of the fee application covered the entire time the Adversary Proceeding was pending and sought $61,965.00 in legal fees for the case, stating "The total fee to be charged by the attorney for legal services rendered for the debtor in this bankruptcy case is $61,965.00."
**OBJECTION: The request misconstrues the efforts rendered in the Adversary Proceeding only.  To the extent allowable the Claimant responds:**
**RESPONSE: Admit**

27.     Your fee application stated "The attorney has filed a document entitled Disclosure of Compensation of Attorney for Debtor with the court, the provisions of which are incorporated by reference in this application."
**RESPONSE: Admit**
28.     You did cite the monetary benefit as a reason to allow the fees: "The issues presented required a high level of expertise in protecting the rights of the Debtor and defending the various matters. The efforts of the Applicant have afforded the debtor the opportunity to receive relief also keeping the administrative costs of these efforts to a minimum and giving the Debtor an opportunity for a fresh start. The benefit to the bankruptcy estate has exceeded $300,000.00."
**OBJECTION: The retainer agreement completely outlined the contingency fee arrangement to be earned in the Montgomery County foreclosure matter.  To the extent allowable the Claimant responds:**
**RESPONSE:   Admit**

29.     The only reference to a contingency in your fee application or any fee disclosure was:

**f. Whether the Fee is fixed or Contingent**
The recovery of fees is always contingent on the availability of funds in the estate, a fact which cannot be known to counsel when representation is first undertaken. The benefit to the bankruptcy estate has exceeded $300,000.00. Counsel has not yet received Court approval of the payment of any attorney's fees.
**OBJECTION: The retainer agreement completely outlined the contingency fee arrangement to be earned in the Montgomery County foreclosure matter.  To the extent allowable the Claimant responds:**
**RESPONSE: Admit**

30.     After the Debtor objected, the Court ordered the parties to provide the retainer agreement at issue.
**RESPONSE: Admit**

31.     Both the Debtor and you filed copies of the same retainer agreement that was attached to the proof of claim in this case (Dkt. 138-139).
**RESPONSE:  Admit**

32.     This Court approved the fees in the amount requested (Dkt. 145).
**RESPONSE: Admit**

33.     On April 21, 2022, you filed a second Disclosure of Compensation (Dkt. 173).

**RESPONSE: Admit**

34.     That document (Dkt. 173) stated that:

compensation paid to me since the filing of the petition in bankruptcy, ***or agreed to be paid to me,*** for services rendered or to be rendered on behalf of the debtor in contemplation of or in connection with this bankruptcy proceeding as follows:

1.  Subject to the approval of fees and reimbursement of expenses upon application therefore, it has been agreed that I will be compensated based on my regular hourly rate, currently $405.00 per hour, plus reimbursement of expenses. My fee agreement also called for the posting of an initial retainer of $3,500.00. **To date, as of April 20, 2022, the initial retainer in the amount of $3,500.00 to secure the payment of postpetition fees and expenses has been paid by a third party, Charity at its Best, Inc. Debtor's counsel shall make application to this honorable Court for any request to replenish the retainer.** Charity at its Best, Inc. ***has also paid the Court Ordered Attorney's Fees in Adversary Proceeding No. 19-00350 in the amount of $61,965.00***.

  **RESPONSE:   Admit**

35.     Charity at its Best paid you the $3500 fee for the bankruptcy case.
**OBJECTION: Charity at its Best paid for the Attorney's earned in the underlying bankruptcy case 19-15399 only.  To the extent allowable the Claimant responds:**
**RESPONSE: Admit**

36.     Charity at its Best paid you the $61,965.00 awarded in Doc. #145.
**OBJECTION: Charity at its Best paid for the Attorney's earned in the Adversary Proceeding case 19-00350 only.  To the extent allowable the Claimant responds:**
**RESPONSE: Admit**

37.     All fees disclosed in Case 19-15399 have been paid.
**RESPONSE: Admit**

38.     All fees awarded in Case 19-15399 have been paid.
**RESPONSE: Admit**

39.     You performed no legal work for Debtor after you voluntarily dismissed Case No. 19-15399.
**OBJECTION:  The debtor voluntarily dismissed the case on the same date the Montgomery County foreclosure case was dismissed.  To the extent allowable the Claimant responds:**
**RESPONSE: Admit**

40.     You have never invoiced Debtor for the amount claimed in your proof of claim.
**OBJECTION:  The debtor was informed that a demand for payment would be made once she sold the real property.  The filing of the malpractice by the debtor was the only**

indication that she would challenge the legal fees of the Claimant.  A counterclaim for the Attorney's Fees were filed.  To the extent allowed the Claimant responds:
**RESPONSE: Admit**

41.    You have never demanded payment of the amount claimed in your proof of claim.
**OBJECTION:  The debtor was informed that a demand for payment would be made once she sold the real property.  The filing of the malpractice by the debtor was the only indication that she would challenge the legal fees of the Claimant.  A counterclaim for the Attorney's Fees were filed.  To the extent allowed the Claimant responds:**
**RESPONSE: Admit**

42.    You have never invoiced Debtor since Case No. 19-15399 was dismissed.
**OBJECTION:  The debtor was informed that a demand for payment would be made once she sold the real property.  The filing of the malpractice by the debtor was the only indication that she would challenge the legal fees of the Claimant.  A counterclaim for the Attorney's Fees were filed.  To the extent allowed the Claimant responds:**
**RESPONSE: Admit**

43.    Until Debtor sued you for malpractice, you have never demanded payment of any amount from Debtor  since Case No. 19-15399 was dismissed.
**OBJECTION:  The debtor was informed that a demand for payment would be made once she sold the real property.  The filing of the malpractice by the debtor was the only indication that she would challenge the legal fees of the Claimant.  A counterclaim for the Attorney's Fees were filed.  To the extent allowed the Claimant responds:**
**RESPONSE: Admit**

## OATH

**I HEREBY CERTIFY under the penalty of perjury that the foregoing Responses to Requests for Admissions are based upon my personal knowledge, true and correct to the best of my information.**

**/s/ William C. Johnson, Jr., Esq.__**
**Willam C. Johnson, Jr., Esq.**

March 20, 2026

**/s/ William C. Johnson, Jr., Esq**
William C. Johnson, Jr., Esq.
CPF# 0312160368
6305 Ivy Lane
Suite 630
Greenbelt, Maryland 20770

8

(301) 477-3450
(202) 525-2958
William@JohnsonLG.Law

## CERTIFICATE OF SERVICE

I hereby certify, on this 20th day of March 2026, that the foregoing was served on all counsel of record via the Court's electronic service system and

Daniel M. Press
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
(703) 734-0590 fax
dpress@chung-press.com


March 20, 2026                                          */s/ William C. Johnson, Jr.*
                                                        The Johnson Law Group, LLC
                                                        William C. Johnson, Jr., Esq.

9