**Fill in this information to identify the case:**

Debtor 1        **Trudah A. Harding**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    DISTRICT OF MARYLAND

Case number    **25-11103**

## Official Form 410
# Proof of Claim
**04/25**

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

William C. Johnson, Jr.

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- |
| William C. Johnson, Jr., 6305 Ivy Lane, Suite 630, Greenbelt, Maryland 20770 | William C. Johnson, Jr., 6305 Ivy Lane, Suite 630, Greenbelt, Maryland 20770 |
| Name, Number, Street, City, State & Zip Code | Name, Number, Street, City, State & Zip Code |
| Contact phone    (301) 477-3450 | Contact phone    (301) 477-3450 |
| Contact email    William@JohnsonLG.Law | Contact email    William@JohnsonLG.Law |

Uniform claim identifier (if you use one):

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____    Filed on _____

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.  Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

**7. How much is the claim?**

$ __715,407.00__   **Does this amount include interest or other charges?**

☐ No

☑ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Attorney's Fees for services performed. _____

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**  $ _____

**Amount of the claim that is secured:**  $ _____

**Amount of the claim that is unsecured:**  $ _____    (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $ _____

**Annual Interest Rate** (when case was filed) _____ %

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes.  **Amount necessary to cure any default as of the date of the Petition.**  $ _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes.  Identify the property: _____

Official Form 410                                          **Proof of Claim**                                          page 2

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | | Amount entitled to priority |
|---|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes.  *Check one:* | | |
| | ☐ | Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ | Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ | Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier.11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ | Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ | Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ | Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ _____ |

\* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

---

| Part 3: | Sign Below |
|---|---|

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).** | *Check the appropriate box:* |
| | ☑ I am the creditor. |
| If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is. | ☐ I am the creditor's attorney or authorized agent. |
| | ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. |
| | ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. |
| **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt. |
| | I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct. |

Executed on date    **December  29, 2025**
                    MM/ DD / YYYY

**/s/ William C. Johnson, Jr., Esq.**
   Signature

**Print the name of the person who is completing and signing this claim:**

| Name | **William C. Johnson, Jr., Esq. 15651** |
|---|---|
| Title | |
| Company | **The Johnson Law Group, LLC** |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | **6305 Ivy Lane** **Suite 630** **Greenbelt, MD 20770** |
| | Number, Street, City, State and Zip Code |
| Contact phone | **(301) 477-3450**   Email **William@JohnsonLG.Law** |

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

*Law Offices of*

# William Johnson, LLC

**1310 L St. NW**
**Suite 750**
**Washington, D.C. 20005**
**(202) 525-2958**
**(202) 431-2650**
**FAX (202) 525-2961**
**www.DCMDConsumerlaw.com**
**WJohnson@DCMDConsumerlaw.com**

William C. Johnson, Jr., Esq, MBA, LLM-MD,DC

## RETAINER AGREEMENT

The undersigned, **Trudah Harding** (hereinafter known as Client) hereby requests the legal services of **William C. Johnson, Jr. Esq., MBA, LL.M** (hereinafter known as Attorney) for representation regarding a Foreclosure Complaint filed in Montgomery County involving the foreclosure sale of real property identified as 13604 Canal Vista Court, Potomac, MD 20854 in case no. 463268-V. Attorney shall defend Trudah Harding in the action.

Legal services shall require a non-refundable retainer fee of **$5,000.00**. Attorney acknowledges receipt of $ *5000* .00. Legal services will be billed on an hourly basis, with time being charged in tenths of an hour, at the following rates:

| | | | |
|---|---|---|---|
| Partners | $405.00 per hour | Paralegals | $50.00 per hour |
| Associates | $100.00 per hour | Law Clerks | $25.00 per hour |

Attorney will use his/her discretion in staffing, to provide services in the most economical manner possible. Please note that all time spent on your behalf in this matter, including time spent in telephone conversations, will be charged to you. The initials of the person performing the services will be noted on the invoice.

The fee of Attorney shall be contingent upon the result obtained. There shall be no legal obligation by Client to pay Attorney any fee if nothing is recovered from the adversary or from the Client's insurer in an underinsured or uninsured situation.

However, Client is responsible for all expenses incurred in the prosecution of the claim. Client gives permission to Attorney to advance the payment of costs and expenses, but Client acknowledges the Client remains responsible for payment of said costs and expenses and agrees to reimburse Attorney for any such costs and expense for

which Attorney advances payment. Client may reimburse Attorney as costs and expenses are incurred or, if Client reimburses Attorney upon settlement, Client agrees that such costs and expenses shall be paid out of Client's portion of the settlement proceeds.

In the event there is a recovery of damages, the legal fee of Attorney shall be 33 percent of the gross amount damages and/or value recovered, if settlement is achieved without the necessity of filing suit; 40 percent of the gross amount of damages and/or value of the settlement or judgment if it is necessary to file suit; and 45 percent of the ultimate gross amount of damages and/or value of the settlement or judgment following the trial and any appeal undertaken by the adversary.

In the event of discharge by Client and in the event Client subsequently recovers money or other property as a result of this action, Client shall be indebted to Attorney for legal fees based upon the value in the District of Columbia of legal services rendered and for any costs and expenses advanced by Attorney.

Attorney reserves the right to withdraw from representation if Client fails to cooperate or follow Attorney's advice on a material matter, or if any fact or circumstance arises or is discovered that would, in Attorney's view, render continuing representation unlawful or unethical.

In addition to fees for legal services, Attorney will be entitled to payment or reimbursement for costs and expenses incurred for services, including but not limited to: photocopying, messenger and delivery service, fees for computerized research services, travel (including mileage, parking, air fare, lodging, meals and ground transportation), long distance telephone, telecopying, depositions, court costs, sanctions and filing fees. Client agrees that Client is responsible for such expenses relating to this case. Depending upon the type of case you have, expenses may also include, but are not limited to: medical treatment, charges for medical examinations and reports, the cost of accident and credit reports, hospital records and pictures. Attorney is hereby authorized to charge such expenses and have such expenses billed to Client and Client agrees to pay them promptly. Unless other arrangements are made at the outset, fees and expenses of others will not be paid by Attorney and will be the responsibility of and billed directly to the Client.

Client agrees that Attorney may retain co-counsel, and Attorney agrees that Client will be consulted concerning co-counsel and any fee arrangement with co-counsel prior to retention of or consultation with co-counsel by Attorney.

Client agrees to allow attorney to contact him via e-mail at the following address: _____.

Invoices for legal services rendered and costs advanced or incurred are issued (indicate time interval, e.g. monthly) and are payable upon receipt. Interest at the rate of

1.5 percent per month will be added to the balance due on amounts which remain unpaid thirty (30) days or more. Attorney shall be entitled to recoup reasonable Attorneys Fees in the event it becomes necessary to file suit for the collection of fees.

Attorney reserves the right to withdraw from representation if, among other things, Client fails to honor the terms of this **FEE AGREEMENT** by failing to pay Attorney's invoices, by failing to cooperate or follow Attorney's advice on a material matter, or if any fact or circumstance arises or is discovered that would, in Attorney's view, render our continuing representation unlawful or unethical.

The outcome of negotiations and litigation is subject to factors which cannot always be foreseen; therefore, it is understood that Attorney has made no promises or guarantees to Client concerning the outcome of this representation and cannot do so. Nothing herein shall be construed as such a promise or guarantee.

This **FEE AGREEMENT** pertains only to legal services rendered and costs and expenses for the matter expressly stated above. It does not relate to any other matter for which Client seeks representation by Attorney. Any other matter will require a separate **FEE AGREEMENT**.

Date: 3/18/2019        Client: _____

Date: 3/18/2019        Attorney: _____

Entered: November 19th, 2021
Signed: November 18th, 2021

**SO ORDERED**



**THOMAS J. CATLIOTA**
**U.S. BANKRUPTCY JUDGE**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (GREENBELT)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **TRUDAH A. HARDING** | ) | **Case No. 19-15399 TJC** |
| | ) | **(Chapter 13)** |
| Debtor. | ) | |
| | ) | |
| | ) | |
| **TRUDAH A. HARDING** | ) | |
| | ) | |
| Plaintiff/ | ) | |
| Counter-Defendant, | ) | |
| | ) | |
| v. | ) | **Adversary Case No. 19-00350 TJC** |
| | ) | |
| **HARD MONEY BANKERS, LLC** | ) | |
| | ) | |
| Defendant/ | ) | |
| Counter-Plaintiff. | ) | |
| | ) | |

**CONSENT ORDER GRANTING CONSENT MOTION FOR APPROVAL OF
SETTLEMENT AND COMPROMISE OF CONTROVERSY BETWEEN THE DEBTOR
AND HARD MONEY BANKERS, LLC –
RELIEF INCLUDES EQUITABLE SERVITUDE**

UPON CONSIDERATION of the Consent Motion for Approval of Settlement and

Compromise of Controversy ("Motion") filed by the Plaintiff, Trudah A. Harding ("Plaintiff" or

"Debtor") and Hard Money Bankers, LLC ("HMB" or "Creditor"), and the Court finding good

cause to grant the Motion, and

**FINDING** that Creditor is a secured creditor of the Debtor whose first of two claims is based upon a certain Commercial Flat Rate Note with Balloon Payment (the "First Note") executed by the Debtor. Repayment of said First Note is secured by that certain Deed of Trust, Assignment of Rents and Security Agreement dated December 8, 2017 and recorded in Book 55536, at Page 70 among the land records of Montgomery County, Maryland (the "First Deed of Trust") against the property located at 13604 Canal Vista Court, Potomac, MD 20854 (the "Property"); and

**FINDING** that Creditor's second claim is based upon a certain Commercial Flat Rate Note with Balloon Payment (the "Second Note") executed by the Debtor. Repayment of said Second Note is secured by that certain Second Deed of Trust, Assignment of Rents and Security Agreement dated December 8, 2017 and recorded in Book 55536, at Page 94 among the land records of Montgomery County, Maryland (the "Second Deed of Trust") against the Property; and

**FINDING** that Creditor filed a proof of claim evidencing the First Note and First Deed of Trust ("Claim No. 3"); and

**FINDING** that Creditor filed a proof of claim related to the Second Note and Second Deed of Trust ("Claim No. 4"); it is by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Motion is hereby GRANTED, and it is further

**ORDERED**, that the proposed settlement described in the Motion be and is hereby APPROVED; and it further

**ORDERED**, that Debtor shall pay the total sum of $899,000.00 (which equals the discounted payoff of the loan evidenced by Proof of Claim 3 in the amount of $679,020.56, plus the discounted payoff of the loan evidenced by Proof of Claim 4 in the amount of $219,979.44) to satisfy the indebtedness evidenced by Claim No. 3 and Claim No. 4 on or before March 31, 2022.

Debtor is permitted pay off the indebtedness evidenced by Claim No. 3 and Claim No. 4 in advance of March 31, 2022, and, if Debtor pays the total indebtedness evidenced by Claim No. 3 and Claim No. 4 before March 31, 2022, the total indebtedness evidenced by Claim No. 3 and Claim No. 4 shall be reduced by the per diem rate of $158.32 (which equals the discounted per diem rate of $115.27 for the loan evidenced by Proof of Claim 3, plus the discounted per diem rate of $43.05 for the loan evidenced by Proof of Claim 4).  For example, if Debtor pays off the indebtedness evidenced by Claim No. 3 and Claim No. 4 on March 20, 2022, the payoff balance of Claim No. 3 and Claim No. 4 shall be reduced by $1,741.52 (11 days x $158.32 reduced from $899,000.00) in consideration of Debtor's early pay off of the indebtedness evidenced by Claim No. 3 and Claim No. 4; and it is further

**ORDERED**, that Debtor shall pay the indebtedness evidenced by Claim No. 3 and Claim No. 4 at the same time.  Debtor shall not be permitted to pay off only the indebtedness evidenced by Claim No. 3 or Claim No. 4 at different times; and it is further

**ORDERED**, that Debtor shall be in default under this Order and under the terms of the loans evidenced by Claim No. 3 and Claim No. 4 if Debtor does not pay off the indebtedness evidenced by Claim No. 3 and Claim No. 4 as required under this Order by March 31, 2022; and it is further

**ORDERED**, that in the event Debtor defaults due to the failure of the Debtor to pay the indebtedness evidenced by Claim No. 3 and Claim No. 4 as required under this Order:

> \* Creditor shall be entitled to the full balance due under the terms of its loans evidenced by Claim No. 3 and Claim No. 4 and the balanced owed under the loans evidenced by Claim No. 3 and Claim No. 4 shall not be reduced;

> \* Creditor shall be granted immediate relief from the automatic stay of 11

U.S.C. § 362(a), which shall not be re-imposed for any reason, and any additional stay under Fed. R. Bankr. P. 4001 shall be deemed to be waived; and

* An equitable servitude shall be imposed with respect to the Property for a period of two years from the date relief from the automatic stay of 11 U.S.C. § 362(a) is granted pursuant to this Order; and

* if relief from the automatic stay of 11 U.S.C. § 362(a) and the imposition of an equitable servitude occurs under the terms of this Order, this relief shall also extend to any foreclosure purchaser of the Property to obtain possession of the Property; and it is further

**ORDERED**, that in the event Debtor's bankruptcy case identified by Case No. 19-15399-TJC is dismissed for any reason, Debtor shall be prohibited from refiling bankruptcy for a period of 180 days from the date of dismissal; and it is further

**ORDERED**, that the relief granted under this Order shall survive the dismissal of this adversary case and shall survive the dismissal or conversion of Debtor's bankruptcy case to a case under any other chapter of the United States Bankruptcy Code; and it is further

**ORDERED**, that upon the entry of this Order, Debtor and Creditor shall be deemed to have released, *with prejudice*, all claims raised by Debtor or Creditor and any and all claims that could have been raised in relationship to the claims raised by Debtor or Creditor in this adversary case and/or with respect to Claim No. 3 and Claim No. 4, and the Debtor and Creditor are hereby prohibited from raising any claims intended to be released by this Order in this Court or any other court; and it is further

**ORDERED** that the release of claims confirmed by this Order shall not otherwise impact

the validity or enforceability of the loan documents associated with the loans evidenced by Claim No. 3 and Claim No. 4; and it is further

**ORDERED**, that Debtor and Creditor shall each be solely responsible for the payment of their own attorney's fees and costs incurred in this adversary case and in Debtor's bankruptcy case referenced herein and neither party shall seek recovery of these attorney's fees and costs from the other party; and it is further

**ORDERED** that Debtor shall not file any plan in her bankruptcy case referenced herein that treats the Creditor's Claim No. 3 or Claim No. 4 differently than the treatment provided under this Order. In the event a plan is confirmed with treatment of Creditor's Claim No. 3 or Claim No. 4 that is inconsistent with the terms of this Order, the terms of this Order shall control the treatment of Creditor's Claim No. 3 and Claim No. 4; and it is further

**ORDERED**, that the terms of this Order and the relief granted under this Order shall be binding upon and insure to the benefit of the Debtor and Creditor, their agents, successors and assigns.

**AGREED AS TO FORM AND SUBSTANCE:**

/s/Benjamin P. Smith
Benjamin P Smith, Esq. (Bar No. 17680)
Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854
*Counsel for Hard Money Bankers, LLC*

/s/William C. Johnson, Jr.
William C. Johnson, Jr. (Bar No. 15651)
The Johnson Group, LLC
6305 Ivy Lane, Suite 630
Greenbelt, MD 20770
*Counsel for Trudah A. Harding*

## LOCAL RULE 9011-2(b) CERTIFICATION

I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the court are identical to those set forth In the original consent order; and the signatures represented by the /s/_____ on the copy of the consent order submitted to the Court reference the signatures of the consenting parties obtained on the original consent order.

/s/Benjamin P. Smith
Benjamin P. Smith

**Copies to:**

Benjamin P Smith, Esq.
Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854

William C. Johnson, Jr., Esq.
6305 Ivy Lane, Suite 630
Greenbelt, MD 20770

**END OF ORDER**

# **Creditor's Interest Worksheet**

Interest at a rate of 1.5 percent per month will be added to the balance due on amounts which remain unpaid thirty (30) days or more.

Attorney's Fees as of November 19, 2021 - $350,092.80

| | |
|---|---|
| Dec-21 | 355344.2 |
| Jan-22 | 360674.4 |
| Feb-22 | 366084.5 |
| Mar-22 | 371575.7 |
| Apr-22 | 377149.4 |
| May-22 | 382806.6 |
| Jun-22 | 388548.7 |
| Jul-22 | 394376.9 |
| Aug-22 | 400292.6 |
| Sep-22 | 406297 |
| Oct-22 | 412391.4 |
| Nov-22 | 418577.3 |
| Dec-22 | 424856 |
| Jan-23 | 431228.8 |
| Feb-23 | 437697.2 |
| Mar-23 | 444262.7 |
| Apr-23 | 450926.6 |
| May-23 | 457690.5 |
| Jun-23 | 464555.9 |
| Jul-23 | 471524.2 |
| Aug-23 | 478597.1 |
| Sep-23 | 485776.1 |
| Oct-23 | 493062.7 |
| Nov-23 | 500458.6 |
| Dec-23 | 507965.5 |
| Jan-24 | 515585 |
| Feb-24 | 523318.8 |
| Mar-24 | 531168.6 |
| Apr-24 | 539136.1 |
| May-24 | 547223.1 |
| Jun-24 | 555431.5 |
| Jul-24 | 563763 |
| Aug-24 | 572219.4 |
| Sep-24 | 580802.7 |

| | |
|---|---|
| Oct-24 | 589514.7 |
| Nov-24 | 598357.4 |
| Dec-24 | 607332.8 |
| Jan-25 | 616442.8 |
| Feb-25 | 625689.4 |
| Mar-25 | 635074.8 |
| Apr-25 | 644600.9 |
| May-25 | 654269.9 |
| Jun-25 | 664084 |
| Jul-25 | 674045.2 |
| Aug-25 | 684155.9 |
| Sep-25 | 694418.2 |
| Nov-25 | 704834.5 |
| Dec-25 | 715407 |
| Jan-26 | 726138.1 |
| Feb-26 | 737030.2 |
| Mar-26 | 748085.7 |
| Apr-26 | 759307 |
| May-26 | 770696.6 |
| Jun-26 | 782257 |
| Jul-26 | 793990.9 |
| Aug-26 | 805900.7 |
| Sep-26 | 817989.2 |
| Oct-26 | 830259.1 |
| Nov-26 | 842713 |
| Dec-26 | 855353.7 |