**Opinion 518**
**September 1996**
**Tex. Comm. on Professional Ethics, Op. 518, V. 59 Tex. B.J. 795 (1996)**

**QUESTION**

May an attorney enter into a contingency fee arrangement where the attorney is to be paid the greater of (a) the fee that would be charged for the same services on an hourly basis or (b) a percentage of the amount recovered for the client?

**FACTS**

Situation A: An attorney proposes to enter into an employment arrangement with a prospective client which provides that the attorney will be paid as his fee out of any recovery for the client the greater of (a) the number of hours of attorney time multiplied by his regular hourly rate plus his out-of-pocket expenses or (b) X-percent of the amount recovered, plus his out-of-pocket expenses.

Situation B: An attorney proposes to enter into an employment arrangement with a prospective client which provides that the client will pay the attorney (a) regardless of the results obtained for the client, a fee equal to the number of hours of attorney time multiplied by his regular hourly rate plus his out-of-pocket expenses, or (b) X-percent o the amount recovered, plus his out-of-pocket expenses, whichever is greater.

Under situation A, the attorney is to be paid only from a recovery for the client.  Under Situation B, even if no recovery is made the attorney is to be paid his regular hourly rate, but if a recovery is made he is to be paid the greater of X-percent o the recovery or a fee based on his usual hourly rate.

The Professional Ethics Committee does not undertake to determine the amount of fee (on a cash fee basis) or the percentage of recovery (on a contingent fee basis) that would be reasonable in a given fact situation, but assumes that under either Situation A or Situation B, the attorney proposes to charge the greater of his regular rate on a cash basis or the percentage of recovery that would normally be charged for similar services under similar circumstances on a contingent fee basis.  Presumably, the attorney would be willing to work for this client at his regular rate on a cash fee basis.

It is assumed that the contemplated attorney-client relationship is prospective only, and that the fee arrangement is entered into prior to the onset of the attorney-client relationship.

**QUESTION**

Is a fee arrangement under either Situation A or Situation B prohibited by DR 1.04?

**DISCUSSION**

DR 1.04 (a) provides:

A lawyer shall not enter into an arrangement for, charge, or collect an illegal fee or unconscionable fee.  A fee is unconscionable if a competent lawyer could not form a reasonable belief that the fee is reasonable.

DR 1.04 (b) provides that the following (along with other enumerated factors) may be considered in determining the reasonableness of a fee, but not to the exclusion of other relevant factors:

(1)  the time and labor required . . .;

. . . .

(3)  the fee customarily charged in the locality for similar legal services;

(4)  the amount involved and the results obtained;

. . . .

(8)  whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

DR 1.04 (d) provides:
A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (d) or other law. A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined.  If there is to be a differentiation in the percentage of percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, the percentage for each shall be stated.  The agreement shall state the litigation and other expenses to be deducted before or after the contingent fee is calculated.  Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement describing the outcome of the matter and, if there is a recovery, showing the remittance to the client and the method of determination.

Paragraph (e) of DR 1.04 prohibiting an attorney from entering into an arrangement for, charging or collecting a contingent fee for representing a defendant in a criminal case is not applicable to either Situation A or Situation B.

Considering all factors enumerated in DR 1.04 (including uncertainty of collection) the percentage of a recovery to be paid as a contingent fee must be reasonable.  Likewise, the amount of fee to be charged on an hourly rate must be reasonable.  If a competent lawyer could not form a reasonable belief that the fee to be charged is reasonable, the fee would be Aunconscionable≅ and DR 1.04 would be violated.

For the purpose of this opinion the Ethics Committee has assumed, without deciding, that the attorney=s regular hourly rate is reasonable on a cash fee for services basis and that the percentage of recovery proposed by the attorney is reasonable on a strictly contingent fee basis.

Comment 3 under DR 1.04 recognizes that historically lawyers have determined what fees to charge by a variety of methods, and that ACommonly employed are percentage fees and contingent fees (which may vary in accordance with the amount at stake or recovered), hourly rates, and flat fee arrangements, or combinations thereof.≅ (emphasis added) Contracting for a contingent fee in combination with an hourly fee does not in and of itself violate DR 1.04.

An agreement obligating a client to pay the attorney the greater of (a) a fee that is reasonable if determined and collectable strictly on a contingent basis or (b) the highest fee that would be reasonable based strictly on an hourly rate appears to violate DR 1.04, because (1) the uncertainty of collection normally would not be considered in arriving at a fee for services on an hourly rate and (2) a higher fee payable only out of a recovery on a contingent fee basis normally would be

justified due to the uncertainty of collection.

The result might be different if the hourly rate to be charged were less than the hourly rate that would be reasonable if the hourly rate fee were the entire or only fee to be collected, and if the percentage of the contingent fee were less than the percentage that would be reasonable absent the hourly-fee provision.  In any event, the fee to be paid under such arrangement must be reasonable, considering all factors enumerated in DR 1.04.

This opinion should not be interpreted as holding that it is a violation of DR 1.04 for an attorney to enter into a fee arrangement under which he is to be paid an hourly fee that is less than an attorney=s regular (and reasonable) hourly rate and reimbursed his out-of-pocket expenses, plus a percentage of a recovery for the client, provided that the total fee to be paid under such arrangement is reasonable, considering all the factors set in DR 1.04.

**CONCLUSION**

An attorney may not, absent very unusual circumstances that would make such an arrangement reasonable under DR 1.04, enter into a contingency fee arrangement where the attorney is to be paid the greater of (a) the fee that normally would be charged for the same services on an hourly basis or (b) the usual percent of the amount recovered for the client on a contingent fee basis.