The Johnson Law Group, LLC
William C. Johnson, Jr., Esq.
Fed. Bar No. 15651
6305 Ivy Lane
Suite 630
Greenbelt, Maryland 20770
William@JohnsonLG.Law
(301) 477-3450

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

IN RE:                                                    *

    Trudah A. Harding                          *         Case No. 25-11103

          Debtor.                              *         (Chapter 13)

                                 *
_____

**<u>AFFIDAVIT</u>**

1.  I, William C. Johnson, Jr., Affiant, am over the age of eighteen (18) and am competent to testify as to the matters contained herein and have personal knowledge of matters stated.

2.  The Debtor was faced with a foreclosure of her residence at 13604 Canal Vista Court, Potomac, Maryland 20854.  The foreclosure case was identified as *Benjamin P. Smith v. Trudah Mills Harding* - 463268-V.

3.  The parties entered a Contingency Fee Retainer Agreement whereby the Debtor was provided a strategy to achieve settlement of the outstanding mortgage balance.

4.  Pursuant to the strategy, after defending the Montgomery County, Maryland foreclosure case, the Debtor filed a Chapter 13 Bankruptcy case – 19-15399 to stop the foreclosure sale of her property.

5.  The Debtor was advised that due to her lack of income, the most feasible option was to sell the real property to achieve its Fair Market Value.

6.  The lack of income forced Debtor's Chapter 13 plan to be a "liquidating plan."

7.  On May 31, 2019. The "Hard Money Bankers, LLC" filed its First Proof of claim in the amount of $519,925.01 evidencing its secured claim against the real property identified as 13604 Canal Vista Court, Potomac, Maryland

1

20854. The claim carried a 24% Default interest rate and costs and fee. Exhibit 3.

8. On May 31, 2019. The "Hard Money Bankers, LLC" filed its Second Proof of claim in the amount of $188,955.00 evidencing its secured claim against the real property identified as 13604 Canal Vista Court, Potomac, Maryland 20854. The claim carried a 24% Default interest rate and costs and fee.

9. In furtherance of the legal strategy the Claimant filed the Bankruptcy Adversary Proceeding case no. 19-00350 to allege the claims that would cause the Mayland Foreclosure action to end.

10. The Hard Money Bankers, LLC, opposed the claims of the Debtor Trudah Harding.

11. The Hard Money Bankers, LLC claimed the outstanding balance owed to it under the two (2) Deeds of Trust was $1,774,232.00.

12. The Hard Money Bankers, LLC filed a Motion for Summary Judgment, and the Debtor opposed the Motion.  The Bankruptcy Court ruled in favor of the Debtor when it denied the Motion for Summary Judgment and urged the parties to reach a settlement.

13. After a round of negotiations, Debtor made a counteroffer to the Hard Money Bankers, LLC.

14. On or about September 17, 2021, the Hard Money Bankers, LLC agreed to the terms of the settlement negotiations.

15. On or about October 4, 2021, the Debtor was presented with the Application to Compromise Motion and Order for her review.  Exhibit 5.

16. On or about October 8, 2021, the parties reached a settlement of the Debtor Trudah Harding's claims.  The settlement required the Hard Money Bankers LLC to reduce their total claim from $1,774,232,00 to $899,000.00.

17. The value of the benefit to the Debtor was $875,232.00.

18. After entering the Settlement Agreement, Debtor requested the Claimant submit to the Court the "Address Change" exhibit as a means of further reducing the settlement amount of $899,000.00.  It was explained to the Debtor that the Court previously denied the Motion for Summary Judgment and that there would be no more submissions of exhibits.

19. On October 11, 2021, Debtor confirmed her acceptance of settlement and expressed her concern as to whether Claimant would be paid for his services.

20. The Claimant assured Debtor that he would receive payment when the property was sold.

21. On November 19, 2021, the Bankruptcy Court entered an Order granting the parties agreement to settle the Adversary Proceeding case no. 19-00350.

22. The claimant requested to be paid for services rendered in Adversary Proceeding case no. 19-00350, The Debtor objected to the payment.  The Court explained to the Debtor that she was liable for the attorney's fees in the Adversary Proceeding and fees in the Montgomery County case.

23. The Debtor withdrew her objection to the payment of Attorney's Fees.

24. The Bankruptcy Court entered an Order for the Claimant in the Bankruptcy Adversary Proceeding case no. 19-00350 to be paid the amount of $61,965.00 for services rendered in that case only.

25. The Debtor entered a real estate sales agreement with "Charity at Its Best," a non-profit philanthropic organization.  The agreement allowed the Hard Money Bankers, LLC to receive funding to pay the settlement and bankruptcy fees.

26. On March 30, 2022, the Bankruptcy Court Judge Catliota in case no. 19-15399 entered an Order allowing the Debtor to sell the real property to "Charity at Its Best."

27. On the date of the real estate closing, the title company refused to conduct the closing.  Despite the existence of the Court Order, the title company

was in disbelief that a nearly $1 million dollar loan reduction was achieved and thereby refused to close the real property sales transaction.  See

28. The Hard Money Bankers, LLC, and "Charity at Its Best" entered a note sales contract for "Charity at its Best" to purchase the underlying mortgage documents for the real property identified as 13604 Canal Vista Court, Potomac, Maryland 20854 in the amount of $899,000.00.

29. Pursuant to the agreement between the Debtor and "Charity at Its Best," the Debtor would be given one year to sell the real property to satisfy the loan used to satisfy the Bankruptcy Adversary Proceeding settlement agreement. A failure to sale the real property by the Debtor would result in "Charity at its Best" to foreclose upon the Debtor's real property.

30. On April 26, 2022, the Hard Money Bankers, LLC, through its counsel Benjamin Smith, Esq., voluntarily dismissed the Montgomery County, Circuit Court case no. 463268-V.

31. The Debtor remained liable to the claimant for the contingency fee for the resolution of Montgomery County, Circuit Court case no. - 463268-V.

32. On April 26, 2022, the Debtor Trudah Harding dismissed the Bankruptcy case identified as 19-15399.

33. The parties communicated sparingly to determine the status of the real property or refinancing efforts by the Debtor.

34. In February of 2024, the "Charity at its Best" informed the Debtor of its intent to foreclose upon the Debtor's real property.

35. On or about April 2, 2024, Benjamin Smith instituted foreclosure proceedings against Debtor in Montgomery County, Maryland identified as case no. C-15-CV-24-001508.

36. On or about November 12, 2024, the Debtor filed a Civil Action in D.C. Superior Court, case no. – 2024-CAB-7124 alleging "Legal Malpractice." The Debtor's primary claim rests upon her belief that she was forced to accept a settlement of $899,000.00 because an exhibit was not introduced

in settlement negotiations.   The Claimant filed a counter-claim alleging Breach of Contract.

37. On February 10, 2025, the debtor filed the instant bankruptcy case seeking relief under Chapter 13.

38. On July 16, 2025, the debtor added the claim of William Johnson for $208,892.00 to the Voluntary Petition as disputed for "alleged legal services."

39. On or about January 29, 2026, the "Charity at its Best" foreclosed upon the Debtor's real property.

## OATH

**I HEREBY CERTIFY** under penalty of perjury and upon personal knowledge all statements contained herein that the contents of the foregoing is true and correct and that I am competent to testify as to all matters contained in this Affidavit.

May 14, 2026                                  */s/ William C. Johnson, Jr.*
                                             William C. Johnson, Jr., Esq.
                                             6305 Ivy Lane
                                             Suite 630
                                             Greenbelt, Maryland 20770
                                             William@JohnsonLG.Law
                                             (202) 431-2650