**IN THE UNITED STATES BANKRUPTCY COURTn**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| In re )<br><br>Trudah A. Harding )<br> )<br>     Debtor. )<br>_____ ) | No. 25-11103-MCR<br>Chapter 13 |

## DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM STAY AND ORDER TO SHOW CAUSE

NOW COMES Debtor, Trudah Harding, through counsel, and responds as follows to Mr. Johnson's Motion for Relief from Stay and the Court's Order to Show Cause.

Pending in this Court is Debtor's objection to a proof of claim for legal fees filed by William Johnson ("Mr. Johnson"), which has been fully briefed on cross-motions for summary judgment, and in the unlikely event of a material factual issue, is fully ready to be tried.   On the eve of the scheduled trial and hearing on the summary judgment motions, the Court issued its Order to Show Cause why the Court should not abstain and lift the stay to permit the matter to be litigated in the D.C. Superior Court.    Meanwhile, Debtor filed, pre-petition (on November 12, 2024), a *pro se* action against Mr. Johnson for legal malpractice.    He filed in that case a counterclaim for fees (which the Order to Show Cause refers to as the "Breach of Contract Action") on April 7, 2025, after the instant case was filed on February 10, 2025.  Once he was given notice of the bankruptcy, he then sought leave to file a late proof of claim, which was granted.   Debtor objected to that claim, and, as stated, the claim objection is ready for decision on the merits, either by trial or summary judgment.

This Court in its Order to Show Cause stated "the Breach of Contract Action relates to

the same issues addressed in the Claim Objection and related pleadings."   However, the "Breach of Contract Action" does not legally exist.   It was filed while the automatic stay was in effect (although purportedly while Mr. Johnson was unaware of the pendency of this case), rendering that counterclaim a nullity.  *Kochhar v. Bansal,* 110 A. 3d 815, 222 Md. App. 32 (2015); *In re Miller*, 10 B.R. 778, 780 (Bankr. D. Md. 1981) ("An action taken in violation of the stay is void ab initio whether it is taken with knowledge of the stay or without.").   Debtor was ordered to show cause "why the automatic stay imposed by Section 362(a) of the Bankruptcy Code should not be modified in the Debtor's case to allow the Breach of Contract Action to proceed until its conclusion with respect to the determination of the validity and amount of the Claim," but as a legal matter, there is no "Breach of Contract Action."

Moreover, as the Court will see from Mr. Johnson's summary judgment motion in the DC Superior Court (attached hereto as Exhibit 1), the claim objection and that malpractice case are not particularly related.   The malpractice case (being handled pro se) relates to negligence or breach of fiduciary duty in handling the litigation and settlement with Hard Money Bankers. The Objection to Proof of Claim relates primarily to the fact that this Court (Catliota, J.) ***already ruled on*** and granted Mr. Johnson's fees and that the claim for fees is *res judicata*.   It relates to the interpretation of *this Court's* order and its scope, and the requirements for disclosure and approval of fees in *this Court*.   The two matters do not arise out of the same operative facts. Debtor is *not* contending here that fees are not owed due to any issues related to the quality of the representation provided.   Those issues are being adjudicated in the Superior Court case.   As such, the two matters should be heard separately, the fee issue in this Court and the malpractice issue in DC Superior Court.

While the malpractice litigation is at best "related to" this case, the objection to the proof of claim is a core proceeding.  28 U.S.C.  § 157(b)(2)(B). As such, mandatory abstention under 28 U.S.C. § 1334(c)(2) is improper ("related to a case under title 11 but not arising under title 11 or arising in a case under title 11").[1]

Discretionary abstention is also improper.  "Abstention is a narrow exception to the exercise of a court's federal jurisdiction. *In re Kesar Enterprises, Inc.,* 330 B.R. 756, 761 (Bankr.W.D.Mo.2005); *See also Krigel's Inc. v. ARY Jewelers, L.L.C., et al.,* 263 B.R. 280, 286 (Bankr.W.D.Mo.2001) (citing *In re Phelps Tech. Inc., et al. v. Welsh, et al. (In re Phelps Technologies, Inc.),* 238 B.R. 819, 822-23 (Bankr.W.D.Mo.1999)) ("[F]ederal courts generally should exercise their jurisdiction if it is properly conferred and ... abstention is the exception rather than the rule.")." *In re Casarotto*, 407 B.R. 369, 375 (Bankr. W.D. Mo. 2009).

A bankruptcy court plainly has jurisdiction to interpret its own prior orders.  *Travelers Indem. Co. v. Bailey*, 557 U.S. 137 (2009), citing *Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934).  "A bankruptcy court is undoubtedly the best qualified to interpret and enforce its own orders … and, therefore, should not abstain from doing so."  *In re Texaco Inc.*, 182 B.R. 937, 947 (Bankr. S.D.N.Y. 1995), quoting *Chicago, Milwaukee, St. Paul & Pacific Railroad Co.*, 6 F.3d 1184, 1185-86 (7th Cir.1993) ("[B]ecause the district court can decide as a matter of federal bankruptcy law whether the Minnesota litigation violates the consummation order without the need to decide any issue of state law, we find that the court abused its discretion by abstaining"); *Id.* at 1194 ("the reorganization court should not abstain from interpreting its own consummation order absent extraordinary circumstances").  A Bankruptcy Court "is the logical place to have its own order

---

[1] The Order to Show Cause only references § 1334(c)(1), so Debtor understands that the Court is not viewing this as mandatory abstention in any event.

interpreted." *Casarotto*, 407 B.R. at 376, citing *In re Apex Oil Co., Inc.,* 406 F.3d 538 (8th Cir. 2005) ("The bankruptcy court is in the best position to interpret its own orders."); *In re Eveleth Mines, LLC.,* 312 B.R. 634, 641-42 (Bankr. D.Minn.2004) ("As a general matter, a court has the authority to interpret, clarify, apply, and enforce its own orders, especially where its jurisdiction to enter the original order was not and is not at issue."); *Koehler v. Grant,* 213 B.R. 567, 569 (8th Cir. BAP 1997) ("... [i]t is well-established that courts retain jurisdiction to enforce their own orders.").

Here, Debtor's principal argument is that Judge Catliota's fee order is *res judicata*, and that all the fees to which Mr. Johnson was entitled are encompassed in that Order. That is for *this* Court, not the D.C. Superior Court to decide.

Apart from the inappropriateness of a Court abstaining on the interpretation of its own orders, the factors that have been identified for discretionary abstention include: (1) efficiency in the administration of the debtor's estate; (2) the extent to which state issues predominate over bankruptcy issues; (3) whether the issues involve difficult or unsettled questions of state law that would be better addressed by a state court; (4) the presence of a related proceeding commenced in state court; (5) the existence of a jurisdictional basis other than Section 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court; (9) the burden of the federal court's docket; (10) the likelihood that the commencement of the proceeding in federal court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) whether non-debtor parties are involved in the proceeding. *In re Railworks Corp.,* 345 B.R. 529, 540, n.6 (Bankr. D. Md. 2006). These factors should be applied on a case by case basis with no one factor necessarily determinative. *Barge v. Western Southern Life Ins. Co.,* 307 B.R.

541, 547 (S.D. W. Va. 2004).

Taking each in turn, "efficiency in the administration of the debtor's estate" argues against abstention.  This matter is fully briefed and ready for decision in this Court.  In the unlikely event that there is a material issue of fact, it is ready for trial.  The DC Superior Court case will take at least several months to resolve, all while this one issue is holding up confirmation of Debtor's plan.  Furthermore, Debtor is *pro se* in the Superior Court case.  She cannot afford counsel to handle that case (and as it is the same case as the malpractice case, it is highly unlikely that counsel could appear only in defense of the counterclaim).  That will add significant levels of inefficiency, to say the least.

Next, as set forth above, state issues in no way predominate over bankruptcy issues.  While the secondary statute of limitations issue may relate to state law, it is really a simple issue, and the principal issues of the Order approving the fees and the related issues re disclosure of fees in bankruptcy are bankruptcy law issues.

There are no "difficult or unsettled questions of state law that would be better addressed by a state court."  Again, the statute of limitations is not a complicated issue.

There is no "related proceeding commenced in state court" because the "Breach of Contract Action" is a nullity, as explained above, and the malpractice case is only tangentially related (and does not turn on any related factual or legal issue).

It is unclear whether there is a jurisdictional basis other than Section 1334 because it is not clear whether diversity of citizenship exists.  While Mr. Johnson's current office is in Maryland, it is not presently known where he resides.

As for "the degree of relatedness or remoteness of the proceeding to the main bankruptcy

case," this matter is fundamentally core to this bankruptcy case because it determines the largest claim against the estate, and it turns on matters of bankruptcy law and procedure.

As for the "substance rather than form of an asserted 'core' proceeding," this is a proof of claim that itself turns on issues of bankruptcy law and procedure.  It is about as core as a core proceeding can be.

Regarding "the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court," the malpractice claim is effectively severed.  As for severing any aspect of the claim objection, if there are state law issues remaining after the bankruptcy issues are decided, perhaps they could be then referred to the DC Superior Court, *but* that will substantially delay the administration of Debtor's case, as confirmation of her plan depends on this claim being disallowed.

There is no burden on this Court's docket.   The matter is fully briefed and ready for decision.

There is no "likelihood that the commencement of the proceeding in federal court involves forum shopping by one of the parties."  Debtor was unaware that Mr. Johnson had a claim for fees when she chose to file bankruptcy in this Court.  Mr. Johnson then elected to file a proof of claim, and at that point this Court became the only forum for resolution of that claim.

While there may be a right to a jury trial (it appears that Mr. Johnson did demand one in Superior Court), Mr. Johnson waived that right by filing the proof of claim. *Langenkamp v. Culp,* 498 US 42 (1990); *Katchen v. Landy,* 382 US 323 (1966).  Further, jury trials only resolve disputed factual issues; this matter should be resolved on summary judgment as there are no genuine issues of material fact.   Further, under DC Bar Rule XIII, Mr. Johnson impliedly agreed to arbitrate this

matter before the DC Bar Attorney-Client Arbitration Board if demanded by Debtor (which she will likely do if the stay is lifted), waiving his right to a jury trial. *See BiotechPharma v. Ludwig & Robinson, PLLC*, 98 A. 3d 986 (D.C. 2014).

While Mr. Johnson is a non-debtor party involved in the proceeding, he filed the proof of claim. As such, that factor is also a non-issue.

There are simply none of the *Railworks* factors that point towards abstention, and as such, abstention is unwarranted. Accordingly, the Debtor has shown cause as directed, and Mr. Johnson's Motion for Relief from Stay should, for the same reasons, be denied.

WHEREFORE, Debtor respectfully requests that the Court not abstain, and deny the requested relief from the automatic stay.

Dated: July 8, 2026.

Respectfully submitted,


＿＿/s/Daniel M. Press＿＿＿＿＿
Daniel M. Press #07300
CHUNG & PRESS, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
(703) 734-3800
dpress@chung-press.com
Counsel for Debtor


**CERTIFICATE OF SERVICE**

I certify that on the 8th day of July, 2026, the foregoing Response was served on the Claimant and all other parties requesting notice by CM/ECF as follows:

Seth W Diamond sdiamond@shulmanrogers.com, w.sr69548@notify.bestcase.com

Rebecca A. Herr ecf@ch13md.com

William C. Johnson wcjjatty@yahoo.com, wjohnson@dcmdconsumerlaw.com, johnsonwr90391@notify.bestcase.com

Benjamin Smith bsmith@shulmanrogers.com, vdeguzman@shulmanrogers.com, MZawalick@shulmanrogers.com, tlong@shulmanrogers.com, cwarren@shulmanrogers.com, rparadis@shulmanrogers.com

       /s/Daniel M. Press       
Daniel M. Press