The Johnson Law Group, LLC
William C. Johnson, Jr., Esq.
Fed. Bar. No. 15651
6305 Ivy Lane, Suite 630
Greenbelt, Maryland 20770
(202) 525-2958
Fax (301) 288-7473
William@JohnsonLG.Law

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| IN RE: | * | |
|     Trudah A. Harding | * | Case No. 25-11103 |
|         Debtor. | * | (Chapter 13) |
| _____ | * | |

**RESPONSE TO ORDER TO SHOW CAUSE WHY THIS COURT SHOULD NOT ABSTAIN FROM EXERCISING JURISDICTION WITH RESPECT TO DEBTOR'S OBJECTION TO THE CLAIM FILED BY WILLIAM C. JOHNSON, JR. AND CANCELLING JUNE 29, 2026 HEARING ON CLAIM OBJECTION**

**COMES NOW**, the Claimant William C. Johnson, Jr., pursuant to the Court's Order of June 24, 2026, [Dkt. No. 158], hereby file the Response to Order to Show Cause Why this Court Should Not Abstain from exercising jurisdiction with respect to Debtor's Objection to the Claim of William C. Johnson, Jr. and Cancelling June 29, 2026 Hearing on Claim Objection. It is the position of the Claimant William C. Johnson, Jr. that this honorable Court should abstain from exercising jurisdiction with respect to the debtor's objection to the claim filed by William C. Johnson, Jr. In support thereof, the claimant states as follows:

**I. Background**

1. On or about November 12, 2024, the Debtor filed a Civil Action in D.C. Superior Court, case no. – 2024-CAB-7124 alleging "Legal Malpractice." The Debtor's primary claim rests upon her belief that she was forced to accept a settlement of $899,000.00 because an exhibit was not introduced in settlement negotiations. The Claimant filed a counter-claim alleging Breach of Contract.

1

2. On February 10, 2025, the debtor filed the instant bankruptcy case seeking relief under Chapter 13. [Dkt. No. 1].

3. The D.C. Superior Court case has been bifurcated where the debtor's Legal malpractice case has been allowed to proceed while the Breach of Contract action has been stayed.

4. On July 16, 2025, the debtor added the claim of William Johnson for $208,892.00 to the Voluntary Petition as disputed for "alleged legal services." [Dkt. No. 77].

5. The debtor identified the debt as "disputed" and "unliquidated."

6. On December 29, 2025, the Claimant filed Proof of Claim No. 7-1, which asserts a general unsecured claim in the amount of $715,407 for attorney's fees (the "Claim").

7. On January 9, 2026, the Debtor filed an Objection to Proof of Claim #7 (William C. Johnson, Jr.) [Dkt. No. 132] (the "Claim Objection").

8. The objection to the Proof of Claim essentially sought to address the Claimant's cause of action in the D.C. Superior Court case.

9. On June 22, 2026, the D.C. Superior Court Judge Becker entered an Order instructing the claimant to file a Summary Judgment motion on or before July 6, 2026.

10. The Claimant filed a Motion for Relief from the Automatic Stay seeking to continue pursuing the Breach of Contract claim in D.C. Superior Court.

### Relief Sought

11. The claimant seeks to pursue the prosecution of the Breach of Contract in the D.C. Superior Court.

12. The Debtor requests this honorable Court: 1) grant the Motion for Relief from the automatic stay, and 2) abstain from the exercise of jurisdiction with respect to the debtor's objection to the claim filed by William C. Johnson, Jr.

## Argument

13. In support of the claimant's filed "Motion for Relief from the Automatic Stay," the Court should be made cognizant of : 1) Mandatory Abstention and 2) Permissive Abstention.

**A. The Case for Mandatory Abstention.**

14. Abstention is mandatory when: (1) the proceeding is based on a state law cause of action; (2) the proceeding relates to a Title 11 case but is not a core proceeding; (3) the proceeding could not have been commenced in federal court absent jurisdiction provided by Section 1334 of Title 28; and (4) the proceeding is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction. 28 U.S.C. § 1334(c)(2); *Hoge v. Moore (In re Railworks Corp.*), 345 B.R. 529, 539-40 (Bankr. D. Md. 2006).

15. The burden of proof with regard to both remand and abstention lies with the party advocating for remand and/or abstention. *In re Pettus Properties, Inc.*, 2012 WL 956915 at 3 (Bankr. W.D.N.C. Mar. 20 2012).

16. The record supports that Claimant William C. Johnson, Jr. has met his burden of proof with respect to mandatory abstention. It is not remotely a close call.

17. All of the *Railworks* factors apply to the Breach of Contract action filed in the D.C. Superior Court.

18. In fact, the Breach of Contract Complaint is not a core proceeding is not even "related to" the Debtor's bankruptcy case in light of the impending dismissal of the Debtor's Objection to the Proof of Claim.

19. The Breach of Contract Complaint is entirely based on District of Columbia law, and not a core proceeding.

3

20. The Breach of Contract case could not have been filed in the District Court or the Bankruptcy Court, and can be timely adjudicated by the State Court, which presides over Breach of Contract matters.

## B.  The Case for Permissive Abstention

21.  The Court has an alternative bases for abstention in the form of "Permissive Abstention."

22. Pursuant to Section 1334(c)(1) of Title 28 of the United States Code, which provides:

> [N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

> 28 U.S.C. § 1334(c)(1).

23. The concurrent jurisdiction of the D.C. Superior Court will promote judicial efficiency as the discovery in the case has been closed and the parties are in the process of filing Summary Judgment motions.

24. The Breach of Contract Action relates to the same issues addressed in the Claim Objection and related pleadings, it would be appropriate for the Court to abstain from exercising jurisdiction with regard to the Claim Objection.

25. This Court should allow the Breach of Contract Action to proceed until its conclusion with respect to the determination of the validity and amount of the Claim.

26. Courts have identified numerous factors for a court to consider in determining whether to exercise discretion to abstain, including:

4

(1) the efficiency in the administration of the debtor's estate;

(2) the extent to which state issues predominate over bankruptcy issues; (3) whether the issues involve difficult or unsettled questions of state law that would be better addressed by a state court;

(4) the presence of a related proceeding commenced in state court;

(5) the existence of a jurisdictional basis other than Section 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than form of an asserted "core" proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court;

(9) the burden on the federal court's docket;

(10) the likelihood that the commencement of the proceeding in federal court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial; and

(12) whether non-debtor parties are involved in the proceeding.

*Railworks*, 345 B.R. at 540 n.6.

27. This honorable Court should apply these factors on a case-by-case basis with no one factor necessarily determinative of the outcome. *Barge v. Western Southern Life Ins. Co.,* 307 B.R. 541, 547 (S.D.W. Va. 2004).

28. "Although abstention is the exception rather than the rule, the decision to abstain is within the sound discretion of the court." *Id*.

29. Given the Claimant's pending Motion for Relief from the Automatic Stay, this honorable Court should incorporate the requirement of abstention in granting the motion.

**WHEREFORE**, the debtor respectfully requests this Court to enter an Order:

(A)   Granting the movant's Motion for Relief of Stay pursuant to 11 U.S.C. 362(a);

(B)   Abstain from exercising jurisdiction with respect to the debtor's objection to the claim filed by William C. Johnson, Jr., and

(C)    For any other relief deemed necessary and proper.


July 8, 2026                                  */s/ William C. Johnson, Jr.*
                                             The Johnson Law Group, LLC
                                             William C. Johnson, Jr., Esq.
                                             Fed. Bar. No. 15651
                                             6305 Ivy Lane, Suite 630
                                             Greenbelt, Maryland 20770
                                             (301) 477-3450
                                             Fax (301) 288-7473
                                             William@JohnsonLG.Law


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 8, 2026, a copy of the foregoing was sent via ECF to the following:

Trudah Harding
Daniel M. Press
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
(703) 734-0590 fax
dpress@chung-press.com

All entitled to Notice on Mailing Matrix

July 8, 2026                                  */s/ William C. Johnson, Jr.*
                                             William C. Johnson, Jr., Esq.

6